# EXHIBIT
# A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MEIJER, INC., MEIJER DISTRIBUTION, INC., LOUISIANA WHOLESALE DRUG CO., INC., ROCHESTER DRUG CO-OPERATIVE, INC., VALLEY WHOLESALE DRUG COMPANY, INC., AMERICAN SALES COMPANY, INC., SAJ DISTRIBUTORS, INC., and STEPHEN L. LaFRANCE HOLDINGS, INC., on behalf of themselves and all others similarly situated, | No. 05 Civ. 2195 (CKK) |
| Plaintiffs, | |
| v. | |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., | **DECLARATION OF LAURENCE DOUD** |
| Defendants. | |

I, Laurence Doud do declare as follows:

1.    My name is Laurence Doud and I am the Chief Executive of Rochester

Drug Cooperative ("RDC"), a plaintiff in this litigation.

2.    Rochester Drug Cooperative purchased Ovcon-35 directly from defendant

Warner-Chilcott for many years and continues to do so today.

3.    I have reviewed the Document Requests and Interrogatories propounded

by Defendant Barr Pharmaceuticals, Inc. as well as the responses and

objections prepared by RDC in response to these discovery requests.

4.    I understand that Barr is seeking to compel the production of documents

and data reflecting RDC's sales of Ovcon-35 and all other oral

contraceptives to its customers. I further understand that Barr is seeking

information concerning RDC's profitability on these downstream sales transactions.

5.    Gathering and producing the documents and data requested by Barr in the disputed discovery requests at issue would be enormously burdensome to RDC and, I would imagine, to any direct purchaser. For example, in Document Request No. 2, Barr seeks "[a]ll documents relating to your sales of Ovcon 35, including but not limited to pharmacy logs, customer lists, price lists, contracts, purchase orders, bills of lading, invoices, bills, checks received, receipts, and all other documents or data reflecting the amounts of Ovcon 35 you sold, the prices charged for Ovcon 35 you sold including all applicable rebates, discounts, chargebacks, offsets, and allowances, the amount of any insurance or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) that provided coverage, and the total amount the customer paid." Interrogatory No. 4 seeks largely identical information in the form of an interrogatory. Just responding to Request No. 2 or Interrogatory No. 4 – to say nothing of the other Requests and Interrogatories seeking additional forms of the downstream sales information at issue -- would involve the expenditure of literally hundreds of hours of RDC personnel's time in locating and gathering tens of thousands of pages of paper documents (which are largely contained in boxes where they are stored among other documentation of transactions involving wholly-unrelated drugs and other products, from which they

would have to be separated) and electronic data. Searching for and locating, to say nothing of reviewing, the wide array of paper and electronic documentation sought by Request No. 2 alone would disrupt RDC's day-to-day business operations for weeks, even if performed with the assistance of counsel. Document Request No. 3 poses an even greater burden, and would require RDC (and, I imagine, every other direct purchaser plaintiff) to determine and provide the same information required by Request No. 2, but this time relating not to our resale of Ovcon 35 (which is burdensome enough), but to our *customers'* resale of Ovcon 35. Gathering such information from our customers would involve even greater time and effort. Document Requests Nos. 4, 6, and 10 and the pertinent portion of Document Request No. 16 substantially magnify that already-enormous burden by expanding our obligation to providing information regarding sales of drugs other than Ovcon 35. The other disputed Interrogatories add more to that burden still.

6.     As part of my responsibilities at RDC, I have overseen recent similar antitrust challenges to manufacturers' alleged efforts to forestall or delay generic competition. RDC has *never* been required to produce downstream discovery in these other cases, many of which resulted in RDC's recovering significant overcharges.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

3

Dated:    September 25, 2006

LAURENCE DOUD

4