# EXHIBIT

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., MEIJER DISTRIBUTION, INC., LOUISIANA WHOLESALE DRUG CO., INC., ROCHESTER DRUG CO-OPERATIVE, INC., VALLEY WHOLESALE DRUG COMPANY, INC., AMERICAN SALES COMPANY, INC., SAJ DISTRIBUTORS, INC., and STEPHEN L. LaFRANCE HOLDINGS, INC., <br><br> on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No: 1:05-CV-02195-CKK <br><br> Judge Colleen Kollar-Kotelly <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |
| WALGREEN CO., ECKERD CORPORATION, MAXI DRUG, INC., d/b/a BROOKS PHARMACY, THE KROGER CO., ALBERTSON'S, INC., SAFEWAY, INC., AND HY-VEE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No: 1:06-CV-00494 (CKK) <br><br> Judge Colleen Kollar-Kotelly <br><br> JURY TRIAL DEMANDED |

### BARR PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER PLAINTIFFS

Pursuant to FED. R. CIV. P. 34, Barr Pharmaceuticals, Inc. ("Barr") hereby submits its first request for production of documents to the Direct Purchaser Plaintiffs. For purposes of these document requests, the Direct Purchaser Plaintiffs are defined as Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., Valley Wholesale Drug Company, Inc., American Sales Company, Inc., SAJ Distributors, Inc., Stephen L. LaFrance Holdings, Inc., Walgreen Company, Eckerd Corporation, Maxi Drug, Inc., d/b/a Brooks Pharmacy, The Kroger Co., Albertson's, Inc., Safeway, Inc., and Hy-Vee, Inc., including their current and former affiliates, subsidiaries, agents, and representatives.

Barr requests that each of the Direct Purchaser Plaintiffs produce the following documents and things for inspection at the offices of Kirkland & Ellis, 655 Fifteenth Street, N.W., Suite 1200, Washington, DC 20005, or at such place as may be agreed upon by counsel. In accordance with FED. R. CIV. P. 34, each Direct Purchaser Plaintiff shall submit separate responses to the following document requests within thirty (30) days, or by June 26, 2006. Each document request is subject to the Definitions and Instructions set forth below.

### DEFINITIONS AND INSTRUCTIONS

1. If you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object.

2. "You," "your," and "plaintiffs" mean Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., Valley Wholesale Drug Company, Inc., American Sales Company, Inc., SAJ Distributors, Inc., Stephen L. LaFrance Holdings, Inc., Walgreen Company, Eckerd Corporation, Maxi Drug, Inc., d/b/a Brooks Pharmacy, The Kroger Co., Albertson's, Inc., Safeway, Inc., and Hy-Vee, Inc., including

their current and former affiliates, subsidiaries, agents, and representatives, both individually and collectively.

3. "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone else.

4. "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection

with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reflecting, reporting, stating, or summarizing.

5. "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral or written information between one or more persons or entities.

6. "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which you have knowledge.

7. "Litigation" refers to the above-captioned cases.

8. "Warner Chilcott" means Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd., as well as their current and former parents, subsidiaries, and affiliates.

9. "Barr" means Barr Pharmaceuticals, Inc., as well as its current and former parents, subsidiaries, and affiliates.

10. "Third party" or "third parties" means any person or entity other than Barr, Warner Chilcott, or plaintiffs, including, but not limited to, those persons and entities identified by plaintiffs in their Initial Disclosures, manufacturers, wholesalers, distributors, retailers, state attorneys general offices, formularies, insurers, the Food and Drug Administration, the Federal Trade Commission, third-party payors, consumers, physicians, nurses, and other health care providers.

11. "Combined Hormonal Contraceptive" or "CHC" means any prescription pharmaceutical used to prevent pregnancy that contains hormones, including, but not limited to, Ovcon 35, oral contraceptives, transdermal patches, vaginal rings, and pills.

12. "Ovcon 35" is an oral contraceptive used to prevent pregnancy that is sold by Warner Chilcott, and is used herein in the same manner as it is used in plaintiffs' Complaints.

13. "Transaction" means Warner Chilcott's option to license, and its exercise of the option to license Barr's ANDA for a generic form of Ovcon 35, and the related supply agreement between Warner Chilcott and Barr.

14. You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any response from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Each document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction.

15. If any privilege is claimed as a ground for not producing a document or tangible thing, provide a privilege log describing the basis for the claim of privilege and all information necessary for defendants and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5). Separately, for each document and attachment withheld or redacted, the log shall include the following: (i) specific grounds for the claim of privilege; (ii) the title of the document or attachment; (iii) the date of the document or attachment; (iv) the author of the document or attachment; (v) the addressees and recipients of the document or attachment or any copy thereof (including persons "cc'd," "bcc'd" or "blind

cc'd"); (vi) a description of the subject matter of the document or attachment in sufficient detail to assess the claim of privilege; (vii) the bates range or page length of the document or attachment; and (viii) the Requests to which the document or attachment are responsive.

16. Whenever necessary to bring within the scope of a request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

    a) Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the request more inclusive;

    b) Construing the singular form of any word to include the plural and the plural form to include the singular;

    c) Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

    d) Construing the masculine form to include the feminine form;

    e) Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters; and,

    f) Construing negative terms to include the positive and vice versa; and

    g) Construing "include" to mean include or including "without limitation."

17. Each request is propounded separately upon each named plaintiff and requires a separate response from each plaintiff.

18. Documents requested are those in the actual or constructive possession, custody, or control of plaintiffs, or anyone acting on behalf of a plaintiff.

19. These document requests are continuing in nature, up to and during the course of trial. Documents and tangible things sought by these requests that you obtain after you

serve your answers must be produced to counsel for Defendants by supplemental answers or productions pursuant to Federal Rule of Civil Procedure 26(e).

20.     The relevant time period for these requests is from January 1, 2000 through the date of this request, unless otherwise stated.

## DOCUMENT REQUESTS

1.     All documents relating to your purchases of Ovcon 35, including but not limited to inventory logs, price lists, contracts, purchase orders, bills of lading, invoices, bills, canceled checks, receipts, and all other documents or data reflecting the amounts of Ovcon 35 you purchased, the prices you paid for the Ovcon 35 you purchased, and all applicable rebates, allowances, offsets, chargebacks, or discounts relating to the Ovcon 35 you purchased.

2.     All documents relating to your sales of Ovcon 35, including but not limited to pharmacy logs, customer lists, price lists, contracts, purchase orders, bills of lading, invoices, bills, checks received, receipts, and all other documents or data reflecting the amounts of Ovcon 35 you sold, the prices charged for Ovcon 35 you sold including all applicable rebates, discounts, chargebacks, offsets, and allowances, the amount of any insurance or other health benefit co-payment(s) that applied to the transaction, the name of each insurance carrier or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) that provided coverage, and the total amount the customer paid.

3.     All documents relating to the resale of Ovcon 35 by your direct or indirect customers, including all available information for each sale, such as the date and location of the transaction, the name of the customer, the quantity of Ovcon 35 sold, the price charged per unit, and the amount of any discounts, coupons, or rebates that the customer received.

4.  All price lists and other documents identifying the prices you charge for all of the Combined Hormonal Contraceptives you sell, including all applicable rebates, discounts, chargebacks, offsets and allowances.

5.  All documents identifying the prices you pay for all of the Combined Hormonal Contraceptives you sell, including all applicable rebates, discounts, chargebacks, offsets, and allowances.

6.  All documents relating to how you decide which Combined Hormonal Contraceptives to sell and how to price Combined Hormonal Contraceptives, including: (i) whether or not to stock both brand-name and generic versions of a given Combined Hormonal Contraceptive; (ii) whether or not to stock more than one generic version or label of a given brand-name product; (iii) whether or not to stock a brand-name product but not its AB-rated generic counterpart; (iv) whether or not to stock a generic Combined Hormonal Contraceptive but not its brand-name counterpart; (v) how much to charge for generic and brand-name oral contraceptives; and (vi) how much to differentiate between the prices charged for generic and brand-name versions of a given Combined Hormonal Contraceptive product.

7.  All documents relating to competition among Combined Hormonal Contraceptives, including Ovcon 35.

8.  All documents relating to a generic form of Ovcon 35, including whether or not you might purchase a generic form of Ovcon 35 if one became available.

9.  All documents relating to the impact that drug product detailing of Combined Hormonal Contraceptives had or has on your business, including, but not limited to, the practice of providing free drug product samples to medical professionals who in turn provide those free samples to their patients.

10. All documents relating to insurance coverage and reimbursements, co-payments, third party payor coverage, and other health benefit coverage for Ovcon 35, including, but not limited to, communications with insurance companies, health maintenance organizations, managed care organizations, third party payors, pharmacy benefit managers, state and federal governments, and others.

11. All documents concerning any assignment of rights or other transfer of interests relating to your participation in this Litigation.

12. All documents relating to or reflecting your communications with third parties, including, but not limited to, the Federal Trade Commission and State Attorneys General offices, that relate to Ovcon 35, your participation in this Litigation, or any of the Defendants in this Litigation.

13. All documents relating to damages you claim to have suffered, including calculations of the total amount of damages claimed and how such damages were calculated.

14. All sworn testimony given by you, or any of your agents or representatives in their capacity as such, in any litigation relating to prescription drugs or prescription drug benefits.

15. All documents relating to each instance in which a government entity or agency has accused, charged, or convicted you of a crime or other violation of law.

16. All documents relating to any contract, agreement, or understanding with a third party in which you or the third party agreed to purchase, sell, manufacture, supply, or distribute any pharmaceutical product on an exclusive basis.

17. All documents relating to this Litigation and your decision to participate in this Litigation.

18. All documents relating to any manner of payment or compensation you have received or expect to receive as a result of your participation in this Litigation.

19. All documents relating to any of the following individuals or entities: Stephanie Cohen, Sunda Croonquist, Vista Healthplan, Inc., and United Food and Commercial Workers Central Pennsylvania Health and Welfare Fund.

20. All expert reports, and other materials or documents which were reviewed or relied upon, in whole or in part, by any expert you expect to call or may call to testify in this Litigation at any time, including, but not limited to, class certification proceedings, summary judgment proceedings, and trial.

21. All documents you intend to use in support of your allegations in this Litigation.

22. All documents not mentioned above that relate to Ovcon 35 or this Litigation.

Date: May 23, 2006

Respectfully submitted,

_____
Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Chong S. Park (D.C. Bar # 463050)

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, District of Columbia 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*