# EXHIBIT H

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE CARBON DIOXIDE INDUSTRY
ANTITRUST LITIGATION

Case No. M.D.L. 92-940

THIS DOCUMENT RELATES TO
ALL ACTIONS

## ORDER

This case comes before the Court at a telephonic hearing on December 9, 1992, to consider Class Plaintiffs' Objections to Defendants' Joint Interrogatories to Class Plaintiff Relating to Class Certification and Class Plaintiffs' Objections to Defendants' Joint Document requests to Class Plaintiffs Relating to Class Certification.

The following issues were addressed:

1. Plaintiffs objected to Defendants' request for information pertaining to the engagement of counsel in this case on attorney-client privilege grounds. Plaintiffs submitted three documents to the Court for *in camera* review, and the Court determined that the documents were in fact engagement letters of counsel. Defendants indicated that they did not request production of these three items.

2. Defendants sought to compel production of documents described in Document Request No. 4 pertaining to the resale of

1

06-30-94   12:25   ☎215 5  0958           MEREDITH & COHEN → SPECKS GOLDBERG   ☒003/004

carbon dioxide. In their Response to that request, Plaintiffs stated that they would produce the documents to the extent they exist. Plaintiffs confirmed at the telephonic conference that these documents would be produced, and that there was no objection by Plaintiffs to Document Request No. 4. Therefore, there is no issue for the Court to determine.

3. Plaintiffs objected to Defendants' Document Request No. 9 which relates to the resale of carbon dioxide. Plaintiffs argued that the information was neither relevant to class certification nor reasonably calculated to lead to the discovery of admissible evidence. In _Hanover Shoe, Inc. v. United Shoe Machinery Corp._, 392 U.S. 481 (1968) the Supreme Court rejected as a matter of law the "pass-on defense" under which antitrust defendant's had argued that the direct purchasers were not the injured party because they "passed on" the inflated prices to indirect purchasers.[1] In _Illinois Brick Co. v. Illinois_, 431 U.S. 720 (1979), the Court also rejected the use of "pass-on theories" offensively. The Court held that indirect purchasers lack standing to sue antitrust defendants; only direct purchasers may bring antitrust claims.

Therefore, Defendants' Document Request No. 9 concerning the resale by Plaintiffs of carbon dioxide is not relevant to class certification, and Plaintiffs' objection to Document

---

[1] "Cost-plus" contracts are the exception to this rule. They do not present the same problems in identifying damages, and Plaintiffs' have indicated that they will produce documents relating to "cost-plus" contracts.

2

Request No. 9 is SUSTAINED.

DONE AND ORDERED at Orlando, Florida, this \_\_\_10th\_\_\_ day December, 1992.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record.