# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lumco Industries, Inc., : CIVIL ACTION
et al. : 96-CV-2125
  :
  v. : Class Action
  :
Jeld-Wen, Inc., et al. :

## O R D E R

AND NOW, this 16th day of May, 1997; the Court on September 25, 1996 having ordered that all discovery in the above-captioned case shall be completed by August 1, 1997; Defendants having served Interrogatories on Plaintiffs and Plaintiffs having served a Response to said Interrogatories; Plaintiffs in their Response having incorporated other documents by reference in responding to Interrogatories nos. 4, 7 and 12-16; Plaintiffs in their Response having objected to Interrogatory no. 8 on the grounds that it is contention discovery and as such is premature; Plaintiffs in their Response having objected to Interrogatories nos. 18 and 19 on the grounds of attorney client privilege and the work product doctrine, but having stated in a letter dated March 19, 1997 that they "would be prepared to produce documents responsive" to these Interrogatories; Plaintiffs in their Response having objected to Interrogatory no. 26 on the grounds that such information is irrelevant and inadmissible as a matter of law; Defendants on March 26, 1997 having served a Notice of Deposition and subpoenas which called for the depositions of 20 representatives of the named Plaintiffs; Plaintiffs having filed a Motion for Protective Order vacating said Notice and Subpoenas; Plaintiffs in their Motion contending that said depositions would be duplicative in

light of prior depositions taken by other parties; Defendants on April 21, 1997 having filed a Motion to Compel Plaintiffs to Respond to Interrogatories nos. 4, 7, 8, 12-16, 18, 19 and 26, and Produce Accompanying Documents and to Compel Plaintiffs to Appear for Depositions; the Court having considered Defendants' Motion and Plaintiffs' Response to said Motion; and the Court having considered that Fed.R.Civ.P. 26(b) provides that discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action" and that "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence";

IT IS ORDERED:

Defendants' Motion to Compel Responses to Interrogatories nos. 4, 7, 12-16, 18 and 19 is GRANTED, and Plaintiffs shall provide full and complete answers to said Interrogatories and shall produce accompanying documents;

IT IS FURTHER ORDERED:

Defendants' Motion to Compel Responses to Interrogatory no. 8 is GRANTED, in that Plaintiffs shall provide the requested information that they currently have in their possession and control, with the understanding that Plaintiffs shall supplement their Response as additional requested information becomes available;

IT IS FURTHER ORDERED:

Defendants' Motion to Compel Responses to Interrogatory no. 26 is DENIED on the grounds that said Interrogatory is irrelevant

and inadmissible as a matter of law in accordance with <u>Hanover Shoe v. United States Machinery Corp.</u>, 392 U.S. 481 (1968), and does not at this time appear to be reasonably calculated to lead to the discovery of admissible evidence;

IT IS FURTHER ORDERED:

It appearing to the Court that the depositions of 30 individuals associated with the named Plaintiffs would be excessive and duplicative, Defendants' Motion to Compel Depositions is GRANTED with the limitation that Defendants may take no more than 10 depositions of said individuals, and said individuals shall be selected and identified by Defendants, and said depositions shall take place at a time convenient to both parties on or before Monday, June 16, 1997; and

IT IS FURTHER ORDERED:

For the reasons stated above, Plaintiffs Motion for Protective Order Vacating Defendants' Notice of Deposition and Subpoenas is DENIED.

RAYMOND J. BRODERICK, J.

INTERROGATORY NO. 26: Set forth separately and describe for each of the named Plaintiffs:

a. the name and address of each customer who purchased residential flush doors from the named Plaintiff;

b. the types of residential flush doors purchased by each customer (e.g., flush, molded, bi-fold, skin type, color, size, composition of interior core, etc.);

c. the dollar volume, per year, of purchases by each customer; and

d. the time period during which each customer made the purchases.