IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC. et al., | Civil Action No. 05-2195 (CKK) |
|     Plaintiffs, | |
| v. | |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD. et al., | |
|     Defendants. | |
| WALGREEN CO. et al., | Civil Action No. 06-494 (CKK) |
|     Plaintiffs, | |
| v. | |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., et al., | |
|     Defendants. | |
| CVS PHARMACY, INC. et al., | Civil Action No. 06-795 (CKK) |
|     Plaintiffs, | |
| v. | |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., et al., | |
|     Defendants. | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
DIRECT PURCHASER PLAINTIFFS' MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT</u>**

## I.   STATEMENT OF UNDISPUTED FACTS

1. Warner Chilcott[1] is a pharmaceutical company that develops, manufactures, markets and distributes proprietary women's healthcare and dermatological pharmaceutical products. Warner Ans. to Class Action Complt. (*Meijer*) ¶ 2 (Appendix Tab 1).[2] Warner Chilcott markets Ovcon, a branded oral contraceptive, in the United States. *Id.* ¶¶ 32, 35. Ovcon was approved by the FDA in 1976 and is not subject to patent protection. *Id.* at ¶ 32. Prior to Barr's launch of generic Ovcon, Ovcon was one of Warner Chilcott's highest revenue-producing products. *Id.* ¶ 36.

2. Barr is a pharmaceutical company that develops, manufactures, markets and distributes pharmaceutical products. Barr Ans. to Complt. (*Walgreen*) ¶ 14 (App. Tab 2). In or about September 2001, Barr filed an ANDA with the FDA for approval to market an AB-rated generic version of Ovcon. *Id.* ¶ 28.

3. On September 10, 2003, Warner Chilcott and Barr signed a Letter of Intent to enter into an agreement whereby Warner Chilcott would have the option to pay Barr $20 million and obtain, among other things, Barr's agreement not to launch its generic version of Ovcon for five years following final FDA approval. *Id.* ¶ 38. On March 24, 2004, Warner Chilcott and Barr signed the

---

[1] "Warner Chilcott" collectively refers to Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corp., Warner Chilcott (US) Inc., Warner Chilcott Co. Inc., and Galen (Chemicals), Ltd and their predecessors, successors, parents and/or subsidiary corporations.

[2] Copies of the pleadings and other documents cited in this Statement of Undisputed Facts are contained in the accompanying Appendix.

agreement contemplated by the Letter of Intent (the "Agreement") and Warner Chilcott made an initial payment to Barr of $1 million.[3] *Id.* ¶ 39; Warner Ans. to Class Action Complt. ¶ 50. Under the terms of the Agreement, Warner obtained an option that could be exercised by paying Barr an additional $19 million within 45 days of Barr's receipt of FDA approval to market its generic version of Ovcon. March 24, 2004 Option and License Agreement §§ 2.4 - 2.6 (Barr-29-00015) (App. Tab 3).

4. On April 22, 2004, the FDA granted final approval of Barr's ANDA for generic Ovcon. Barr Ans. to Complt. (*Walgreen*) ¶ 42. On April 23, 2004, Barr announced its intent to begin immediately marketing generic Ovcon under the trade name Balziva if Warner Chilcott chose not to exercise its option under the Agreement. News Release, *Barr's Generic Ovcon-35 Tablets Approved* (April 23, 2004) (App. Tab 4). On May 6, 2004, Warner Chilcott exercised its option and paid Barr the remainder of the promised $20 million payment. Barr Ans. to Complt. (*Walgreen*) ¶ 45.

5. Upon receiving the remaining $19 million payment from Warner Chilcott, Barr was obligated to sell its approved generic Ovcon product exclusively to Warner Chilcott and was prohibited from marketing the product in competition with Warner Chilcott for a period of five years. Barr Ans. to Complt. (*Walgreen*) ¶ 46; March 24, 2004 Option and License Agreement § 3.3 (during the five-year term, "neither Barr nor its Affiliates shall . . . market, commercialize,

---

3   There were actually two separate agreements - an Option and License Agreement, and a Finished Product Supply Agreement. The two agreements were executed simultaneously, and each refers to the other. For convenience, they are referred to herein as a single agreement.

distribute or sell [generic Ovcon] in [the United States]") (Barr-29-00016); March 24, 2004 Finished Product Supply Agreement § 2.1 ("neither Barr nor any of its Affiliates shall have the right to manufacture or supply [generic Ovcon] for or to any other Person [than Warner]") (WCO0156113) (App. Tab 5).

      6.    On November 7, 2005, the FTC filed a complaint in this Court alleging that the Agreement violated Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a)(1).[4] On November 7, 2005, 22 states also filed actions against Warner Chilcott and Barr alleging violations of the antitrust laws.[5]

      7.    On September 25, 2006, the FTC filed a motion for preliminary injunction to prevent Warner Chilcott from withdrawing Ovcon 35 from the marketplace as it prepared to introduce Ovcon Chewable. On the same day, or approximately half way through the five-year period, Warner Chilcott signed a waiver that terminated the exclusivity provisions contained in the Agreement. As a result of that waiver, Barr was able to begin marketing its generic version of Ovcon in the United States. Barr launched its generic Ovcon product under the trade name Balziva. News Release, *Barr Announces Warner Chilcott Waives Exclusive License for Ovcon 35* (Sept. 26, 2006) (App. Tab 6).

---

4    On December 5, 2005, the FTC filed its First Amended Complaint. The FTC sought a permanent injunction to invalidate the exclusivity provision of the Agreement.

5    In December 2005, the states also filed an amended complaint against Warner Chilcott and Barr (13 additional states joined in this complaint). A second amended complaint was filed by the states on October 3, 2006. Discovery in the states' case is ongoing.

8.      Barr launched Balziva at approximately a 30% discount to the price of branded Ovcon 35. Warner Chilcott Price Increase Notice dated March 1, 2006 (KGR 0003) (App. Tab 7); Barr Laboratories Letter to Brooks/Eckerd dated October 17, 2006 (BRK 000086-87) (App. Tab 8).

9.      The launch of Barr's generic version of Ovcon has resulted in Warner Chilcott losing more than 80% of its Ovcon sales to the less expensive generic. News Release, *Warner Chilcott Reports Operating Results for the Quarter Ended March 31, 2007 and Raises 2007 Full Year Guidance*, p.1 (May 11, 2007) ("The decline in Ovcon revenue was due to the introduction of a generic version of Ovcon 35 in late October 2006, which led to an 80.4% decline in filled prescriptions for Ovcon 35 compared to the same quarter last year") (App. Tab 9).

10.     Some time after Barr received FDA approval, Warner Chilcott stopped purchasing finished Ovcon tablets from Bristol-Myers Squibb (its previous supplier) and began purchasing them from Barr. Warner Chilcott 2006 Annual Report (SEC Form 10-K), pp. 11-12 (App. Tab 10).. On January 29, 2007, Warner Chilcott and Watson Pharmaceuticals, Inc. ("Watson") announced that Watson had launched an authorized generic version of Ovcon under the name Zenchent, which Warner Chilcott supplies to Watson. News Release, *Warner Chilcott and Watson Pharmaceuticals Announce Launch of Zenchent* (Jan. 29, 2007) (App. Tab 11). Thus, Barr currently supplies Warner Chilcott with the tablets that are resold as branded Ovcon; it also supplies Warner Chilcott

4

with the tablets that are sold by Watson as Zenchent; and it sells the very same tablets as Balziva in competition with both Ovcon and Zenchent.

  11. The commerce at issue in this case is interstate commerce. Warner Ans. to Complt. (*Walgreen*) ¶ 17 (Ovcon is sold throughout the United States); Barr website, www.barrlabs.com ("Barr Pharmaceuticals is a global specialty pharmaceutical company that operates in more than 30 countries worldwide").

DATED: June 1, 2007          Respectfully submitted,

| | |
|---|---|
| KENNY NACHWALTER P.A. | KAPLAN FOX & KILSHEIMER LLP |
| By:/s/ Scott Perwin<br>Robert D.W. Landon III (D.C. Bar No. 441571)<br>Scott Perwin (admitted pro hac vice)<br>1100 Miami Center<br>201 South Biscayne Boulevard<br>Miami, FL 33131<br>(305) 373-1000<br>(305) 372-1861 (Fax)<br><br>***Counsel for Plaintiffs Walgreen Co., Inc., et al.:*** | By: /s/ Linda P. Nussbaum<br>Linda P. Nussbaum (D.C. Bar No. 483254)<br>Christine M. Fox<br>805 Third Avenue, 22nd Floor<br>New York, NY 10022<br>(212) 687-1980<br>(212) 687-7714 (Fax) |
| HANGLEY ARONCHICK SEGAL & PUDLIN<br>Steve D. Shadowen<br>Monica L. Rebuck<br>30 North Third Street, Suite 700<br>Harrisburg, PA 17101-1701<br>(717) 364-1030<br>(717) 364-1020 (Fax)<br><br>***Counsel for Plaintiffs CVS Pharmacy, Inc., et al.*** | BOIES, SCHILLER & FLEXNER LLP<br>William Isaacson (D.C. Bar No. 414788)<br>Tanya Chutkan (D.C. Bar No. 420478)<br>5301 Wisconsin Avenue, N.W., Suite 800 Washington, D.C. 20015<br>(202) 237-2727<br>(202) 237-6131 (Fax) |

BOIES, SCHILLER & FLEXNER LLP
Richard B. Drubel (D.C. Bar No. 334359)
Kimberly H. Schultz
26 South Main Street
Hanover, NH 03755
(603) 643-9090
(603) 643-9010 (Fax)

BERGER & MONTAGUE, P.C.
Daniel Berger
David Sorensen
Eric L. Cramer
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (Fax)

GARWIN GERSTEIN & FISHER, LLP
Bruce E. Gerstein
Barry S. Taus
Kevin S. Landau
1501 Broadway, Suite 1416
New York, NY 10011
(212) 398-0055
(212) 764-6620 (Fax)

RODA NAST, P.C.
Dianne M. Nast
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000
(717) 892-1200 (Fax)

HAGENS BERMAN SOBOL & SHAPIRO LLP
Thomas M. Sobol
One Main Street, 4th Floor
Cambridge, MA 02142
(617) 482-3700
(617) 482-3003 (Fax)

**Executive Committee for Direct Purchaser Class Plaintiffs**