## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MEIJER, INC., *et al*., | Civil Action No. 1:05-cv-02195-CKK |
| Plaintiffs, | Judge Colleen Kollar-Kotelly |
| v. | |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al*., | |
| Defendants. | |

**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO STRIKE ALL REFERENCES TO DR. LEITZINGER'S MAY 18, 2007 RULE 26(a) EXPERT REPORT IN PLAINTIFFS' REPLY BRIEF AND IN DR. LEITZINGER'S MAY 21, 2007 "REBUTTAL DECLARATION" IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Patrick M. Bryan  (D.C. Bar # 490177)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

Peter C. Thomas (D.C. Bar # 495928)
SIMPSON THACHER & BARTLETT LLP
601 Pennsylvania Avenue, N.W.
North Building
Washington, DC 20004
(202) 220-7700
(202) 220-7702 (fax)

Charles E. Koob (*Pro Hac Vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd.*

Dated:    June 5, 2007

Having elected not to submit any empirical analyses in support of their motion for class certification, plaintiffs are now attempting to switch tactics and submit such analyses through their reply brief, thereby denying Defendants any opportunity to respond.  Plaintiffs are not, however, entitled to seek class certification by ambush, nor is such gamesmanship proper or fair. Plaintiffs' untimely expert evidence should be stricken, or, in the alternative, Defendants should be granted leave to file a sur-reply after Defendants have had an opportunity to depose plaintiffs' expert regarding his newly disclosed conclusions and methodologies.

Although it was plaintiffs' burden to come forward with affirmative evidence demonstrating that each of the elements of Rule 23 has been satisfied, plaintiffs instead chose to file a boilerplate memorandum in support of their motion for class certification and to submit a so-called expert declaration that was bereft of any empirical analyses whatsoever.  Indeed, plaintiffs' own expert, Jeffrey Leitzinger, Ph.D., has conceded that he did not perform any empirical analysis in connection with his initial declaration submitted in support of plaintiffs' motion for class certification.  (*See*, *e.g.*, May 21, 2007 Rebuttal Declaration in Support of Class Cert. of Jeffrey R. Leitzinger, Ph.D. ("Class Cert. Rebuttal Decl.") at 2 ( "Having now submitted an Expert Report [on May 18, 2007, *i.e.*, well after plaintiffs' March 12, 2007 motion for class certification] containing . . . actual analyses and calculations . . . ."); *see also* Apr. 4, 2007 Deposition Tr. of Jeffrey Leitzinger, Ph.D. ("Leitzinger Tr.") at 30-32 (testifying that he did not perform "anything that would fairly be characterized as statistical analysis," regression or econometric analyses).)  Seeking to cure their failure to put forth evidence demonstrating that each element of Rule 23 has been satisfied, plaintiffs have now submitted a so-called "rebuttal" declaration of Dr. Leitzinger in connection with their reply brief.

But simply labeling a declaration a "rebuttal" does not make it so.  Neither plaintiffs nor Dr. Leitzinger make any effort to disguise the fact that Dr. Leitzinger's so-called "rebuttal declaration" presents wholly new and previously undisclosed "expert" testimony and conclusions.  Specifically, in his "rebuttal" declaration, Dr. Leitzinger incorporates by reference and expressly relies upon his separate (and, as yet, untested) May 18, 2007 Rule 26(a) expert report.  (*See* Class Cert. Rebuttal Decl. at 2.)  In that report, Dr. Leitzinger *for the first time* purports to calculate class-wide impact and damages and to perform other analyses in support of class certification.  (*See* May 18, 2007 Expert Report of Jeffrey Letizinger, Ph.D. ("26(a) Report") at 28-44.)  Moreover, throughout his so-called "rebuttal" declaration, Dr. Leitzinger simply refers the reader to his separate Rule 26(a) report.  (*See* Class Cert. Rebuttal Decl. at 7 ("For a more detailed discussion regarding how I identified Class members, see [26(a)] Report, pp. 30-32."); *see also id.* at 11, 14, 17, 19.)  And, tellingly, Dr. Leitzinger's Rule 26(a) report is attached as part of ***Exhibit A*** to plaintiffs' reply brief.  Indeed, plaintiffs' reply brief is rife with citations to — *not* Dr. Leitzinger's so-called "rebuttal" declaration in support of class certification but instead — Dr. Leitzinger's Rule 26(a) report.  (*See*, *e.g.*, Direct Purchaser Pls.' Reply in Supp. of Mot. for Class Cert. (D.E. # 103) at 2, 7, 9-12, 14, 18, 23.)  Dr. Leitzinger's (and plaintiffs') incorporation of and reliance upon his separate Rule 26(a) report demonstrates that his so-called "rebuttal declaration" is anything but.

It was plaintiffs' burden to present such expert evidence as part of their opening motion, and not "save it for the reply brief."  Plaintiffs and Dr. Leitzinger, however, have attempted to submit and rely upon previously undisclosed and unchallenged expert evidence in support of their motion for class certification, thereby denying Defendants any opportunity to respond.  Dr. Leitzinger's Rule 26(a) report was served only one business day prior to the filing of plaintiffs'

reply brief and Defendants have had no opportunity to question Dr. Leitzinger regarding his newly asserted conclusions or the purported methodologies found in his Rule 26(a) report. Thus, plaintiffs' submission of Dr. Leitzinger's Rule 26(a) report in connection with their reply brief in support of their motion for class certification is prejudicial and improper.[1] Quite simply, under the Federal Rules, litigants are not permitted to simply "save it for the reply" in the hopes that their so-called expert evidence will remain unchallenged and untested.

For this reason, all references in plaintiffs' reply brief, and in Dr. Leitzinger's May 21, 2007 Class Certification Rebuttal Declaration, to Dr. Leitzinger's May 18, 2007 Rule 26(a) report should be stricken or, in the alternative, Defendants should be granted leave to submit a sur-reply after Dr. Leitzinger has been deposed regarding the contents of his May 18, 2007 Rule 26(a) report.

## ARGUMENT

### DR. LEITZINGER'S "REBUTTAL DECLARATION" IMPROPERLY INTRODUCES NEW EVIDENCE ON REPLY THAT PROPERLY BELONGED IN PLAINTIFFS' MOTION.

It is well-settled that where evidence is necessary to establish a plaintiff's case it *must* be offered during the plaintiff's case-in-chief. *See, e.g.*, *Emrick v. U.S. Suzuki Motors Corp.*, 750 F.2d 19, 22 (3d Cir. 1984) ("It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof."); 6 J. Wigmore, *Evidence* § 1873 at 678 (Chadbourne rev. 1976). Quite simply, when "[t]he issues [a]re known to plaintiffs," there

---

[1]    As originally scheduled, plaintiffs' reply brief in support of their motion for class certification was due ***prior*** to the filing of their Rule 26(a) reports. Plaintiffs, however, requested — without giving any explanation — a three week extension to file their reply brief (to May 21, 2007), an extension that made their reply brief due ***after*** the deadline to disclose their Rule 26(a) expert reports. Defendants' agreement to this extension as a matter of professional courtesy is now being used to prejudice Defendants.

is no justification for delaying the presentation of expert evidence until reply. *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 706 (8th Cir. 1967) (superseded on other grounds); *see also Heatherly v. Zimmerman*, No. 92-7050, 1993 WL 523995, at *2 (D.C. Cir. Dec. 10, 1993) (testimony that is not "offered in response to evidence *first* presented during" plaintiff's case but instead "offered to buttress [plaintiff's] testimony . . . is not proper rebuttal testimony.").[2]

Yet, here, although plaintiffs bear the burden of demonstrating that the proposed class satisfies each requirement of Rule 23, *e.g.*, *Garcia v. Veneman*, 211 F.R.D. 15, 18 (D.D.C. 2002), plaintiffs presented an expert declaration that was bereft of any empirical or quantitative analyses. (*See generally* Mar. 12, 2007 Declaration of Jeffrey Leitzinger, Ph.D. in Support of Class Cert. ("Class Cert. Decl."); *see also* Leitzinger Tr. at 30-31 (testifying that he did not perform "anything that would fairly be characterized as statistical analysis," regression or econometric analyses).) In particular, neither plaintiffs nor their expert presented the methodology by which they would purport to calculate class-wide damages or presented any evidence regarding the size or ascertainability of the putative class — all necessary elements under Rule 23. *See*, *e.g.*, Fed. R. Civ. P. 23(a)(1), (b); *see also Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 303 (5th Cir. 2003) (holding that a plaintiff seeking class certification must present a reliable damages model that functions on a class-wide basis); *Frazier v. Consol. Rail Corp.*, 851 F.2d 1447, 1456 (D.C. Cir. 1988) (affirming district court's denial of class certification because plaintiffs presented no "colorable evidence" demonstrating that the

---

[2]    *See also Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000) (stating that plaintiff may not "seek to rebut defense theories which they knew about or reasonably could have anticipated"); *Fashauer v. New Jersey Transit Rail Operations, Inc.*, 57 F.3d 1269, 1287 (3d Cir. 1995) (plaintiff is not entitled to present evidence "to rebut anticipated testimony and simply get the last word"); *Comcoa, Inc. v. NEC Tel., Inc.*, 931 F.2d 655, 664 (10th Cir. 1991) ("[B]ecause [plaintiffs] reasonably could have anticipated defendants' evidence," district court properly "disallow[ed] plaintiffs' rebuttal evidence.").

numerosity requirement of Rule 23 was satisfied and did not "carry their burden of demonstrating that joinder was impracticable.") (internal citations omitted).

Failing to present any evidence in support of these elements in connection with their opening brief and in Dr. Leitzinger's declaration in support of class certification — as it was their burden to do — plaintiffs now attempt to submit expert evidence on these elements in connection with their reply brief by incorporating and relying upon Dr. Leitzinger's Rule 26(a) report. But one of the purposes of Rule 26 "is to prevent unfair surprise . . . and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial. The Rule also prevents experts from 'lying in wait' to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony." *Minebea Co., Ltd., et al. v. Papst, et al.*, 231 F.R.D. 3, 5-6 (D.D.C. 2005) (internal citations omitted). Yet that is precisely what plaintiffs have attempted to do here.

Notably, neither plaintiffs nor their expert make any attempt to hide the fact that they failed to present any empirical evidence in support of plaintiffs' motion for class certification. (*See*, *e.g.*, Class Cert. Rebuttal Decl. at 2 ("Having ***now*** submitted an Expert Report containing both class-wide proof of antitrust injury and a class-wide calculation of aggregate overcharge damages, . . . the actual analyses and calculations in my Expert Report, [are incorporated] herein" (emphasis added).) Indeed, there is no question that Dr. Leitzinger's "rebuttal declaration" is simply an improper attempt to introduce expert evidence that was not disclosed in connection with plaintiffs' class certification briefing and was, instead, for the first time addressed in Dr. Leitzinger's Rule 26(a) report. (*See*, *e.g.*, Class Cert. Rebuttal Decl. at 7 ("For a more detailed discussion regarding how I identified Class members, see [Rule 26(a)] Report, pp.

30-32.”); *id.* at 11 (“For all of the reasons discussed in my . . . [Rule 26(a)] Report, I conclude

that . . .”); *id.* at 14 (“The economic evidence regarding antitrust injury presented in my [Rule

26(a)] Report . . . .”); *id.* at 17 (“simply refer[ring]” one to his “[Rule 26(a)] Report.”); *id.* at 19

(“As discussed in my [Rule 26(a)] Report, . . . .”).)

Plaintiffs, however, are not allowed to keep their expert evidence in reserve “hoping to

achieve some tactical advantage by a dramatic final statement on the issue[s].” *Skogen*, 375 F.2d

at 706; *see also Allen v. Prince George's County*, 737 F.2d 1299, 1306 (4th Cir. 1984). Quite

simply, “[r]aising an issue for the first time in reply is improper, as it deprives the opposing party

of a meaningful chance to respond.”[3] *Peterson v. Knight Architects, Eng'rs, Planners, Inc.*, No.

97-1439, 1999 WL 1313696, at *13 (N.D. Ill. Nov. 4, 1999). Thus, where — as here — one

party submits an untimely and unexpected affidavit or declaration in support of a claim, a court

should “ensure a level playing field and afford both parties an opportunity for full discovery” and

strike the untimely expert evidence or, at the very least, let the opposing party depose the expert

on the newly introduced evidence and file a sur-rebuttal. *Medinol Ltd. v. Boston Scientific Corp.*,

346 F. Supp. 2d 575, 611 (S.D.N.Y. 2004); *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir.

1994) (where a party offers new evidence for the first time in reply, “the proper response [i]s a

motion to strike the offending portions of the reply brief or to seek leave to file a response to the

reply brief.”).

“The interest served by requiring the disclosure of expert opinions is self evident. It is to

prevent unfair surprise . . . .” *Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003). By waiting until

---

[3]    Notably, Defendants anticipated that plaintiffs might attempt to spring a damages methodology on reply
because their omission of such methodology in their original motion was so glaring, noting that, “[i]f plaintiffs'
failure to come forward with a formulaic methodology to calculate class-wide damages reflects a decision to
‘save it for the reply brief,' the Court should disallow such a tactic.” (Defs.' Opp'n to Class Cert. (D.E. # 98) at
23 n.16.)

their reply brief to submit any empirical evidence in support of their motion for class certification, plaintiffs are attempting to deny Defendants an opportunity to test and challenge this new "expert evidence" — evidence that could and should have been presented as part of their *prima facie* case. Because Dr. Leitzinger's so-called "rebuttal" declaration improperly introduces evidence on reply that properly belonged in plaintiffs' motion for class certification, all references in Dr. Leitzinger's May 21, 2007 "rebuttal declaration" and all references in plaintiffs' reply brief to Dr. Leitzinger's separate May 18, 2007 Rule 26(a) report should be stricken in their entirety or, alternatively, Defendants should be granted leave to file a sur-reply in opposition to plaintiffs' motion for class certification after having an opportunity to depose Dr. Leitzinger regarding his newly disclosed opinions and methodologies.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court enter an Order striking all references in plaintiffs' reply brief in support of their motion for class certification, and all references in Dr. Leitzinger's May 21, 2007 "Rebuttal Declaration" to Dr. Leitzinger's May 18, 2007 Rule 26(a) expert report or, alternatively, grant Defendants leave to file a sur-reply (including memorandum and expert sur-rebuttal declarations if needed) in opposition to plaintiffs' motion for class certification after an opportunity to depose Dr. Leitzinger.

Dated: June 5, 2007                                    Respectfully submitted,


                                                       /s/ Karen N. Walker
                                                       Karen N. Walker (D.C. Bar # 412137)
                                                       Mark L. Kovner (D.C. Bar # 430431)
                                                       Patrick M. Bryan (D.C. Bar # 490177)
                                                       KIRKLAND & ELLIS LLP
                                                       655 Fifteenth Street, N.W., Suite 1200
                                                       Washington, DC 20005
                                                       (202) 879-5000
                                                       (202) 879-5200 (fax)

                                                       *Counsel for Barr Pharmaceuticals, Inc.*


                                                       /s/ Peter C. Thomas
                                                       Peter C. Thomas (D.C. Bar # 495928)
                                                       SIMPSON THACHER & BARTLETT LLP
                                                       601 Pennsylvania Avenue, N.W.
                                                       North Building
                                                       Washington, DC 20004
                                                       (202) 220-7700
                                                       (202) 220-7702 (fax)

                                                       Charles E. Koob (*Pro Hac Vice*)
                                                       SIMPSON THACHER & BARTLETT LLP
                                                       425 Lexington Avenue
                                                       New York, New York 10017-3954
                                                       (212) 455-2000
                                                       (212) 455-2502 (fax)

                                                       *Counsel for Warner Chilcott Holdings
                                                       Company III, Ltd., Warner Chilcott
                                                       Corporation, Warner Chilcott (US) Inc.,
                                                       Warner Chilcott Company, Inc., and Galen
                                                       (Chemicals), Ltd.*

8