# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., MEIJER DISTRIBUTION, INC., LOUSIANA WHOLESALE DRUG CO., INC., ROCHESTER DRUG CO-OPERATIVE, INC., VALLEY WHOLESALE DRUG COMPANY, INC., AMERICAN SALES COMPANY, INC., SAJ DISTRIBUTORS, INC., and STEPHEN L. LaFRANCE HOLDINGS, INC., <br><br> On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | No. 05 Civ. 2195 (CKK) <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

**AMERICAN SALES COMPANY, INC.'S RESPONSES AND OBJECTIONS TO BARR PHARMACEUTICALS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DIRECT PURCHASER PLAINTIFF**

Pursuant to Fed. R. Civ. P. 34, Plaintiff American Sales Company, Inc. ("Plaintiff"), through its undersigned counsel, hereby submits its responses and objections to Barr Pharmaceuticals, Inc.'s First Request for Production of Documents to Direct Purchaser Plaintiffs (the "Document Requests").

**GENERAL OBJECTIONS**

1.   Plaintiff objects to the instructions, definitions and Document Requests to the

extent they are vague, indefinite, ambiguous, or to the extent they seek to impose duties and/or burdens that exceed or differ from that which is required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or the Case Management Order entered by the Court.

2. Plaintiff objects to the instructions, definitions and Document Requests to the extent they seek documents and information which are not relevant to any claim or defense in this case nor are reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the instructions, definitions and Document Requests to the extent they seek information and documents protected from discovery by the attorney-client privilege, work product immunity, common interest privilege, or any other applicable privilege or immunity. Any inadvertent production of such protected information shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or any work product that may attach thereto.

4. Plaintiff objects to the instructions, definitions and Document Requests to the extent they may be construed to require Plaintiff to search for and produce information that is not within Plaintiff's possession, custody, or control.

5. Plaintiff objects to the Document Requests to the extent they are contention discovery requests because, among other reasons, they are premature, given that discovery is proceeding in this case.

6. Plaintiff objects to the instructions, definitions and Document Requests to the extent they seek publicly available documents and/or documents in the possession of the Defendants.

7. Plaintiff objects to the instructions, definitions and Document Requests to the

extent they seek documents or information that are protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

8. Plaintiff objects to the instructions, definitions and Document Requests to the extent they seek documents or information concerning pharmaceutical products other than Ovcon 35 and its generic equivalent(s) as being overbroad, unduly burdensome, and not relevant to the claims or defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to the instructions, definitions and Document Requests to the extent they request documents or information concerning the resale of pharmaceutical products below the manufacturer level as not being relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and are not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case.

10. Plaintiff objects to the definition of "Document" set forth in paragraph 3 of the Definitions and Instructions to the extent that the definition of "Document" is broader than that provided in Fed. R. Civ. P. 34(a).

11. Plaintiff objects to the definitions of "Relating to" and "Communication" set forth in paragraphs 4-5 of the Definitions and Instructions as overbroad, vague and ambiguous.

12. Plaintiff objects to the definition of "Warner Chilcott" set forth in paragraph 8 of the Definitions and Instructions to the extent such definition fails to identify the "current and former parents, subsidiaries, and affiliates" of the entities listed in the definition. Plaintiff's responses herein are restricted to the named entities and any current and former parents, subsidiaries and affiliates that are reasonably known to Plaintiff.

13. Plaintiff objects to the definition of "Barr" set forth in paragraph 9 of the Definitions and Instructions to the extent such definition fails to identify the "current and former parents, subsidiaries, and affiliates" of the entity listed in the definition. Plaintiff's responses herein are restricted to the named entity and any current and former parents, subsidiaries and affiliates that are reasonably known to Plaintiff.

14. Plaintiff objects to the definition of "third party" or "third parties" set forth in paragraph 10 of the Definitions and Instructions as overly broad, vague, ambiguous, and unduly burdensome. Plaintiff also objects to this definition to the extent it seeks information or documents protected from disclosure by any applicable privilege or immunity.

15. Plaintiff objects to the definition of "Combined Hormonal Contraceptive" or "CHC" set forth in paragraph 11 of the Definitions and Instructions as overly broad, vague, ambiguous, and unduly burdensome to the extent it seeks information regarding any pharmaceutical products other than Ovcon 35 and its generic equivalents.

16. Plaintiff objects to paragraphs 14-15 and 19 of the Definitions and Instructions to the extent these instructions exceed or differ from what is required under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia.

17. Plaintiff objects to paragraph 16(f) as vague and ambiguous.

18. Plaintiff reserves the right to supplement or amend these responses and objections as further investigation and discovery occur.

19. Where Plaintiff states in response to specific requests that it will produce responsive documents, it will do so to the extent such documents exists. Plaintiff's specific responses should not be construed as implying that responsive documents exist. Plaintiff

reserves all objections regarding the competency, materiality, relevance and admissibility of any documents or information provided.

20.  The preceding general objections are incorporated in response to each specific Document Request made below.

21.  Subject to and without waiving the preceding general objections and the specific objections set forth below, Plaintiff will produce responsive documents at a mutually convenient time and place.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

All documents relating to your purchases of Ovcon 35, including but not limited to inventory logs, price lists, contracts, purchase orders, bills of lading, invoices, bills, canceled checks, receipts, and all other documents or data reflecting the amounts of Ovcon 35 you purchased, the prices you paid for the Ovcon 35 you purchased, and all applicable rebates, allowances, offsets, chargebacks, or discounts relating to the Ovcon 35 you purchased.

### Response to Request No. 1

In addition to its general objections, Plaintiff objects to Document Request No. 1 as overbroad, unduly burdensome and vague. The request as stated could potentially seek every scrap of paper that relates in any way to any individual Ovcon 35 purchase over the past six years. Subject to and without waiving the foregoing objections, Plaintiff will produce (1) price lists containing manufacturers' prices for Ovcon 35 and/or its generic equivalent(s); (2) contracts for the purchase of Ovcon 35 and/or its generic equivalent(s) by Plaintiff; and (3) aggregate data sufficient to show Plaintiff's purchases of Ovcon 35 and/or its generic equivalent(s) to the extent not already produced.

**Request No. 2**

All documents relating to your sales of Ovcon 35, including but not limited to pharmacy logs, customer lists, price lists, contracts, purchase orders, bills of lading, invoices, bills, checks received, receipts, and all other documents or data reflecting the amounts of Ovcon 35 you sold, the prices charged for Ovcon 35 you sold including all applicable rebates, discounts, chargebacks, offsets, and allowances, the amount of any insurance or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) that provided coverage, and the total amount the customer paid.

**Response to Request No. 2**

In addition to its general objections, Plaintiff objects to Document Request No. 2 as overbroad, unduly burdensome and vague. The request as stated could potentially seek every scrap of paper that relates in any way to any individual sale of Ovcon 35 over the past six years. Furthermore, this request is objectionable on the grounds that it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case.

**Request No. 3**

All documents relating to the resale of Ovcon 35 by your direct or indirect customers, including all available information for each sale, such as the date and location of the transaction, the name of the customer, the quantity of Ovcon 35 sold, the price charged per unit, and the amount of any discounts, coupons, or rebates that the customer received.

**Response to Request No. 3**

In addition to its general objections, Plaintiff objects to Document Request No. 3 as overbroad, unduly burdensome and vague. The request as stated could potentially seek every scrap of paper that relates in any way to any individual sale of Ovcon 35 over the past six years. Furthermore, this request is objectionable on the grounds that it requests documents or information concerning

the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case.

**Request No. 4**

All price lists and other documents identifying the prices you charge for all of the Combined Hormonal Contraceptives you sell, including all applicable rebates, discounts, chargebacks, offsets and allowances.

**Response to Request No. 4**

In addition to its general objections, Plaintiff objects to Document Request No. 4 as overbroad, unduly burdensome and vague. The request as stated could potentially seek every scrap of paper that reflects any sales price for any "Combined Hormonal Contraceptives" over the past six years. Furthermore, this request is objectionable on the grounds that it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Plaintiff further objects to this request as overbroad, unduly burdensome, vague, ambiguous and irrelevant to the extent it seeks information related to products other than Ovcon 35 or its generic equivalent(s).

**Request No. 5**

All documents identifying the prices you pay for all of the Combined Hormonal Contraceptives you sell, including all applicable rebates, discounts, chargebacks, offsets, and allowances.

**Response to Request No. 5**

In addition to its general objections, Plaintiff objects to Document Request No. 5 as overly broad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents or information related to products other than Ovcon 35 or its generic equivalent(s). Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to Plaintiff's Response No. 1.

**Request No. 6**

All documents relating to how you decide which Combined Hormonal Contraceptives to sell and how to price Combined Hormonal Contraceptives, including: (i) whether or not to stock both brand-name and generic versions of a given Combined Hormonal Contraceptive; (ii) whether or not to stock more than one generic version or label of a given brand-name produce; (iii) whether or not to stock a brand-name produce but not its AB-rated generic counterpart; (iv) whether or not to stock a generic Combined Hormonal Contraceptive but not its brand name counterpart; (v) how much to charge for generic and brand-name oral contraceptives; and (vi) how much to differentiate between the prices charged for generic and brand-name versions of a given Combined Hormonal Contraceptive product.

**Response to Request No. 6**

In addition to its general objections, Plaintiff objects to Document Request No. 6 on the grounds that it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Plaintiff further objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents or information related to products other than Ovcon 35 or its generic equivalent(s). Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents related to its general decision to

purchase Ovcon 35 or its generic equivalent(s), to the extent they exist and were not previously produced.

### Request No. 7

All documents relating to competition among Combined Hormonal Contraceptives, including Ovcon 35.

### Response to Request No. 7

In addition to its general objections, Plaintiff objects to Document Request No. 7 as vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it relates to "all documents". Plaintiff further objects to this request as irrelevant, overbroad, unduly burdensome and vague to the extent it requests documents or information related to products other than Ovcon 35 or its generic equivalent(s). Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents relating to Ovcon 35 and any generic equivalent(s) to the extent they exist.

### Request No. 8

All documents relating to a generic form of Ovcon 35, including whether or not you might purchase a generic form of Ovcon 35 if one became available.

### Response to Request No. 8

Subject to and without waiving their general objections, Plaintiff will produce non-privileged documents responsive to this request, to the extent they exist.

### Request No. 9

All documents relating to the impact that drug product detailing of Combined Hormonal Contraceptives had or has on your business, including, but not limited to, the practice of providing free drug product samples to medical professionals who in turn provide those free sample to their patients.

**Response to Request No. 9**

In addition to its general objections, Plaintiff objects to Document Request No. 9 as vague, ambiguous, overbroad, irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Additionally, Plaintiff objects to this request as irrelevant, overbroad, unduly burdensome and vague to the extent it requests documents or information related to products other than Ovcon 35 or its generic equivalent(s).

**Request No. 10**

All documents related to insurance coverage and reimbursements, co-payments, third party payor coverage, and other health benefit coverage for Ovcon 35, including but not limited to, communications with insurance companies, health maintenance organizations, managed care organizations, third party payors, pharmacy benefit managers, state and federal governments, and others.

**Response to Request No. 10**

In addition to its general objections, Plaintiff objects to Document Request No. 10 as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request on the grounds that it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of

admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Plaintiff further objects to this request to the extent it requests information protected from disclosure by HIPAA.

**Request No. 11**

All documents concerning any assignment of rights or other transfer of interests relating to your participation in this Litigation.

**Response to Request No. 11**

Subject to and without waiving their general objections, Plaintiff will produce non-privileged documents responsive to this request, to the extent they exist and were not previously produced.

**Request No. 12**

All documents relating to or reflecting your communications with third parties, including, but not limited to, the Federal Trade Commission and State Attorneys General offices, that relate to Ovcon 35, your participation in this Litigation, or any of the Defendants in this Litigation.

**Response to Request No. 12**

In addition to its general objections, Plaintiff objects to this request as overly broad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request on the grounds that it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Additionally, Plaintiff objects to this request as irrelevant, overbroad, unduly burdensome and vague to the extent it requests documents or information related to products other than Ovcon 35 or its generic equivalent(s). Plaintiff further

- 11 -

objects to this request to the extent is seeks disclosure of information protected by any applicable privilege or immunity.

**Request No. 13**

All documents relating to damages you claim to have suffered, including calculations of the total damages claimed and how such damages were calculated.

**Response to Request No. 13**

In addition to its general objections, Plaintiff objects to Document Request No. 13 as overbroad, unduly burdensome, vague and premature. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by any applicable privilege or immunity. Non-privileged documents responsive to this request will be provided in conformity with the Federal Rules of Civil Procedure, the Case Management Order entered by the Court, and any further orders of the Court.

**Request No. 14**

All sworn testimony given by you, or any of your agents or representatives in their capacity as such, in any litigation relating to prescription drugs or prescription drug benefits.

**Response to Request No. 14**

In addition to their general objections, Plaintiff objects to Document Request No. 14 as vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that such testimony is subject to applicable confidentiality and protective orders in the case or cases in which such testimony was provided. Plaintiff cannot produce such testimony without violation of said protective orders.

**Request No. 15**

All documents relating to each instance in which a government entity or agency has accused, charged, or convicted you of a crime or other violation of law.

**Response to Request No. 15**

In addition to their general objections, Plaintiff objects to Document Request No. 15 as vague, ambiguous, irrelevant, overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 16**

All documents relating to any contract, agreement, or understanding with a third party in which you or the third party agreed to purchase, sell, manufacture, supply, or distribute any pharmaceutical product on an exclusive basis.

**Response to Request No. 16**

In addition to their general objections, Plaintiff objects to Document Request No. 16 as vague, ambiguous, irrelevant, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request to the extent it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Additionally, Plaintiff objects to this request as irrelevant, overbroad, unduly burdensome and vague to the extent it requests documents or information related to products other than Ovcon 35 or its generic equivalent(s).

**Request No. 17**

All documents relating to this Litigation and your decision to participate in this Litigation.

**Response to Request No. 17**

In addition to its general objections, Plaintiff objects to Document Request No. 17 as vague, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks information and documents protected from discovery by any applicable privilege or immunity. Subject to and without waiving the above objections, Plaintiff will produce non-privileged documents (1) relating to the claims or defenses in this case and (2) Plaintiff's decision to participate in this Litigation, to the extent such documents exists.

**Request No. 18**

All documents relating to any manner of payment or compensation you have received or expect to receive as a result of your participation in this Litigation.

**Response to Request No. 18**

Subject to and without waiving their general objections, Plaintiff states that it has not received any payment or compensation to date as a result of its participation in this litigation and the only manner of payment or compensation it expects to receive is its pro-rata share of any settlement or proceeds resulting from trial. If Plaintiff's counsel applies for, and the Court grants, a plaintiff's incentive award, Plaintiff would also expect to receive the award granted by the Court. Plaintiff further responds that they have no documents responsive to Document Requests No. 18 in its possession, custody or control.

**Request No. 19**

All document relating to any of the following individuals or entities: Stephanie Cohen, Sunda Croonquist, Vista Healthplan, Inc., and United Food and Commercial Workers Central Pennsylvania Health and Welfare Fund.

**Response to Request No. 19**

In addition to its general objections, Plaintiff objects to Response No. 19 as overbroad, unduly burdensome, vague, harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it calls for the production of documents that are protected from disclosure by HIPPA.

**Request No. 20**

All expert reports, and other materials or documents which were reviewed or relied upon, in whole or in part, by any expert you expect to call or may call to testify in this Litigation at any time, including, but not limited to, class certification proceedings, summary judgment proceedings, and trial.

**Response to Request No. 20**

In addition to its general objections, Plaintiff objects to Document Request No. 20 as premature. Documents responsive to this request will be provided in conformity with the Federal Rules of Civil Procedure, the Case Management Order entered by the Court, and any further orders of the Court.

**Request No. 21**

All documents you intend to use in support of your allegations in this Litigation.

**Response to Request No. 21**

In addition to its general objections, Plaintiff objects to Document Request No. 21 as premature, overbroad, unduly burdensome and harassing to the extent it requires Plaintiff to cull and produce documents responsive to this request from Defendants' ongoing productions. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents in their possession, custody, or control, which were not previously produced, in conformity with the Federal Rules of Civil Procedure, the Case Management Order entered by

the Court, and any further orders of the Court.

**Request No. 22**

All documents not mentioned above that relate to Ovcon 35 or this Litigation.

**Response to Request No. 22**

In addition to their general objections, Plaintiff objects to Document Request No. 22 as vague, ambiguous, overbroad, unduly burdensome, and duplicative of other document requests. Plaintiff further objects to this request to the extent it requests documents or information that is subject to any applicable privilege or immunity. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents, as set forth in response to Documents Requests Nos. 1-21 above.

Dated: June 26, 2006

By:
_____/s/_____
Thomas M. Sobol
Hagens Berman Sobol & Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Tel: (617) 482-3700

Linda P. Nussbaum (D.C. Bar No. 483254)
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
Tel: (212) 838-7797
Fax: (212) 838-7745

*Counsel for Plaintiff American Sales Company, Inc.*

## CERTIFICATE OF SERVICE

I, Roseann Kelly, hereby certify that on June 26, 2006, the foregoing American Sales Company Inc.'s Responses and Objections to Barr Pharmaceutical's First Request for Production of Documents to Direct Purchaser Plaintiffs was served on the following counsel of record via United States Mail, postage prepaid:

Karen N. Walker, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

*ATTORNEYS FOR DEFENDANT, BARR PHARMACEUTICALS, INC.*

_____
Roseann Kelly