# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., MEIJER DISTRIBUTION, INC., LOUSIANA WHOLESALE DRUG CO., INC., ROCHESTER DRUG CO-OPERATIVE, INC., VALLEY WHOLESALE DRUG COMPANY, INC., AMERICAN SALES COMPANY, INC., SAJ DISTRIBUTORS, INC., and STEPHEN L. LaFRANCE HOLDINGS, INC.,<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | No. 05 Civ. 2195 (CKK)<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**AMERICAN SALES COMPANY, INC.'S ANSWERS AND OBJECTIONS TO BARR PHARMACEUTICALS, INC.'S FIRST SET OF INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS**

Pursuant to Fed. R. Civ. P. 33, Plaintiff American Sales Company, Inc. ("Plaintiff"), through its undersigned counsel, hereby submits its answers and objections to Barr Pharmaceuticals, Inc.'s First Set of Interrogatories to Direct Purchaser Plaintiffs (the "Interrogatories").

**GENERAL OBJECTIONS**

1. Plaintiff objects to the instructions, definitions and Interrogatories to the extent

they are vague, indefinite, ambiguous, or to the extent they seek to impose duties and/or burdens that exceed or differ from that which is required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or the Case Management Order entered by the Court.

2.      Plaintiff objects to the instructions, definitions and Interrogatories to the extent they seek information which is not relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to the instructions, definitions and Interrogatories to the extent they seek information protected from discovery by the attorney-client privilege, work product immunity, common interest privilege, or any other applicable privilege or immunity. Any inadvertent production of such protected information shall not be deemed a waiver of any privilege or immunity with respect to such information or any work product that may attach thereto.

4.      Plaintiff objects to the instructions, definitions and Interrogatories to the extent they may be construed to require Plaintiff to search for and produce information that is not within Plaintiffs' possession, custody, or control.

5.      Plaintiff objects to the Interrogatories to the extent they are contention interrogatories because, among other reasons, they are premature, given that discovery is proceeding in this case.

6.      Plaintiff objects to the instructions, definitions and Interrogatories to the extent they seek publicly available information and/or information in the possession of the Defendants.

7.      Plaintiff objects to the instructions, definitions and Interrogatories to the extent they seek information that is protected from disclosure by the Health Insurance Portability and

Accountability Act of 1996 ("HIPAA").

8. Plaintiff objects to the instructions, definitions and Interrogatories to the extent they seek information concerning pharmaceutical products other than Ovcon 35 and its generic equivalent(s) as being overbroad, unduly burdensome, and not relevant to the claims or defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to the instructions, definitions and Documents Requests to the extent they request information concerning the resale of pharmaceutical products below the manufacturer level as not being relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case.

10. Plaintiff objects to the instructions set forth in paragraph 1 of the Definitions and Instructions to the extent these instructions exceed or differ from what is required under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia and to the extent they require production of information not relevant to the claims or defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to these instructions to the extent they require disclosure of information protected by any applicable privilege or immunity.

11. Plaintiff objects to the definition of "Document" set forth in paragraph 3 of the Definitions and Instructions to the extent that the definition of "Document" is broader than that provided in Fed. R. Civ. P. 34(a).

12. Plaintiff objects to the definitions of "Relating to" and "Communication" set forth in paragraphs 4-5 of the Definitions and Instructions as overbroad, vague and ambiguous.

13. Plaintiff objects to the definition of "Identity" set forth in paragraph 9 of the Definitions and Instructions to the extent it exceeds or differs from what is required under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia.

14. Plaintiff objects to the definition of "Warner Chilcott" set forth in paragraph 11 of the Definitions and Instructions to the extent such definition fails to identify the "current and former parents, subsidiaries, and affiliates" of the entities listed in the definition. Plaintiff's responses herein are restricted to the named entities and any current and former parents, subsidiaries and affiliates that are reasonably known to Plaintiff.

15. Plaintiff objects to the definition of "Barr" set forth in paragraph 12 of the Definitions and Instructions to the extent such definition fails to identify the "current and former parents, subsidiaries, and affiliates" of the entity listed in the definition. Plaintiff's responses herein are restricted to the named entity and any current and former parents, subsidiaries and affiliates that are reasonably known to Plaintiff.

16. Plaintiff objects to the definition of "third party" or "third parties" set forth in paragraph 13 of the Definitions and Instructions because such definition is overly broad, vague, ambiguous, and unduly burdensome. Plaintiff also objects to this definition to the extent it seeks information or documents protected from disclosure by any applicable privilege or immunity.

17. Plaintiff objects to the definition of "Combined Hormonal Contraceptive" or "CHC" set forth in paragraph 14 of the Definitions and Instructions as overly broad, vague, ambiguous, and unduly burdensome to the extent it seeks information regarding any pharmaceutical products other than Ovcon 35 and its generic equivalents.

18. Plaintiff objects to paragraphs 17-18 and 21 of the Definitions and Instructions to

- 4 -

the extent these instructions exceed or differ from what is required under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia.

19. Plaintiff objects to paragraph 19(vi) as vague and ambiguous.

20. Plaintiff reserves the right to supplement or amend these answers and objections as further investigation and discovery occur.

21. Plaintiff reserves all objections regarding the competency, materiality, relevance and admissibility of any information provided in response to these interrogatories.

22. The preceding general objections are incorporated in response to each specific Interrogatory below.

23. Subject to and without waiving the preceding general objections and the specific objections set forth below, Plaintiff will produce any documents it agrees to produce in response to the interrogatories herein at a mutually convenient time and place.

## ANSWERS AND SPECIFIC OBJECTIONS

### Interrogatory No. 1

Identify all persons, including but not limited to, your current and former employees, who have, claim to have, or whom you believe may have knowledge or information relating to this Litigation, any fact alleged in the pleadings (as defined in Fed.R.Civ.P 7(a)) filed in this Litigation, or any fact underlying the subject matter of this Litigation, and identify the nature and substance of the knowledge you believe each person may have.

### Response to Interrogatory No. 1

In addition to its general objections, Plaintiff objects to Interrogatory No. 1 as overbroad, unduly burdensome and harassing to the extent it calls for the identification of "all persons" without qualification. Plaintiff also objects to this request as overbroad, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence to the extent this interrogatory is not limited to the identities of individuals with knowledge of the claims or defenses in this litigation and the general knowledge of such persons. Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to Plaintiff's written disclosures made pursuant to Fed. R. Civ. P. 26(a).

Plaintiff further answers that the following additional persons have general knowledge of the claims or defenses in this litigation:

(1) Counsel of record in this litigation

(2) Persons identified by Defendants in response to their initial disclosures

**Interrogatory No. 2**

For each year since January 1, 2000, identify all persons, including, but not limited to, your current and former employees, who have responsibilities relating to the purchase or sale of Combined Hormonal Contraceptives, including, but not limited to Ovcon 35.

**Response to Interrogatory No. 2**

In addition to its general objections, Plaintiff objects to Interrogatory No. 2 as overbroad and unduly burdensome to the extent it calls for the identification of "all persons" "who have responsibilities" without qualification. Plaintiff further objects to Interrogatory No. 2 to the extent it requests information concerning the resale of pharmaceutical products below the manufacturer level as not being relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Additionally, Plaintiff objects to Interrogatory No. 2 to the extent it seeks documents or information concerning pharmaceutical products other than

Ovcon 35 and its generic equivalent(s). Subject to and without waiving the foregoing objections, Plaintiff answers that the following persons have management responsibilities relating to Plaintiffs' purchase of Ovcon 35.

**Interrogatory No. 3**

For each year since January 1, 2000, and by month within each such year, identify your purchases of Ovcon 35, including for each transaction the date and location of the transaction, the name of the purchaser, the quality of Ovcon 35 purchased, the price charged per unit, the amount of any discounts, coupons, or rebates that you received, and the total amount you paid.

**Response to Interrogatory No. 3**

In addition to its general objections, Plaintiff objects to Interrogatory No. 3 as overbroad, unduly burdensome and vague. Subject to and without waiving the foregoing objections, Plaintiff will produce aggregate data sufficient to show Plaintiff's purchases of Ovcon 35 and/or its generic equivalent(s) to the extent not already produced. Plaintiff further refers Defendants to Plaintiffs' initial production of documents (Ovcon_AmS0001-0006).

**Interrogatory No. 4**

For each year since January 1, 2000, by month within each such year, identify your sales of Ovcon 35, including for each transaction the date and location of the transaction, the name of the customer, the quality of Ovcon 35 sold, the price charged per unit, the amount of any discounts, coupons, offsets, or rebates that the customer received, the amount of any insurance or other health benefit co-payment that applied to the transaction, the name of each insurance carrier or other health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) pursuant to which coverage was provided, and the total amount the customer paid.

**Response to Interrogatory No. 4**

In addition to its general objections, Plaintiff objects to Interrogatory No. 4 to the extent it requests information concerning the resale of pharmaceutical products below the manufacturer level which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents or information related to products other than Ovcon 35 or its generic equivalent(s).

**Interrogatory No. 5**

Identify and describe below how you decide which Combined Hormonal Contraceptives to sell and how to sell them, including; (i) whether or not to stock both brand-name and generic versions of a given Combined Hormonal Contraceptive; (ii) whether or not to stock more than one generic version or label of a given brand-name produce; (iii) whether or not to stock a brand-name produce but not its AB-rated generic counterpart; (iv) whether or not to stock a generic Combined Hormonal Contraceptive but not its brand name counterpart; (v) how much to charge for generic and brand-name oral contraceptives; and (vi) how much to differentiate between the prices charged for generic and brand-name versions of a given Combined Hormonal Contraceptive product.

**Response to Interrogatory No. 5**

In addition to its general objections, Plaintiff objects to Interrogatory No. 5 on the grounds that it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of

admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents or information related to products other than Ovcon 35 or its generic equivalent(s).

**Interrogatory No. 6**

For each year since January 1, 2000, and by month within each such year, identify all insurance providers, third party payors, or other health benefit providers form whom you received any payments, reimbursements, or compensation relating to the sale of Ovcon 35, including for each transaction the provider's name(s) and address(es), the plan name(s), the group I.D. number(s), the patient name, and whether the patient was the principal insured or a dependant of a principal insured.

**Response to Interrogatory No. 6**

In addition to its general objections, Plaintiff objects to Interrogatory No. 6 as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Interrogatory on the grounds that it requests documents or information concerning the resale of pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and are not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Plaintiff further objects to this Interrogatory to the extent it requests information protected from disclosure by HIPAA.

**Interrogatory No. 7**

Identify and describe each contract, agreement, or understanding with a third party in which you or the third party agree to purchase, sell, manufacture, supply, or distribute any product on an exclusive basis. Include in your answer a description of the product and the terms of your agreement.

**Response to Interrogatory No. 7**

In addition to its general objections, Plaintiff objects to Interrogatory No. 7 as vague, ambiguous, irrelevant, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Interrogatory to the extent it seeks information concerning the resale of pharmaceutical products below the manufacturer level, which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff has alleged an overcharge theory of damages and is not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Additionally, Plaintiffs object to this Interrogatory as irrelevant, overbroad, unduly burdensome and vague to the extent it seeks information related to products other than Ovcon 35 or its generic equivalent(s).

**Interrogatory No. 8**

Identify all damages you claim to have suffered. Please include in your response the total amount of damages claimed and how such damages were calculated.

**Response to Interrogatory No. 8**

In addition to its general objections, Plaintiff objects to Interrogatory No. 8 as being premature. Documents and information responsive to this request will be provided in conformity with the Federal Rules of Civil Procedure, the Case Management Order entered by the Court, and any

further orders of the Court. Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to their initial disclosures made pursuant to Fed. R. Civ. P 26(a) for a description of the nature of damages suffered by Plaintiffs.

**Interrogatory No. 9**

Identify and describe every agreement or communication reflecting, referring, or relating to your employment or retention of counsel in this action, and any arrangement regarding fees, costs or expenses, right to share in a potential recovery, and fee-sharing in this action with any person not a member of the plaintiffs' counsels' firm(s).

**Response to Interrogatory No. 9**

In addition to its general objections, Plaintiff objects to Interrogatory No. 9 as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this Interrogatory to the extent it requires disclosure of information protected by any applicable privilege or immunity.


Dated: June26, 2006

By: _____/s/_____
Thomas M. Sobol
Hagens Berman Sobol & Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Tel: (617) 482-3700

Linda P. Nussbaum (D.C. Bar No. 483254)
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
Tel: (212) 838-7797
Fax: (212) 838-7745

*Counsel for Plaintiff American Sales Company, Inc.*

## CERTIFICATE OF SERVICE

I, Roseann Kelly, hereby certify that on June 26, 2006, the foregoing American Sales Company, Inc.'s Answers and Objections to Barr Pharmaceutical, Inc.'s First Set of Interrogatories to Direct Purchaser Plaintiffs was served on the following counsel of record via United States Mail, postage prepaid:

Karen N. Walker, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, DC  20005

*ATTORNEYS FOR DEFENDANT, BARR PHARMACEUTICALS, INC.*

_____
Roseann Kelly