# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WALGREEN CO., ECKERD CORPORATION,
MAXI DRUG, INC., d/b/a BROOKS PHARMACY,
THE KROGER CO., ALBERTSON'S, INC.,
SAFEWAY, INC., AND HY-VEE, INC.,

    Plaintiffs,

v.

WARNER CHILCOTT HOLDINGS COMPANY
III, LTD., WARNER CHILCOTT CORPORATION,
WARNER CHILCOTT (US) INC., WARNER
CHILCOTT COMPANY, INC., and BARR
PHARMACEUTICALS, INC.,

    Defendants.

Civil Action No: 1:06-CV-00494 (CKK)

Judge Colleen Kollar-Kotelly

JURY TRIAL DEMANDED

## PLAINTIFF WALGREEN COMPANY'S
## RESPONSE TO BARR PHARMACEUTICALS, INC.'S FIRST SET
## OF INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Walgreen Company ("Plaintiff") hereby responds to Barr Pharmaceuticals, Inc.'s First Request for the Production of Documents to Direct Purchaser Plaintiffs.

### GENERAL OBJECTIONS

The following General Objections apply to and are hereby incorporated by reference in response to each interrogatory.

1.    Plaintiff objects to each interrogatory to the extent that any such interrogatory seeks the disclosure of information and/or documents protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery. To the extent that any such information and/or documents is or may be disclosed in response to Barr Pharmaceuticals's First Set

KENNY NACHWALTER, P.A.

of Interrogatories, the disclosure of any such information and/or document is inadvertent and should not be deemed to be a waiver of any privilege or immunity with respect to that or any other information and/or document.

2. Plaintiff objects to the Definitions and Instructions section of Barr Pharmaceuticals's First Set of Interrogatories to the extent that the definitions and instructions exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules, and/or differ from the ordinary usage of the English language. Without waiving this objection and subject to it, Plaintiff states that it will respond to the Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the ordinary usage of the English Language.

3. Plaintiff objects to the interrogatories as a whole to the extent that they seek information and documents that are unreasonably and needlessly broad in scope, and are thus not relevant to the subject matter and issues in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff expressly reserves the right to object at trial on relevance or any other ground to the admission of any interrogatory response provided herein. In addition, Plaintiff expressly reserves the right to supplement its interrogatory responses as a result of further investigation and discovery in this matter.

5. Plaintiff objects to each request as beyond the scope of permissible discovery to the extent that any such request seeks documents not in Plaintiff's possession, custody, or control.

6. Plaintiff objects to the definition of "you" and "your" as over broad, vague and as seeking to impose on Plaintiff the obligations to provide documents that are beyond its control. Plaintiff further objects to the definition of "you" and "your" to the extent that it includes Plaintiff's

2

agents (including attorneys), current and former affiliates and representatives. For purposes of responding to these requests for production, "you" and "your" shall be interpreted as each respective Plaintiff, its officers, directors, and employees.

7.   Plaintiff objects to the definitions of "document", "relating to," and "communication" to the extent that these definitions individually or together require the production of all responsive e-mails and other computer generated documents and all paper documents reflecting purchases and/or sales on the grounds that such a requirement is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Plaintiff states that it will not conduct any greater search for electronic documents than Defendant agrees to conduct for its own electronic documents.

8.   Plaintiff objects to the Requests to the extent that they seek documents and information that are not relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of relevant documents or information.

9.   Plaintiff objects to definition of the term "Combined Hormonal Contraceptive" and "CHC" as unduly broad and burdensome. In the context of these document requests, the definitions leads to requests for information that are not relevant to the claim or defense of any party and that are not calculated to lead to admissible evidence.

10.  Plaintiff objects to the definition of "Warner Chilcott" as overbroad and vague. For purposes of responding to these requests for production, "Warner Chilcott" shall be interpreted as Warner Chilcott Company, Inc., Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Galen (Chemicals) Ltd. and their respective, officers, directors, and employees.

11. Plaintiff objects to the definition of "Barr" as overbroad and vague and as used in some of these requests an improper attempt to obtain communications between counsel. For purposes of responding to these requests for production, "Barr" shall be interpreted as Barr Pharmaceuticals, Inc. and its officers, directors, and employees.

12. Plaintiff objects to the Instructions in that they are unduly burdensome and oppressive and seek to impose obligations on Plaintiff that are beyond those required by the Federal Rules of Civil Procedure. More specifically, Plaintiff objects to Instruction No. 21 to the extent that it seeks to impose an obligation to supplement that is different from that of the Federal Rules of Civil Procedure. Plaintiff will supplement its answers as required by the Federal Rules of Civil Procedure. Plaintiff also objects to Instruction No. 17 to the extent that it seeks to require Plaintiff to describe the efforts it undertook in connection with answering the interrogatories.

13. Plaintiff objects to the time frame of the interrogatories as over broad and not reasonably calculated to lead to the discovery of admissible evidence.

14. Plaintiff objects to the interrogatories to the extent that they seek information already in the possession of or otherwise available to Defendant, including, but not limited to, information in the possession of Defendant and the public records which are accessible to all parties.

15. Plaintiff objects to the interrogatories to the extent that they seek information that will be the subject of expert opinion and testimony as premature. Plaintiff will provide expert disclosures in accordance with the Federal Rules of Civil Procedure and the schedule entered by the Court in this Action

. 4

## INTERROGATORIES

1. Identify all persons, including, but not limited to, your current and former employees, who have, claim to have, or whom you believe may have knowledge or information relating to this Litigation, any fact alleged in the pleadings (as defined in FED. R. CIV. P 7(a)) filed in this Litigation, or any fact underlying the subject matter of this Litigation, and identify the nature and substance of the knowledge you believe each such person may have.

Response: Plaintiff objects to this interrogatory to the extent that it seeks the disclosure of information protected from discovery by the work-product doctrine and/or the disclosure of information that is within the control of Defendant. Subject to and without waiving the foregoing objections and the General Objections, the following people have knowledge of their respective company's purchases of Ovcon 35 and its desire to make available an AB rated generic to its customers:

> Jill Nailor
> Walgreen Co.
> 200 Wilmot Road
> Deerfield, IL 60015

In addition, Defendant's employees and attorneys have knowledge that is pertinent to Plaintiff's claims. As discovery is on-going, Plaintiff reserves the right to amend this answer.

2. For each year since January 1, 2000, identify all persons, including, but not limited to, your current and former employees, who have responsibilities relating to the purchase or sale of Combined Hormonal Contraceptives, including, but not limited to, Ovcon 35.

Response: Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and seeks the production of documents and information that are not reasonably calculated to lead to the discovery of admissible evidence. Information concerning Plaintiff's sales and profits (i.e., downstream sales) are not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiff

5

KENNY NACHWALTER, P.A.

also objects on the grounds set forth in the General Objections. Subject to and without waiving the foregoing objections and the General Objections, see response to Interrogatory No. 1.

3.  For each year since January 1, 2000, and by month within each such year, identify your purchases of Ovcon 35, including for each transaction the date and location of the transaction, the name of the purchaser, the quantity of Ovcon 35 purchased, the price charged per unit, the amount of any discounts, coupons, or rebates that you received, and the total amount you paid.

Response: Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and seeks the production of documents and information that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory to the extent that it seeks information in the custody and control of a third party. Without waiving these objections and subject to them, Plaintiff states that pursuant to Rule 33 of the Federal Rules of Civil Procedure and in response to the Defendant's document requests, it will produce electronic data showing purchases of Ovcon 35 and documents which reflect the rebates and discounts which are specifically related to Plaintiff's purchases of Ovcon 35 to the extent that any such documents exist.

4.  For each year since January 1, 2000, by month within each such year, identify your sales of Ovcon 35, including for each transaction the date and location of the transaction, the name of the customer, the quantity of Ovcon 35 sold, the price charged per unit, the amount of any discounts, coupons, offsets, or rebates that the customer received, the amount of any insurance or other health benefit co-payment that applied to the transaction, the name of each insurance carrier or their health benefit provider that covered any portion of the purchase price, the name of the insurance or other health benefit plan(s) pursuant to which coverage was provided, and the total amount the customer paid.

Response: Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information subject to various legal and/or contractual confidentiality restrictions. Information

concerning Plaintiff's sales and profits (i.e., "downstream sales") is not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiff also objects on the grounds set forth in the General Objections.

   5.   Identify and describe how you decide which Combined Hormonal Contraceptives to sell and how to sell them, including: (I) whether or not to stock both the brand-name and generic versions of a given Combined Hormonal Contraceptive product; (ii) whether or not to stock more than one generic version or label of a given Combined Hormonal Contraceptive product; (iii) whether or not to stock a brand-name Combined Hormonal Contraceptive but not its generic counterpart; (iv) whether or not to stock a generic Combined Hormonal Contraceptive but not its brand-name counterpart; (v) how much to charge for generic and brand-name Combined Hormonal Contraceptives; and (vi) how much to differentiate between the price you charge for generic and brand-name versions of a given Combined Hormonal Contraceptive product.

   Response: Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiff's sales and profits (i.e., "downstream sales") is not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiff also objects on the grounds set forth in the General Objections.

   6.   For each year since January 1, 2000, and by month within each such year, identify all insurance providers, third party payors, or other health benefit providers from whom you received any payments, reimbursements, or compensation relating to the sale of Ovcon 35, including for each transaction the provider's name(s) and address(es), the plan name(s), whether the plan was employer-sponsored, and if so, by whom, the policy number(s), the group I.D. number(s), the patient name, and whether the patient was the principal insured or a dependant of a principal insured.

   Response: Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7

information subject to various legal and/or contractual confidentiality restrictions. Information concerning Plaintiff's sales and profits (i.e., "downstream sales") is not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory to the extent that it seeks information in the custody of a third party.

7. Identify and describe each contract, agreement, or understanding with a third party in which you or the third party agreed to purchase, sell, manufacture, supply, or distribute any product on an exclusive basis. Include in your answer a description of the product and the terms of your agreement.

Response: Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information subject to various legal and/or contractual confidentiality restrictions. Additionally, information concerning Plaintiff's sales and profits (i.e., "downstream sales") and Plaintiff's purchases and sales of pharmaceutical products other than Ovcon 35 is not relevant in any way to the claims and defenses in this case and will not lead to the discovery of admissible evidence.

8. Identify all damages you claim to have suffered. Please include in your response the total amount of damages claimed and how such damages were calculated.

Response: Plaintiff objects to this interrogatory as premature to the extent that it seeks information that will be the subject of expert reports. Subject to and without waiving the foregoing objection, Plaintiff state that, as a general matter, Plaintiff seeks to recover overcharges paid as a result of Defendant's unlawful suppression of generic competition in the market for sales of Ovcon 35 and its generic equivalents. But for Defendant's unlawful conduct, a generic version of Ovcon 35 would have been introduced in 2004 at a price significantly lower than the price of

branded Ovcon 35 and would quickly have captured a large percentage of the market. Defendant's unlawful conduct prevented that generic competition and resulted in the purchase of Ovcon 35 by Plaintiffs (or their assignors) at the higher price of the branded drug rather than the lower price of the generic drug.

9. Identify and describe every agreement or communication reflecting, referring, or relating to your employment or retention of counsel in this action, and any arrangement regarding fees, costs or expenses, rights to share in a potential recovery, and fee-sharing in this action with any persons not a member of plaintiffs' counsels' firm(s).

Response: Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this request to the extent that it seeks the disclosure of information protected from discovery by the attorney-client privilege and/or work-product doctrine.

Respectfully submitted,

_____
Richard Alan Arnold
Scott E. Perwin
Lauren C. Ravkind
KENNY NACHWALTER, P.A.
1100 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Attorneys for Plaintiffs

9

KENNY NACHWALTER, P.A.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served upon all counsel electronically via the Ovcon'35 Secure Deal Room website on June 23, 2006.

_____
Scott E. Perwin

KENNY NACHWALTER, P.A.