# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., MEIJER DISTRIBUTION, INC., LOUISIANA WHOLESALE DRUG CO., INC., ROCHESTER DRUG CO-OPERATIVE, INC., VALLEY WHOLESALE DRUG COMPANY, INC., AMERICAN SALES COMPANY, INC., SAJ DISTRIBUTORS, INC., and STEPHEN L. LaFRANCE HOLDINGS, INC.,<br><br>on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No: 1:05-CV-02195-CKK<br><br>Judge Colleen Kollar-Kotelly<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |
| WALGREEN CO., ECKERD CORPORATION, MAXI DRUG, INC., d/b/a BROOKS PHARMACY, THE KROGER CO., ALBERTSON'S, INC., SAFEWAY, INC., AND HY-VEE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No: 1:06-CV-00494 (CKK)<br><br>Judge Colleen Kollar-Kotelly<br><br>JURY TRIAL DEMANDED |

## BARR PHARMACEUTICALS, INC.'S FIRST SET OF
## INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS

Pursuant to FED. R. CIV. P. 33, Barr Pharmaceuticals, Inc. ("Barr") hereby submits its first set of Interrogatories to the Direct Purchaser Plaintiffs. For purposes of these Interrogatories, the Direct Purchaser Plaintiffs are defined as Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., Valley Wholesale Drug Company, Inc., American Sales Company, Inc., SAJ Distributors, Inc., Stephen L. LaFrance Holdings, Inc., Walgreen Company, Eckerd Corporation, Maxi Drug, Inc., d/b/a Brooks Pharmacy, The Kroger Co., Albertson's, Inc., Safeway, Inc., and Hy-Vee, Inc., including their current and former affiliates, subsidiaries, agents, and representatives.

In accordance with FED. R. CIV. P. 33, each Direct Purchaser Plaintiff shall submit separate responses to the following Interrogatories within thirty (30) days, or by June 26, 2006. Each Interrogatory is subject to the Definitions and Instructions set forth below.

## DEFINITIONS AND INSTRUCTIONS

1. In answering these Interrogatories, furnish all information, however obtained, including hearsay, that is available to plaintiffs, including information in the actual or constructive possession of plaintiffs, their attorneys, investigators, experts, and anyone else acting on plaintiffs' behalf. In answering the Interrogatories, furnish all knowledge and information available to you or subject to your reasonable inquiry, access, or control, including, but not limited to, all knowledge and information available to your counsel in this case.

2. "You," "your," and "plaintiffs" mean Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., Valley Wholesale Drug Company, Inc., American Sales Company, Inc., SAJ Distributors, Inc., Stephen L. LaFrance Holdings, Inc., Walgreen Company, Eckerd Corporation, Maxi Drug, Inc., d/b/a

Brooks Pharmacy, The Kroger Co., Albertson's, Inc., Safeway, Inc., and Hy-Vee, Inc., including their current and former affiliates, subsidiaries, agents, and representatives, both individually and collectively.

3. "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone else.

4. "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in

connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reflecting, reporting, stating, or summarizing.

5. "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral or written information between one or more persons or entities.

6. "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which you have knowledge.

7. "Identify," when used with reference to a natural person, means to state his or her full name, current or last known address and telephone number, and current or last known job title or business affiliation.

8. "Identify," when used with respect to any other entity, means to state its full name and its address or its principal place of business.

9. "Identify," when used with respect to a document or other material or information, means either to produce such document or other material or information or to state (a) the name or title of the document; (b) the type of document (e.g., letter, memorandum, telegram, computer input or output, chart, minutes, etc.); (c) its date; (d) full name and title of the person(s) who prepared the document; (e) full name and title of the person(s) who signed the document; (f) full name and title of the person(s) to whom the document was addressed; (g) full name and title of the person(s) to whom the document was sent; (h) number of pages; (i) its current location; and (j) its current custodian.

10. "Litigation" refers to the above-captioned cases.

11. "Warner Chilcott" means Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., Galen (Chemicals), Ltd., as well as their current and former parents, subsidiaries, and affiliates.

12. "Barr" means Barr Pharmaceuticals, Inc., as well as its current and former parents, subsidiaries, and affiliates.

13. "Third party" or "third parties" means any person or entity other than Barr, Warner Chilcott, or plaintiffs, including, but not limited to, those persons and entities identified by plaintiffs in their Initial Disclosures, manufacturers, wholesalers, distributors, retailers, state attorneys general offices, formularies, insurers, the Food and Drug Administration, the Federal Trade Commission, third-party payors, consumers, physicians, nurses, and other health care providers.

14. "Combined Hormonal Contraceptive" or "CHC" means any prescription pharmaceutical used to prevent pregnancy that contains hormones, including, but not limited to, Ovcon 35, oral contraceptives, transdermal patches, vaginal rings, and pills.

15. "Ovcon 35" is an oral contraceptive used to prevent pregnancy that is sold by Warner Chilcott, and is used herein in the same manner as it is used in plaintiffs' Complaints.

16. "Transaction" means Warner Chilcott's option to license, and its exercise of the option to license Barr's ANDA for a generic form of Ovcon 35, and the related supply agreement between Warner Chilcott and Barr.

17. If you cannot answer all or part of an Interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder; stating whatever information or knowledge

you have concerning the unanswered portion; and detailing what you did in attempting to secure the unknown information.

18. If any privilege is claimed as a ground for not answering an Interrogatory, describe the basis for the claim of privilege and all information necessary for defendants and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5).

19. Whenever necessary to bring within the scope of an Interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

(i) Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Interrogatory more inclusive;

(ii) Construing the singular form of any word to include the plural and the plural form to include the singular;

(iii) Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

(iv) Construing the masculine form to include the feminine form;

(v) Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters; and,

(vi) Construing negative terms to include the positive and vice versa;

(vii) Construing "include" to mean include or including "without limitation."

20. Each Interrogatory is propounded separately upon each named plaintiff and requires a separate response from each plaintiff.

21. These Interrogatories are continuing in nature, up to and during the course of trial. Information or data sought by these Interrogatories that you obtain after you

6

serve your answers must be produced to counsel for Defendants by supplemental answers or productions pursuant to Federal Rule of Civil Procedure 26(e).

22. The relevant time period for these Interrogatories is from January 1, 2000 through the date of these Interrogatories, unless otherwise stated.

### INTERROGATORIES

1. Identify all persons, including, but not limited to, your current and former employees, who have, claim to have, or whom you believe may have knowledge or information relating to this Litigation, any fact alleged in the pleadings (as defined in FED. R. CIV. P 7(a)) filed in this Litigation, or any fact underlying the subject matter of this Litigation, and identify the nature and substance of the knowledge you believe each such person may have.

2. For each year since January 1, 2000, identify all persons, including, but not limited to, your current and former employees, who have responsibilities relating to the purchase or sale of Combined Hormonal Contraceptives, including, but not limited to, Ovcon 35.

3. For each year since January 1, 2000, and by month within each such year, identify your purchases of Ovcon 35, including for each transaction the date and location of the transaction, the name of the purchaser, the quantity of Ovcon 35 purchased, the price charged per unit, the amount of any discounts, coupons, or rebates that you received, and the total amount you paid.

4. For each year since January 1, 2000, by month within each such year, identify your sales of Ovcon 35, including for each transaction the date and location of the transaction, the name of the customer, the quantity of Ovcon 35 sold, the price charged per unit, the amount of any discounts, coupons, offsets, or rebates that the customer received, the amount of any insurance or other health benefit co-payment that applied to the transaction, the name of each insurance carrier or other health benefit provider that covered any portion of the purchase

price, the name of the insurance or other health benefit plan(s) pursuant to which coverage was provided, and the total amount the customer paid.

5. Identify and describe how you decide which Combined Hormonal Contraceptives to sell and how to sell them, including: (i) whether or not to stock both the brand-name and generic versions of a given Combined Hormonal Contraceptive product; (ii) whether or not to stock more than one generic version or label of a given Combined Hormonal Contraceptive product; (iii) whether or not to stock a brand-name Combined Hormonal Contraceptive but not its generic counterpart; (iv) whether or not to stock a generic Combined Hormonal Contraceptive but not its brand-name counterpart; (v) how much to charge for generic and brand-name Combined Hormonal Contraceptives; and (vi) how much to differentiate between the price you charge for generic and brand-name versions of a given Combined Hormonal Contraceptive product.

6. For each year since January 1, 2000, and by month within each such year, identify all insurance providers, third party payors, or other health benefit providers from whom you received any payments, reimbursements, or compensation relating to the sale of Ovcon 35, including for each transaction the provider's name(s) and address(es), the plan name(s), whether the plan was employer-sponsored, and if so, by whom, the policy number(s), the group I.D. number(s), the patient name, and whether the patient was the principal insured or a dependant of a principal insured.

7. Identify and describe each contract, agreement, or understanding with a third party in which you or the third party agreed to purchase, sell, manufacture, supply, or distribute any product on an exclusive basis. Include in your answer a description of the product and the terms of your agreement.

8

8. Identify all damages you claim to have suffered. Please include in your response the total amount of damages claimed and how such damages were calculated.

9. Identify and describe every agreement or communication reflecting, referring, or relating to your employment or retention of counsel in this action, and any arrangement regarding fees, costs or expenses, rights to share in a potential recovery, and fee-sharing in this action with any person not a member of plaintiffs' counsels' firm(s).

Date:  May 23, 2006

Respectfully submitted,

/s/ Mark L. Kovner

Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar #  430431)
Chong S. Park (D.C. Bar # 463050)

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, District of Columbia  20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*