IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., *et al.*,<br><br>                Plaintiffs,<br><br>   v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*,<br><br>                Defendants. | Civil Action No. 1:05-cv-02195-CKK<br><br>Judge Colleen Kollar-Kotelly |

**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO STRIKE THE MAY 21, 2007 DECLARATIONS OF JOHN JAY FLINN, SAUL D. FACTOR, AND BRIAN JONES**

Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Patrick M. Bryan (D.C. Bar # 490177)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

Peter C. Thomas (D.C. Bar # 495928)
SIMPSON THACHER & BARTLETT LLP
601 Pennsylvania Avenue, N.W.
North Building
Washington, DC 20004
(202) 220-7700
(202) 220-7702 (fax)

Charles E. Koob (*Pro Hac Vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd.*

Dated:   July 3, 2007

Defendants Barr Pharmaceuticals, Inc., Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd. ("Defendants") respectfully move the Court to strike the declarations of John Jay Flinn, Saul D. Factor, and Brian Jones (collectively, the "Wholesaler Declarations"), submitted in connection with plaintiffs' reply brief in support of class certification. (*See* D.E. #103, Exs. D, E, & F.)

## INTRODUCTION

In opposition to plaintiffs' motion for class certification, Defendants put forth economic evidence showing, among other things, that plaintiffs had not met (and could not meet) their burden of demonstrating that the interests of all proposed class members are substantially aligned because the proposed class was rife with *intra*-class conflicts — conflicts which preclude class certification. (*See* D.E. #98 at 38-41.) In particular, Defendants have shown that the three largest direct purchasers of Ovcon 35 — national wholesalers McKesson, Cardinal, and AmerisourceBergen — have economic interests antagonistic to the remainder of the putative class. (*Id*.) Indeed, these national wholesalers appear to have **benefited** from the very conduct plaintiffs allege harmed the proposed class. *See Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) ("A fundamental conflict exists where some [class] members claim to have been harmed by the same conduct that benefited other members of the class."); *Phillips v. Klassen*, 502 F.2d 362 (D.C. Cir. 1974) (refusing class certification where some class members were pleased by the defendants' actions which were challenged by the named representatives). Plaintiffs do not dispute this. Rather, in connection with their reply brief in support of their motion for class certification, plaintiffs submitted three virtually identical declarations: one from an employee of each of the three national wholesalers. In these

declarations, each employee declares that his employer "does not believe that there is antagonism or conflict between the interests of the Named Plaintiffs" and the respective national wholesaler and that, if any conflicts do exist, the employee "hereby waives any such conflict of interest." These declarations, however, are neither colorable nor admissible evidence and should be stricken.

*First*, by their own admissions in sworn testimony, none of the declarants have personal knowledge of *any* assertion of fact underlying the conclusory statements made in their respective declarations. Moreover, none of the declarants are competent to offer "opinions" regarding the antagonistic economic interests or conflicts within the putative class, much less opine on the adequacy of representation by the named plaintiffs. Accordingly, their declarations lack any proper foundation.

*Second*, with respect to two of the three declarations — the declarations of Mr. Flinn (Cardinal) and Mr. Jones (AmerisourceBergen) — there is yet another reason the declarations should be stricken: namely, during their sworn depositions both declarants refused to answer questions directly pertinent to the assertions made in their respective declarations.[1] In fact, counsel for the *Meijer* plaintiffs, *i.e.*, not counsel for either Cardinal or AmerisourceBergen, joined in instructing the witnesses not to answer many of Defendants' questions. In short, the *Meijer* plaintiffs are attempting to submit (unfounded) testimony in support of their motion,

---

[1] Specifically, although Messrs. Flinn and Jones assert in their declarations that their respective employers (putative class members and assignors of claims to other putative class members) do not have certain contracts with their customers and although Messrs Flinn and Jones describe generally the factors that "influence the prices [at which each wholesaler] charges for prescription pharmaceutical products," both Messrs. Flinn and Jones were instructed not to answer questions regarding other types of contracts and other factors which may influence the prices of Ovcon 35 — the object of this case.

while improperly denying Defendants an opportunity to explore and rebut that testimony. Such gamesmanship is inappropriate and grounds for striking the declarations.

Accordingly, Defendants respectfully move that the Wholesaler Declarations be stricken.[2]

## ARGUMENT

**I.  THE WHOLESALER DECLARATIONS ARE WHOLLY WITHOUT FOUNDATION OR FACTUAL BASIS AND SHOULD BE STRICKEN.**

It is well settled that affidavits or declarations lacking personal knowledge or containing legal conclusions should be stricken. *See, e.g., United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995). Indeed, Rule 56(e) provides that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See Goode v. STS Loan & Mgmt., Inc.*, No. Civ.A. DKC 2004-0999, 2005 WL 106492, at *2 (D.Md. Jan 14, 2005) (looking to Rule 56(e)'s requirements as guidance in determining whether to strike an affidavit filed in support of a motion to dismiss). None of the (identical) conclusory Wholesaler Declarations are based on the personal knowledge of the declarants. Nor are the declarants competent to opine on the antagonistic economic interests or conflicts within the putative class, much less waive any such conflicts.

### A.   None Of The Declarants Have Personal Knowledge Of The "Facts" Asserted.

A declarant must have personal knowledge of the subject on which he is testifying. *See Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) ("requirement of personal knowledge

---

[2]  Pursuant to Local Rule 7(m), Defendants discussed the issues presented in this motion with counsel for the plaintiffs in an attempt to narrow the areas of disagreement, but the parties were unable to reach an agreement. Therefore, Defendants were required to seek intervention of the Court.

3

by the affiant is unequivocal, and cannot be circumvented. An affidavit based merely on information and belief is unacceptable."); *see also Vondran v. McLinn*, No. C 95-20296 RPA, 1995 WL 415153, at *4 (N.D. Cal. July 5, 1995) ("It is axiomatic that a declarant have personal knowledge of the facts contained in his or her declaration."). In other words, a declaration must assert (and be based on) facts to which the declarant could competently testify. *See*, *e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Commerce* 224 F.R.D. 261, 264 (D.C. Cir. 2004) ("statements that are impermissible hearsay, conclusory or self-serving are generally precluded."); *Search Force, Inc. v. Dataforce Int'l, Inc.*, 112 F. Supp. 2d 771, 774 (S.D. Ind. 2000); *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002) ("an affidavit must be stricken when it is a conclusory argument, rather than a statement of fact").[3]

Each of the Wholesaler Declarations opines that "[t]here is no antagonism or conflict between the interests of the Named Plaintiffs in pursuing overcharge damages in this case and [each wholesaler's] overall economic and legal interests." (Decl. of John Jay Flinn ("Flinn Decl.") (attached as Ex. A) ¶ 10; Decl. of Saul D. Factor ("Factor Decl.") (attached as Ex. B) ¶ 9; Decl. of Brian Jones ("Jones Decl.") (attached as Ex. C) ¶ 10.) Yet, none of the Wholesaler Declarations offer any facts to support their identical statements in this regard. Rather, each contains mere conclusory assertions or opinions for which none of the declarants have personal knowledge or factual basis. (*See id.,* generally.)

---

[3] *See also Burger King Corp. v. Lumbermens Mut. Cas. Co.*, 410 F .Supp. 2d 1249, 1255 (S.D.Fla. 2005) ("An affidavit has no probative value and must be stricken when it contains conclusions rather than statements of fact"); *Homebingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1239 (S.D. Ala. 2006) ("Another black-letter requirement of affidavits is that they must be rooted in facts, rather than conclusory remarks."); *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (affidavits based only on information and beliefs, and not personal knowledge, are subject to a motion to strike).

This is not surprising. As each declarant testified during his sworn deposition, none had ever heard of this litigation before being asked by counsel to submit a declaration in support of plaintiffs' motion for class certification. (*See* 06/08/2007 Flinn Dep. Tr. ("Flinn Dep.") (attached as Ex. D) at 48; 06/15/2007 Factor Dep. Tr. ("Factor Dep.") (attached as Ex. E) at 23-24; 06/14/2007 Jones Dep. Tr. ("Jones Dep.") (attached as Ex. F) at 9.) Moreover, none of the declarants had knowledge of any factual bases for the assertions made in their declarations, nor did a single declarant conduct any analyses or research into "their" assertions. (*See, e.g.*, Flinn Dep. (Ex. D) at 58 (testifying that he did not conduct any investigation into Cardinal's economic interests with respect to this action), 62-63 (testifying that he had no personal knowledge of the overcharge claims in other cases before meeting with the attorneys who presented him with the pre-drafted declaration); Factor Dep. (Ex. E) at 10-11 (testifying that he did not conduct any investigation regarding any of the claims in the declaration), 58 (testifying that he has no knowledge of whether McKesson makes more on a sale of branded Ovcon or generic Ovcon); Jones Dep. (Ex. F) at 22 (testifying that he did not examine AmerisourceBergen's contracts to determine whether customers are obligated to purchase fixed quantities at predetermined prices), 32 (testifying that he did not know that some named plaintiffs were proceeding as assignees of AmerisourceBergen).) The reason is clear: each declarant testified simply that he was presented with a pre-drafted declaration by counsel and, a short time later, signed that declaration. (*See* Flinn Dep. (Ex. D) at 54; Factor Dep. (Ex. E) at 63-64; Jones Dep. (Ex. F) at 12-16.)[4] Thus, not only are the Wholesaler Declarations themselves wholly bereft of any factual basis, none of the

---

[4] For example, Mr. Factor testified that he signed his pre-drafted declaration after *only a fifteen minute conversation* with counsel for McKesson (and had never heard of the litigation prior to that short conversation). (*See* Factor Dep. (Ex. E) at 64, 10-11.)

declarants could explain the purported factual basis for their conclusions, nor could they claim personal knowledge of such facts during their sworn testimony.

Notably, plaintiffs cannot rescue these declarations by characterizing them as the opinions of putative class members. Quite simply, any inferences or opinions in a declaration must be "grounded in observation or ***other first-hand personal experience***." *Owner Operator Res., Inc. v. Maag*, No. 1:02-CV-332, 2003 WL 21911061, at *1 (N.D. Ind. Mar. 28, 2003), *quoting Visser v. Packer Eng'g Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (emphasis added); *see also Judicial Watch*, 224 F.R.D. at 264. Thus, a declarant must have been directly involved with the issues on which he seeks to substantiate, and not merely have reviewed documents or spoken to others about those issues. *See Larouche v. Dep't of the Treasury*, No. CIV.A.91-1655 (RCL), 2000 WL 805214, at *14 (D.D.C. Mar. 31, 2000) (holding that portions of a declaration failed to meet the personal knowledge requirement even though the declarant "reviewed the documents to which he refers, or was present at the testimony that he related").

Here, the declarants did not even go so far as to review a single document substantiating "their" purported assertions. (*See* Flinn Dep. (Ex. D) at 19-20 (testifying that he did no investigation or review of documents before signing the declaration); Factor Dep. (Ex. E) at 23-24 (testifying that he did not review any documents before signing the declaration); Jones Dep. (Ex. F) at 16 (testifying that prior to signing the declaration, he did not review any documents to verify the truth of the statements in the declaration).) Instead, during their depositions, each declarant conceded that he had no personal experience on which to rely in order to support the allegations set forth in his declaration, and simply signed a pre-drafted document presented by counsel. (*See, e.g,* Flinn Dep. (Ex. D) at 77 (testifying that he had never waived a conflict of interest for Cardinal before); Factor Dep. (Ex. E) at 11 (testifying that his responsibilities do not

include negotiating contracts), 13 (testifying that knowledge of branded pharmaceutical pricing is "outside [his] area of expertise."); Jones Dep. (Ex. F) at 45 (testifying that the statement in the declaration that AmerisourceBergen is confident that named plaintiffs "are fully capable of representing ABC's interests for purposes of this action" was not based on his personal knowledge but instead "a recommendation from our legal group."), 53-56 (testifying that he did not know why AmerisourceBergen chose to pursue claims as part of a class in the previous litigations referenced in his declaration).)

Because Messrs. Flinn, Factor and Jones — admittedly — have no personal knowledge or factual bases for the assertions made in their respective declarations, each declaration should be stricken.

### B. None of the Declarants Are Competent To Opine Regarding The Antagonistic Economic Interests Or Conflicts Within The Putative Class Or The Adequacy Of Named Plaintiffs As Class Representatives.

Plaintiffs' lack of personal knowledge of any facts underlying the conclusory statements made in "their" declarations is fatal for yet another reason: the declarants are not competent to offer "opinions" regarding any antagonism or conflicts with other plaintiffs or the adequacy of named plaintiffs as class representatives. The deposition testimony of Messrs. Flinn, Factor, and Jones makes it exceedingly clear they are not competent to testify regarding these matters, as none have any relevant prior experience on antagonism and conflicts between the economic and legal interests of themselves and other plaintiffs. (*See* Flinn Dep. (Ex. D) at 58, 65, 67-68, 77; Factor Dep. (Ex. E) at 36-37, 43-44, 47, 51; Jones Dep. (Ex. F) at 35-36, 45, 58-62, 75.)[5]

---

[5] Since plaintiffs lack the competence to even opine regarding antagonistic interests or conflicts, they most certainly cannot waive any such conflicts or antagonistic interests, as they purport to do in their declarations. The simple desire of plaintiffs to waive their class conflicts does not vest the declarants with the personal knowledge to attest to the existence or non-existence of conflicts in the first place; declarants cannot waive conflicts as to which they do not even have the knowledge or authority to testify. *See McElmurry v. US Bank*
(Continued…)

Moreover, the declarants made no attempt to cure their lack of experience: they failed to conduct any analyses, investigations, or research into whether their interests potentially conflict with those of other plaintiffs, and are thus uniquely **un**qualified to proffer the opinion that no antagonism or conflict exists.

In any event, lay witnesses – such as Messrs. Flinn, Factor, and Jones – cannot assert legal conclusions in non-expert declarations, regardless of the context in which the declarations are offered. *See Biggro.com, Inc. v. Sales*, *360, LLC*, No. 8:05CV1450T17MSS, 2006 WL 539526, at *1 (M.D. Fla. Mar. 6, 2006) ("affidavits that express conclusions of law rather than statements of fact also must be stricken.").[6] Indeed, courts have stricken a wide variety of legal conclusions from declarations and affidavits offered in support of class certification. *See*, *e.g.*, *Lott v. Westinghouse Savannah River Co., Inc.*, 200 F.R.D. 539, 548-549 (D.S.C. 2000) ("**[T]he court strikes the Smith Declarations as 'evidence' in support of the motion for class certification**" because they are "*legal argument in this case in support of Plaintiff's motion for class certification.*") (emphasis added); *Hurley v. U.S. Healthworks Med. Group of Wash., P.S.*, No. CV-05-0017-EFS, 2006 WL 1788994, at *2 (E.D. Wash. June 27, 2006).

*Hurley* is especially instructive. There, plaintiffs submitted a declaration — like the Wholesaler Declarations here — asserting that "none of the named Plaintiffs have any interests that are antagonistic to the class." *Hurley*, 2006 WL 1788994, at *2. The court found that such

---

*Nat'l Ass'n.*, No. CV-04-642-HU, 2005 WL 2078302, at *18 (D. Ore. July 29, 2005) ("a purported waiver by defendant regarding the accuracy of the records does not vest Pinney with the personal knowledge to attest to their accuracy. This statement is stricken."); *see also Johnson v. U.S. Capitol Police Bd.*, No. CIVA1:03CV00614 (HKK), 2005 WL 486743, at *2 (D.D.C. Mar. 2, 2005) (declaration based on witness' personal feelings about a matter as opposed to actual knowledge should be stricken).

[6] *See also Homebingo*, 428 F. Supp. 2d at 1239 (striking statements in an affidavit which contained legal conclusions on alter ego, patent infringement, and "regular and established places of business").

8

conclusory assertions "are not based on [the declarant's] personal knowledge" and are simply "legal conclusions." *Id.* at *1. Accordingly, the court held that the declarant's statements "[were] *inadmissible* and w[ould] not be considered in connection with Plaintiffs' Motion to Certify Class." *Id*. (emphasis added).

Just like the plaintiffs in *Hurley*, plaintiffs here cannot rely on mere legal conclusions (of lay witnesses) to support their motion for class certification. Plaintiffs offer the Wholesaler Declarations to assert that "[t]here is no antagonism or conflict between the interests of the Named Plaintiffs in pursuing overcharge damages in this case and [the national wholesalers'] overall economic and legal interests." (Flinn Decl. (Ex. A) at ¶ 10, Factor Decl. (Ex. B) at ¶ 9, Jones Decl. (Ex. C) at ¶ 10.) These assertions, however, are purely legal conclusions and thus inadmissible. They should not be considered in support of plaintiffs' motion for class certification.[7]

---

[7] The Wholesaler Declarations are rife with similar legal conclusions regarding the proposed class and Rule 23's requirements. For example, each declarant concludes that each national wholesaler "has determined, in its considered business judgment, that its interests would best be served by the Court certifying the proposed class of direct purchasers, represented by the Named Plaintiffs and their counsel, and allowing this action to proceed as a class action with [the wholesaler] remaining a member of the class," (Flinn Decl. (Ex. A) at ¶ 6, Factor Decl. (Ex. B) at ¶ 6, Jones Decl. (Ex. C) at ¶ 6), and that each national wholesaler "is confident that the Named Plaintiffs and their counsel are fully capable of representing [the wholesaler's] interests for purposes of this action." (Flinn Decl. (Ex. A) at ¶ 7, Factor Decl. (Ex. B) at ¶ 7, Jones Decl. (Ex. C) at ¶ 7.) At depositions held earlier this month, the declarants failed to explain the method by which they exercised their "considered business judgment" to find that the national wholesalers' interests were served by class certification. Mr. Flinn, for example, when asked directly how such judgment was exercised, testified: "I can only answer *when* I reached that judgment, and that was in the meeting on May 18th." (Flinn Dep. at 53 (emphasis added).) Further, Mr. Jones of AmerisourceBergen testified that he did not know how AmerisourceBergen reached its considered business judgment, that he was not involved in reaching this business judgments, and that the "considered business judgment . . . came from [AmerisourceBergen's] legal department." (Jones Dep. at 35.) It is clear that declarants' assertions regarding the "considered business judgment" exercised by their respective employers — like each declarant's unsupported assertion that there are no conflicts among members of the putative class — are nothing more than legal conclusions. Thus, the declarations should be stricken in their entirety.

## II.     THE DECLARATIONS OF MR. FLINN AND MR. JONES MUST BE STRICKEN.

Beyond the evidentiary and foundational deficiencies of the Wholesaler Declarations, the declarations of Mr. Flinn (Cardinal) and Mr. Jones (AmerisourceBergen) should be stricken for the simple reason that defendants were intentionally denied the opportunity to explore "their" purported opinions or assertions during their sworn depositions — assertions plaintiffs affirmatively offer in support of their pending motion for class certification.  During their sworn depositions neither Mr. Flinn nor Mr. Jones was allowed to answer questions directly pertinent to the assertions made in their respective declarations based upon the advice of counsel.  In particular, Messrs. Flinn and Jones both assert in their declarations that their employers (putative class members and assignors of claims to other putative class members) do not have certain types of contracts with their customers.  In addition, Messrs Flinn and Jones both describe generally the factors that "influence the prices [at which each wholesaler re-sells] [] prescription pharmaceutical products."  Yet, despite these assertions, both Messrs. Flinn and Jones were not allowed to answer questions regarding other types of contracts to which their employers ascribed and other factors which influence the prices at which each wholesaler resold Ovcon 35.  (*See* Flinn Dep. (Ex. D) at 28-30; Jones Dep. (Ex. F) at 62-65.)  That is, both Mr. Flinn and Mr. Jones were ***instructed not to answer questions*** regarding other types of contracts to which their employers ascribed and other factors which may influence the prices of Ovcon 35 — the product at the heart of plaintiffs' claims — on the grounds that such questions were "not relevant."  (*See, e.g.,* Flinn Dep. (Ex. D) at  29; Jones Dep. (Ex. F) at 64.)

Specifically, counsel repeatedly instructed each witness not to answer questions relating to each wholesaler's contracts (even contracts with customers which have obtained assignments of claims in this litigation) for the sale of Ovcon 35 on the grounds that such questions related to

10

"downstream discovery" and were therefore "irrelevant." (*See, e.g.*, Flinn Dep. (Ex. D) at 6 ("I'm going to instruct him not to answer any questions along the terms of downstream discovery . . . they're not proper discovery in a case of this nature"); Jones Dep. (Ex. F) at 47-48 ("I'm instructing the witness that you will not be permitted to interrogate this witness on the relative profitability of generic versus branded. Downstream discovery is not permitted.").) Incredibly, counsel for the *Meijer* plaintiffs, *i.e.*, not counsel for either Cardinal or AmerisourceBergen, joined counsel for these third-party national wholesalers in instructing these witnesses ***not to answer defendants' questions***. (*See* Flinn Dep. (Ex. D) at 29; Jones Dep. (Ex. F) at 47.) The *Meijer* plaintiffs should not be allowed to wield the Wholesaler Declarations as a sword in support of their motion for class certification but deny Defendants the ability to explore or rebut those claims in opposing their motion. Such gamesmanship is inappropriate and grounds for striking the declarations.

Counsel's instructions not to answer questions — questions regarding issues addressed in each witness's declaration — are wholly improper. *See* Fed. R. Civ. P. 30(d)(1) (instructions not to answer are permitted only "when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)."). Not only were such instructions not to answer questions (on the basis of a purported "relevance" objection) wholly improper, such instructions are also highly prejudicial. Quite simply, a party cannot rely on a declarant's statements but then instruct the declarant not to answer defendants' questions exploring those very same statements.. *See, e.g., CSY Liquidating Corp. v. Harris Trust & Sav. Bank*, No. 96 C 1216, 1998 WL 157065, at *3 n.15 (N.D. Ill. Mar. 31, 1998) (granting in part motion to strike affidavit because the declarant "refused to answer questions regarding intercompany transfers during his deposition on instruction of counsel and, thus, he should not be

permitted to testify via affidavit on the very same issue that he refused to testify on at his deposition.")[8]  Accordingly, the testimony or declarations of Messrs. Flinn and Jones should be stricken.  *See, e.g., Butera v. District of Columbia*, 235 F.3d 637, 661-662 (D.C. Cir. 2001) (upholding preclusion of testimony, noting that "[a] district court may order sanctions, including a default judgment, for misconduct either pursuant to Rule 37(b)(2) . . . or pursuant to the court's inherent power to protect [its] integrity and prevent abuses of the judicial process.") (internal citation omitted).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court enter an Order striking the May 21, 2007 declarations of John Jay Flinn, Saul D. Factor, and Brian Jones submitted by plaintiffs in support of their motion for class certification..

---

[8]  *See also Laser Indus., Inc. v. Reliant Techns., Inc.*, 167 F.R.D. 417, 447 (N.D. Cal. 1996) (finding it would be manifestly unfair to allow a party to offer testimony regarding patent claims without giving the other side the chance to cross-examine to determine the accuracy or reliability of that testimony); *Friction Div. Prods., Inc. v. E.I. DuPont De NeMours & Co., Inc.*, 117 F.R.D. 535, 538-39 (D. Del. 1987) (granting motion to compel discovery to permit questioning of a declarant because "it would be manifestly unfair to allow FDP to make factual assertions, based on the Child investigation and Declaration . . . and then deny DuPont an opportunity to uncover the foundation for those assertions").

Dated: July 3, 2007                                     Respectfully submitted,

   */s/ Karen N. Walker*
Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Patrick M. Bryan (D.C. Bar # 490177)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*


   */s/ Peter C. Thomas*
Peter C. Thomas (D.C. Bar # 495928)
SIMPSON THACHER & BARTLETT LLP
601 Pennsylvania Avenue, N.W.
North Building
Washington, DC 20004
(202) 220-7700
(202) 220-7702 (fax)

Charles E. Koob (*Pro Hac Vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd.*