# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-80183-CIV-SEITZ/MCALILEY

BOCA RATON COMMUNITY HOSPITAL,
INC., *et al.*,

    Plaintiffs,

v.

TENET HEALTHCARE CORPORATION,

    Defendant.
_____/



### ORDER DENYING DEFENDANT'S RENEWED MOTION TO STRIKE AND GRANTING LEAVE TO FILE SUR-REPLY

THIS MATTER is before the Court on Tenet Healthcare Corporation's ("Tenet's") Renewed Motion to Strike the Declaration of Charles R. Booth [DE-230]. Mr. Booth's Declaration was initially offered in Boca Raton Community Hospital's ("Boca's") reply brief in support of its Motion for Class Certification. Shortly thereafter, Tenet filed a motion to strike Mr. Booth's Declaration as untimely and improper rebuttal evidence. *See* DE-208. While that motion was pending, Judge McAliley granted the government's motion for a protective order striking the Booth Declaration due to Boca's failure to comply with the *Touhy* regulations. *See* DE-226.[1] Subsequently, the government granted Boca's *Touhy* request, clearing the way for Boca to refile the Booth Declaration and prompting Tenet to renew its motion to strike.

In support of its motion, Tenet argues that Boca's use of expert testimony violates the Court's Scheduling Order [DE-61], which provides that if Boca relied on experts in support of its Motion for Class Certification, it had to make the experts available for deposition within 14 days thereof.

---

[1] As Magistrate McAliley explained, *United States ex. rel. Touhy v. Ragen*, 340 U.S. 642 (1951), affirmed the right of federal agencies to set rules governing the use of their records. Today the authority to implement such regulations is codified in 5 U.S.C. § 301.



The Scheduling Order places similar requirements on Tenet's use of experts in opposition to Boca's certification motion. *Id.* The Scheduling Order makes no provision for the use of rebuttal experts. Tenet argues that Boca's failure to disclose Mr. Booth until the filing of the its reply brief violates the Scheduling Order. Tenet also contends that it is prejudiced because it has been unable to depose Mr. Booth or respond to his opinions.

In response, Boca concedes that it offered no expert testimony in support of its Motion for Class Certification, but asserts that it is offering Mr. Booth's Declaration only in response to the arguments of Tenet's experts in its opposition to Boca's certification motion. Boca argues that it must be allowed to respond to Tenet's experts by using a rebuttal expert of its own, because Tenet's experts commit various errors regarding the outlier program, specifically the general operation of the program and the feasibility of making various damage calculations. Boca points out that even if it had filed expert opinions in support of its Motion for Class Certification, it could not have anticipated the specific arguments Tenet's experts make.

While it would have been better practice for the parties to have considered the possibility of rebuttal testimony when preparing their joint case management plan, or at least for Boca to have advised Tenet of its intent to use such a witness as soon as Boca decided an expert was necessary, the Court agrees that Boca should not be precluded from challenging Tenet's expert opinions with rebuttal testimony. Boca's failure to submit experts *in support* of its certification motion does not mean that it abandoned all rights to oppose Tenet's experts with its own. However, given the posture of the case it would be unfair to consider the Booth Declaration as affirmative support for Boca's class certification motion without letting Tenet respond. Unfortunately, given the nature of the issues raised by all the experts, the distinction between affirmative support and rebuttal evidence is

not cut and dried in this case. Rather than parse out which of Booth's statements are rebuttal, which are new, and what to do with those that overlap, and in an effort to eliminate any actual or perceived sandbagging, the Court will allow Tenet to file a Sur-Reply to rebut any points raised by Booth's Declaration.[2] Even assuming that Booth has raised new arguments, district courts possess discretion to allow additional arguments in a reply brief, provided the opposing party has an opportunity to respond with a sur-reply or otherwise. *See Vais Arms v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004); *Booking v. General Star Management Co.*, 254 F.3d 414, 418 (2d Cir. 2001). The Court's interest is not in allowing tactical advantages to either party, but in fairly gathering as much relevant evidence as reasonably possible to resolve the pending class certification motion. Accordingly, it is hereby

ORDERED that Tenet's Motion to Strike the Declaration of Charles R. Booth [DE-208] and its Renewed Motion to Strike [DE-230] are DENIED, and

IT IS FURTHER ORDERED that Tenet may submit by **May 31, 2006**, a Sur-Reply of no more than ten pages responding to any issues raised by the Booth Declaration.

DONE AND ORDERED in Miami, Florida, this 24 day of May, 2006.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
All Counsel of Record

---

[2] Boca's response states that Tenet scheduled Mr. Booth's deposition for last Friday, May 19, 2006. *See* DE-232, p. 2. Therefore, Tenet is no longer prejudiced by the alleged inability to depose Mr. Booth. Furthermore, both Tenet and Boca argued in the previous motion to strike and response thereto that a Sur-Reply would be an appropriate resolution to this particular dispute. *See* DE-208, 210.

-3-