# Baker Hostetler

Baker&Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

Thomas L. Long
direct dial: 614.462.2626
tlong@bakerlaw.com

July 2, 2007

Honorable Colleen Kollar-Kotelly
United States District Judge
United States District Court
    District of Columbia
Washington, D.C.

Re:    *Meijer, Inc., et al., v. Warner Chilcott Holdings Co., et al.*
       Case No. 1:05-CV-02195

Dear Judge Kollar-Kotelly:

    We serve as counsel for Cardinal Health, Inc. ("Cardinal Health") for a number of matters including the case currently before your Honor.

    As part of the current case John Jay Flinn executed a Declaration at the request of the class representative. Mr. Flinn submitted the Declaration on behalf of Cardinal Health in his position as Senior Vice President Healthcare Supply Chain Services-Pharmaceutical. Mr. Flinn's Declaration included information regarding Cardinal Health's purchases of pharmaceutical products which are the subject of the current case; made clear Cardinal Health's willingness to proceed as an absent class member rather than filing its own action or intervening in the present case; and finally stated Cardinal Health did not believe there was any conflict of interest between Cardinal Health and the named plaintiffs, and, if any did exist, Cardinal Health waived any such conflict. Mr. Flinn's Declaration also noted that Cardinal Health had taken the same positions in prior, similar cases.

    Among the statements made by Mr. Flinn were:

    1.    Cardinal Health has no contracts under which its customers are obligated to purchase fixed quantities of prescription pharmaceuticals at pre-determined prices.

    2.    Cardinal Health is aware the named plaintiffs filed this case as a class action on behalf of direct purchasers of Ovcon 35 seeking aggregate damages in the form of overcharges for the class as a whole.

    3.    Cardinal Health's considered business judgment is that its best interests would be served if the Court certified a class with the named plaintiffs serving as the

class representatives represented by class counsel and with Cardinal Health remaining a member of the class.

4. Cardinal Health has prior experience in similar cases in which it has remained a class member when aggregated overcharge damages were sought as a result of the alleged delayed entry of generic products.

As with any corporate act, the investigation and final decision making regarding the submission of Mr. Flinn's Declaration was made by a number of Cardinal Health employees. Mr. Flinn was selected as the declarant because he currently holds the position of the person who had previously submitted affidavits or declarations on Cardinal Health's behalf in prior cases. As such, Mr. Flinn's declaration represents both his personal, as well as Cardinal Health's corporate, opinion.

Further, as Cardinal Health's counsel, I represent to the Court the facts and statements set forth in Mr. Flinn's Declaration reflect Cardinal Health's position and analysis. As has been true in other, similar cases, it is Cardinal Health's considered business judgment that participating in this case as an absent member of a certified class is in its best interests.

Defendants' effort to force Cardinal Health to execute an additional or even multiple declarations will only result in unwarranted costs imposed on Cardinal Health and a possible delay in this proceeding for no reasonable purpose because any such declarations will reflect the same corporate decision set forth in Mr. Flinn's Declaration.

Very truly yours,

BAKER & HOSTETLER LLP

By: _____
Thomas L. Long