# LATHAM & WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Tel: +415.391.0600  Fax: +415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

July 5, 2007

File No. 021532-0025

Honorable Colleen Kollar-Kotelly
United States District Judge
U.S. District Court, District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 200001

Re:   <u>Meijer, Inc., et al. v. Warner Chilcott Holdings Co., et al.</u>, No. 1:05-cv-02195

Dear Judge Kollar-Kotelly,

My client McKesson Corporation ("McKesson") is an absent class member in the above-referenced case pending in your Court. McKesson has in recent years been a class member in other similar antitrust cases in which pharmaceutical companies were alleged to have delayed the entry of generic pharmaceutical products causing overcharge damages to a class of direct purchasers, including McKesson. In those cases, as here, McKesson decided that its economic and other interests were best served by participating as a class member rather than attempting to intervene directly in the suit or bring a separate action.

The class representatives in this case requested that a representative of McKesson submit a declaration in support of class certification. McKesson did so on May 21, 2007 through its Senior Vice President, Product Management, Saul Factor. After submitting the declaration, Mr. Factor sat for a deposition and answered all of defendants' questions. The defendants have now filed a motion to strike Mr. Factor's declaration, which McKesson opposes.

Mr. Factor noted in his declaration that McKesson purchased Ovcon 35, directly from Warner Chilcott during the period April 22, 2004 through the present and that McKesson also has purchased generic versions of Ovcon 35 after they became available and continues to purchase those products today. McKesson has determined, as Mr. Factor stated, that its interests would best be served by the Court certifying the proposed class of direct purchasers, represented by the named plaintiffs and their counsel, and allowing this action to proceed as a class action with McKesson remaining a member of the class. As stated in Mr. Factor's declaration, McKesson does not consider there to be a conflict of interest between McKesson and the named Plaintiffs and if any conflict did exist, McKesson would waive it.

We believe that the fact that Mr. Factor did not personally draft his declaration or that others were involved in the corporate decisions referenced in the declaration is of no moment.

LATHAM&WATKINS LLP

The declaration represents Mr. Factor's views as a representative of McKesson. Requiring additional declarations and depositions from other McKesson personnel involved in the corporate decisions reflected in the declaration, which will inevitably reflect the same corporate decision making process, will only serve to delay these proceedings and impose additional unwarranted costs on McKesson and the other absent class members.

Very truly yours,

Peter K. Huston
of LATHAM & WATKINS LLP

cc:   Plaintiffs' counsel
      Defendants' counsel

SF\616927.1