**FILED**

JAN 0 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: CHILDREN'S IBUPROFEN ORAL
SUSPENSION ANTITRUST LITIGATION

Misc. No. 04mc0535 (ESH)

THIS DOCUMENT RELATES TO:

MEIJER, INC. and MEIJER
DISTRIBUTION, INC., on behalf of
themselves and all others similarly situated,

       Plaintiffs,

Civil Action No. 1:04CV01366 (ESH)

v.

PERRIGO COMPANY and ALPHARMA
INC.,

       Defendants.

SAJ DISTRIBUTORS, INC.,

       Plaintiff,

Civil Action No. 1:04CV01620 (ESH)

v.

PERRIGO COMPANY,

       Defendant.

**[PROPOSED] ORDER CERTIFYING CLASS IN LIGHT OF SETTLEMENTS
AND PRELIMINARILY APPROVING PROPOSED SETTLEMENTS
BETWEEN DIRECT PURCHASER CLASS PLAINTIFFS
AND DEFENDANTS PERRIGO COMPANY AND ALPHARMA INC.**

Upon review and consideration of the Settlement Agreement dated September 13, 2005,

executed on behalf of Plaintiffs Meijer, Inc., Meijer Distribution, Inc., and SAJ Distributors, Inc.

("Plaintiffs"), individually and as representatives of the proposed Class (as defined herein), and

on behalf of Perrigo Company ("Perrigo"), and the exhibits attached thereto ("Perrigo Settlement

Agreement"); the Settlement Agreement dated December 16, 2005, executed on behalf of

Plaintiffs, individually and as representatives of the proposed Class (as defined herein), and on

behalf of Alpharma Inc. ("Alpharma"), ("Alpharma Settlement Agreement") (the Perrigo

Settlement Agreement and the Alpharma Settlement Agreement are referred to collectively as the

"Settlement Agreements" or the "Settlements"); and the Motion by Direct Purchaser Plaintiffs

for Preliminary Approval of Settlements, Certification of the Proposed Class in Light of

Settlement, Appointment of Class Counsel, and Approval of the Form and Manner of Notice to

the Class, and brief in support thereof, it is hereby ORDERED as follows:

## PRELIMINARY APPROVAL OF SETTLEMENTS AND CERTIFICATION OF CLASS IN LIGHT OF SETTLEMENT

1.      This Court finds that it has jurisdiction over this Action and each of the parties to

the Settlement Agreements.

2.      The terms of the Perrigo Settlement Agreement and the Alpharma Settlement

Agreement are hereby preliminarily approved. The Court finds that the settlements encompassed

by the Settlement Agreements were entered into at arm's length by highly experienced counsel

and are sufficiently within the range of reasonableness so that notice of the Settlements should be

given as provided in this Order.

## CLASS CERTIFICATION

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

proposed Settlements, the Court hereby finds that the prerequisites for a class action have been

met and certifies the following class (the "Class" or "Direct Purchaser Class"):

> All persons and entities in the United States and its territories who
> purchased generic Ibuprofen Oral Suspension USP, 100 mg/5 mL
> (for over the counter distribution) directly from defendants Perrigo
> Company or any of its parents, subsidiaries, or affiliates at any
> time from December 22, 1998 through September 13, 2005.

Excluded from the Class are defendants Perrigo Company, Alpharma, Inc., and any of their respective parents, employees, subsidiaries, and affiliates, and all government entities.

4.    The Court finds that certification of the Class is warranted in light of the Settlements because (a) the class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Class; (c) Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the Class; and (d) common issues predominate over any individual issues affecting the members of the Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving this matter.

5.    The Court hereby appoints Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as the lead Class counsel for the Class ("Class Counsel"), having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

## NOTICE TO POTENTIAL CLASS MEMBERS

6.    Within 30 days after the date of entry of this Order, Class Counsel shall cause copies of the Notice of Proposed Partial Class Settlement and Hearing Regarding Partial Settlement with Defendant Perrigo Company, substantially in the form attached as Exhibit 3 to Plaintiffs' Motion, to be mailed by first class mail, postage prepaid, and/or by electronic mail, to all members of the Class, to the extent that they can be identified with reasonable diligence ("Mail Notice").

7.    Prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of Paragraph 6 of this Order.

8.    The foregoing notice provisions are hereby found to be the best means of

providing notice under the circumstances and, when completed, shall constitute due and

sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or

entitled to participate in the Settlement, in full compliance with the notice requirements of Rule

23 of the Federal Rules of Civil Procedure and due process of law.

## CLAIMS ADMINISTRATION

9.    To effectuate the Settlement and Notice provisions, Class Counsel has designated

Poorman-Douglas Corp. as the Settlement Administrator, which designation is hereby approved,

to be responsible for: (a) establishing a P.O. Box and toll-free phone number (to be included in

the Notice to the Class) for the purpose of communicating with Class members; (b)

disseminating notice to the Class; (c) accepting and maintaining documents sent from Class

members including opt-out forms, claim forms, and other documents relating to claims

administration; and (d) administering claims for allocation of funds among Class members in

association, if necessary, with competent economists hired by Class Counsel to assist with claims

administration.

10.    As described in the Notice to the Class, any Class member may opt out of the

Class by mailing a completed Request for Exclusion to the Settlement Administrator within 30

days after the date on which Notice is mailed to the Class. Persons or entities that request

exclusion from the Class shall not be entitled to share the benefits of Settlements, nor be bound

by any judgment, whether favorable or adverse.

11.    Any potential member of the Class that does not properly and timely mail a

Request for Exclusion as set forth in Paragraph 10 above shall be included in the Class and shall

be bound by all the terms and provisions of the Settlement Agreements, whether or not such

4

potential member of the Class shall have objected to the Settlements and whether or not such potential member of the Class makes a claim upon or participates in the Settlements.

### THE FAIRNESS HEARING

12. A Fairness Hearing is hereby scheduled to be held on *April 20* , 2006, before the undersigned at 333 Constitution Ave., N.W., Washington, D.C. 20001, Courtroom *IV* , to consider the fairness, reasonableness, and adequacy of the Settlements.

13. Any member of the Class that has not filed a Request for Exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlements, provided, however, that no person shall be heard in opposition to the Settlements, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before a date to be set in a subsequent order (but in no event less than thirty (30) days before the Fairness Hearing), such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlements, and any documentation in support of such opposition; and (b) serves copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Class Counsel and counsel for Perrigo and Alpharma.

14. The date and time of the Fairness Hearing shall be set forth in the Mail Notice, but shall be subject to adjournment by the Court without further notice to the members of the Class other than that which may be posted at the Court and on the Court's website.

## OTHER PROVISIONS

15.    Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreements

16.    In the event the Settlements, or any one of them, is/are terminated in accordance with the provisions of the Settlement Agreements, the Settlements, or whichever one is terminated, and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreements, and without prejudice to the status quo ante rights of Plaintiffs, Perrigo, Alpharma, and the members of the Class.

17.    If the Settlements, or any one of them, is/are terminated or ultimately not approved, the Court will modify any existing scheduling order to ensure that the Plaintiffs, Perrigo, and/or Alpharma will have sufficient time to prepare for the resumption of litigation, including but not limited to, the completion of discovery, preparation of expert reports, the filing of any summary judgment motion or motions, and preparation for trial.


SO ORDERED this 6 day of _____ January _____, 2006.


Ellen S. Huvelle
United States District Judge