COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Rebekah R. Conroy, Esq. (RC8712)
Attorneys for Plaintiffs
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663
(201) 845-9600

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: K-DUR ANTITRUST LITIGATION | Civil Action No. 01-1652 (JAG, Jr.) |
| This Document Relates to: | MDL Docket No. 1419 |
| Louisiana Wholesale Drug Company, Inc. v. Schering-Plough Corporation, et al. 01-CV-2869 | |

### ORDER PRELIMINARILY APPROVING PARTIAL SETTLEMENT, CERTIFYING A SETTLEMENT CLASS AND AUTHORIZING NOTICE TO THE CLASS AND SETTING HEARING

Upon consideration of Direct Purchaser Class Plaintiff's Motion for Preliminary Approval of the Proposed Settlement with Defendant Wyeth, for Conditional Certification of the Proposed Settlement Class and for Approval of the Form and Manner of Notice, dated July 23, 2004, the attachments thereto and the submissions of the parties, and having held a hearing on Sept. 23, 2004, to consider the motion and proposed form of notice, it is hereby

ORDERED as follows:

1. The Court finds that the proposed Settlement Class satisfies the requirements of Rule 23, and for purposes of the Settlement, the Court hereby certifies the Settlement Class of all persons who have purchased K-Dur 20 directly from Schering at any time during the period

November 20, 1998, through September 23, 2004. The class excludes: (1) federal governmental entities; (2) plaintiffs and their assigned claims in *Walgreen et al. v. Schering-Plough Corp., Inc. et al.*, No. 01-CV-4524 (JAG); and (3) and plaintiffs in *Commonwealth of Pennsylvania v. Schering-Plough Corp., Inc. et al.*, No. 328E. Also excluded are defendants and their officers, directors, management and employees, subsidiaries and affiliates (the "Settlement Class").

    2.    Upon review of the record, the Court finds that the proposed settlement between the Settlement Class and Defendant Wyeth (formerly known as American Home Products Corporation), which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval, and is hereby preliminarily approved.

    3.    The attached *Summary Notice of Proposed Partial Settlement and Hearing Regarding Settlement* and *Notice of Proposed Partial Settlement and Hearing Regarding Settlement* are likewise APPROVED for dissemination to the Settlement Class. As soon as practicable following entry of this Order, Co-Lead Counsel for the Settlement Class shall:

    A.    Cause the full Notice to be mailed by first class mail to all Settlement Class members whose names and addresses are known; and

    B.    Cause the summary notice to be published once in two industry trade journals of wide circulation among the Settlement Class members, such as *The Pink Sheet* and *Drug Topics*. Such notice constitutes the best notice practicable and satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

    4.    Class Co-Lead Counsel shall also ensure that copies of the Notice and the Settlement Agreement are available to Settlement Class members in a conspicuous place on their web sites.

Case 2:05-cv-02525-JAG-MCA Document 19-776 Filed 09/6/2004 Page 2 of 4

5. Co-Lead Counsel may retain an administrator to assist in providing notice to the Settlement Class, receiving requests for exclusion and communicating with class members. All expenses incurred must be reasonable and are subject to Court approval.

6. Any person who does not wish to remain members of the Settlement Class must mail a written request for exclusion which must be received on _____ no later than forty-five days after the date the Notice was mailed, whichever date is later, by the administrator. The request for exclusion must: (1) clearly state the person's name, address, and the name of the case (*In re K-Dur Antitrust Litigation*), and (2) clearly state that he/she wishes to be excluded from the Settlement Class.

7. A hearing shall be held before the undersigned Judge on ___TBD___, 2004 (the "Fairness Hearing"), for the purpose of considering whether to approve the proposed settlement between the Settlement Class and Wyeth as fair, reasonable, adequate, and in the best interests of the Settlement Class. The hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Co-Lead Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting a conspicuous notice on their internet web sites.

8. Class members who wish to object or otherwise be heard with respect to the proposed settlement, or to appear in person at the Fairness Hearing must first send a *Notice of Intention to Appear* and a *Summary Statement* outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Office of the Clerk of this Court, with copies to Co-Lead Counsel for the Class, and must be postmarked no later than fourteen (14) days prior to the Fairness Hearing.

3

Except as herein provided, no person shall be entitled to contest the terms of the proposed settlement. All persons who fail to file a *Notice of Intention to Appear* as well as a *Summary Statement* as provided above may be deemed to have waived such objections and will not be heard in person at the hearing.

DONE and ORDERED in Newark, New Jersey, this 30th day of September, 2004.

HON. JOSEPH A. GREENAWAY, JR.
UNITED STATES DISTRICT JUDGE

4