IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., *et al.*,<br><br>                    Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*,<br><br>                    Defendants. | Civil Action No. 1:05-cv-02195-CKK<br><br>Judge Colleen Kollar-Kotelly |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO STRIKE THE MAY 21, 2007 DECLARATIONS OF JOHN JAY FLINN, SAUL D. FACTOR AND BRIAN JONES

Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Patrick M. Bryan (D.C. Bar # 490177)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

Peter C. Thomas (D.C. Bar # 495928)
SIMPSON THACHER & BARTLETT LLP
601 Pennsylvania Avenue, N.W.
North Building
Washington, DC 20004
(202) 220-7700
(202) 220-7702 (fax)

Charles E. Koob (D.C. Bar # 502969)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd.*

Dated:   July 26, 2007

In their opposition brief, plaintiffs abandon any pretense that the Wholesaler Declarations submitted in connection with their reply brief in support of class certification are properly founded or competent evidence. Rather, plaintiffs concede that none of the declarants at issue has any personal knowledge supporting the assertions made in his declaration, and they confirm that each declarant is nothing more than a mouthpiece for the bare conclusions and arguments of counsel. (*See* Pls.' Opp'n at 9-10 (conceding that "***in-house . . . and outside counsel[] are the source of the statements contained in each Declaration***") (emphasis added); *see also id*. at 7 ("The judgments expressed in the Declaration are ***not*** Mr. Jones's; they are, he testified, those of ABC's legal department.") (emphasis added).)

Therefore, it is undisputed that none of the declarants is competent to opine as to the existence of antagonistic economic interests or conflicts within the putative class, much less the adequacy of representation by the named plaintiffs. Accordingly, the declarations of Messrs. Flinn, Factor, and Jones must be stricken.

Notwithstanding their admission that each declarant is merely a shill for the arguments and legal conclusions of counsel, plaintiffs inexplicably argue that the declarations are nonetheless proper because — according to plaintiffs — Messrs. Flinn, Factor, and Jones are "corporate representatives, whom each of the National Wholesalers designated to announce their true interests to" the Court, Pls.' Opp'n at 3, namely, that the National Wholesalers "want[] this Court to certify the proposed class with the named Plaintiffs as class representatives." (*Id*. at 2.)[1]

---

[1] Throughout their opposition, plaintiffs purport to justify their submission of the wholesaler declarations because, according to plaintiffs, Defendants claimed that the national wholesalers "would not want the Court to certify the proposed direct purchaser class because . . . continuing this litigation would purportedly be against the financial interests of the National Wholesalers." (Pls.' Opp'n at 5.) Plaintiffs evidently misconstrue Defendants' opposition to plaintiffs' motion for class certification and the economic evidence offered by Defendants in support thereof which shows that the national wholesalers may have actually ***benefited*** from the conduct alleged to be wrongful, thereby giving rise to intra-class conflicts which preclude class certification. In
(Continued…)

As an initial matter, plaintiffs' claim that Messrs. Flinn, Factor, and Jones are "designees" of the national wholesalers is simply incorrect. But, more importantly, plaintiffs' inventive assertion, even if true, would change nothing. Specifically, a "designee" must still be competent to testify regarding the matters asserted. Here, there is no dispute that Messrs. Flinn, Factor, and Jones are uniquely *un*qualified to render any opinion regarding the antagonistic economic interests or conflicts among proposed class members, much less opine regarding the adequacy of representation of the named plaintiffs.

Finally, plaintiffs' contention that Defendants' motion "is mooted" by their submission of letters addressed to the Court (and attached to plaintiffs' opposition) from outside counsel for the national wholesalers is nothing short of inexplicable. Plaintiffs apparently contend that outside counsel can magically transform unfounded and incompetent opinion testimony into properly founded evidence merely by repeating that testimony in a letter brief submitted to the Court. Not surprisingly, plaintiffs offer no support or authority for such legal alchemy. Moreover, the notion that an absent class member could offer unsworn opinions and legal conclusions of counsel (through a shill declarant) as competent evidence in support of class certification, and then hide behind the shield of the attorney-client privilege to preclude exploration of the proffered statements, is unprecedented and absurd.

In short, nothing in plaintiffs' opposition disputes or calls into question the central premise of Defendants' motion, *i.e.*, that none of the declarants are competent to opine — individually or on behalf of their employers — regarding the antagonistic economic interests or

---

any event, the "wants" or wishes of absent class members with respect to class certification, just as the "wants" or wishes of Defendants or named plaintiffs, are neither relevant to nor probative of any aspect of the Court's class certification or Rule 23 analysis. Thus, the declarations of Messrs. Flinn, Factor, and Jones are not only — admittedly — lacking proper foundation, they are also irrelevant to any issue before the Court and should be stricken on that basis alone.

conflicts within the putative class or the adequacy of representation by the named plaintiffs, but instead are simply acting as mouthpieces for the legal conclusions and opinions of counsel. Therefore, Defendants respectfully request that plaintiffs' declarations be stricken.

## ARGUMENT

**I.    PLAINTIFFS CONCEDE THAT THE WHOLESALER DECLARATIONS ARE WHOLLY WITHOUT FOUNDATION OR FACTUAL BASIS.**

It is well settled that affidavits or declarations lacking personal knowledge or containing legal conclusions should be stricken, even if such declarations are offered solely in support of class certification. *See, e.g., Lott v. Westinghouse Savannah River Co., Inc.*, 200 F.R.D. 539, 548-549 (D.S.C. 2000) ("[T]he court strikes the Smith Declarations as 'evidence' in support of the motion for class certification" because they are "legal argument in this case in support of Plaintiff's motion for class certification."); *see also Hurley v. U.S. Healthworks Med. Group of Wash., P.S.*, No. CV-05-0017-EFS, 2006 WL 1788994, at *2 (E.D. Wash. June 27, 2006); *see also Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (the "requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented. An affidavit based merely on information and belief is unacceptable.").

Plaintiffs' opposition does not address, much less rebut, this and other authority cited in Defendants' opening brief, not even *Hurley*, a case that is directly on point.[2] In *Hurley*, as here,

---

[2] Plaintiffs' reliance on *Disability Rights Council v. Wash. Metro. Trans. Auth.*, 239 F.R.D. 9, 24 (D.D.C. 2006), for the proposition that evidence need not be admissible at trial in order to be submitted for purposes of class certification underscores that plaintiffs miss the point: the issue is not whether the declarations would be admissible at trial, the issue is whether a declaration which — admittedly — does nothing more than parrot the conclusions and opinions of counsel is probative or competent evidence in any context. For the reasons cited herein, Defendants respectfully submit that the answer is clearly no. Indeed, according to plaintiffs' view, attorneys on both sides could put forth declarants to sponsor the ***attorneys'*** views concerning whether the elements of Rule 23 have or have not been satisfied as a form of supplemental pleading. Moreover, it is worth noting that neither *Disability Rights Council*, nor the case it relies upon, *In re Rand Corp.*, No. 02-8007, 2002 WL 146180, at *1 (D.C.Cir. July 8, 2002), have been followed for the proposition that evidence need not be admissible at trial in order to be submitted for purposes of class certification, and that the court in *Rand* relies
(Continued…)

plaintiffs offered a declaration in support of their motion for class certification which stated that "none of the named Plaintiffs have any interests that are antagonistic to the class."[3] *Hurley*, 2006 WL 1788994, at *2. The court found that such conclusory assertions "are not based on [the declarant's] personal knowledge" and are simply "***legal conclusions***." *Id*. at *1 (emphasis added). Accordingly, the court held that the declarant's statements "[were] inadmissible and w[ould] not be considered in connection with Plaintiffs' Motion to Certify Class." *Id*.

Here, plaintiffs concede that none of the declarants has personal knowledge of the assertions made in his declaration and, instead, is simply parroting the legal conclusions of counsel. (*See* Pls.' Opp'n at 9-10 (conceding that "***in-house . . . and outside counsel[] are the source of the statements contained in each Declaration***") (emphasis added); *see also id*. at 7 ("The judgments expressed in the Declaration are ***not*** Mr. Jones's; they are, he testified, those of ABC's legal department.") (emphasis added); *id*. at 9 (conceding that declarants "were *not* speaking . . . based upon their own personal knowledge.") (emphasis in original).) On that basis alone, the declarations of Messrs. Flinn, Factor, and Jones should be stricken, none of plaintiffs' arguments to the contrary availing.

### A. Plaintiffs' Reliance on Rule 30(b)(6) Is Unavailing.

Plaintiffs claim that the declarations should not be stricken because each declarant is a "designee" of his respective national wholesaler. (Pls.' Opp'n at 9.) As an initial matter, plaintiffs' assertion that Messrs. Flinn, Factor, and Jones were "designated" "corporate

---

upon *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974), which merely states that a court should not delve into the merits of the case when deciding class certification, ***not*** that a court can consider inadmissible evidence for purposes of class certification.

[3] *Cf*. Flinn Decl. at ¶ 10, Factor Decl. at ¶ 9, Jones Decl. at ¶ 10 (asserting that there is "no antagonism or conflict between the interests of the Named Plaintiffs in pursuing overcharge damages in this case and [the national wholesalers'] overall economic and legal interests.").

representatives" of the national wholesalers is incorrect.[4]  None of the declarants purported to be "designees" of their employers, either in their declarations or in their sworn depositions.  And, tellingly, before filing their opposition brief, neither plaintiffs' counsel nor outside counsel for the national wholesalers ever stated, or even suggested, that the declarants were testifying on behalf of their employers as "corporate representatives."[5]

More importantly, plaintiffs do not — and cannot — explain how Rule 30(b)(6) is even applicable here.  *Cf*. Fed. R. Civ. P. 30(b)(6).  That rule plainly does not apply to declarations submitted, as here, pursuant to 28 U.S.C. § 1746, and plaintiffs cite no authority for the proposition that a corporation may "testify" through such an unsolicited, unnoticed declaration.  Thus plaintiffs' reliance on Rule 30(b)(6) is wholly unavailing.

In any event, even if each declarant was somehow "designated" by a national wholesaler to parrot the conclusions and opinions of its outside counsel, the declarations still contain nothing more than bare legal conclusions — and plaintiffs do not dispute this.  Thus, even if Rule 30(b)(6) applied to the wholesaler declarations (which it does not), the wholesaler declarations remain wholly unfounded and improper.  Quite simply, a "corporate representative" designated pursuant to Rule 30(b)(6) must still be "competent" to testify regarding the matters asserted.  *Pro-Football, Inc. v. Hargo*, Civ. Action No. 99-1385 (CKK), 2006 WL 2092637, *6-

---

[4] Plaintiffs' suggestion that Defendants somehow knew and yet "feigned ignorance" that declarants were "designees" of the national wholesalers, Pls.' Opp'n at 11 n10, is nothing short of baffling.  Defendants' usage of the possessive pronoun "their" to refer to the declarants' purported assertions, was, according to plaintiffs, a betrayal of Defendants' "feigned ignorance."

[5] Especially troubling is plaintiffs' counsel's assertion that "Cardinal, McKesson and ABC had *already* designated a representative to speak for each corporation . . . obviating [the] need to invoke Rule 30(b)(6)." (Pls.' Opp'n at 10 n8 (emphasis in original).)  This assertion is patently false.  Indeed, during the meet and confer process preceding the filing of the instant motion, plaintiffs' counsel conceded that the declarants were ***not*** Rule 30(b)(6) witnesses.

*7 (D.D.C. July 26, 2006) (noting testimony of corporate representative pursuant to Rule 30(b)(6) must satisfy admissibility requirements of Fed. R. Evid. 602); *see also Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (Rule 30(b)(6) requires that a deponent "make a conscientious good-faith endeavor ***to designate the persons having knowledge of the matters***" asserted and "answer fully, completely, unevasively, the questions posed.") (emphasis added) (citation omitted).  Here, there is no dispute that Messrs. Flinn, Factor, and Jones are uniquely ***un***qualified to render any legal or other opinion regarding the antagonistic economic interests or conflicts among proposed class members, much less opine regarding the adequacy of representation of the named plaintiffs.  Nothing in Rule 30(b)(6) changes this fact.[6]

### B. Plaintiffs' Contention That Unsworn Statements of Outside Counsel "Moot" Defendants' Motion Is Unfounded.

Plaintiffs inexplicably contend that the letters addressed to the Court (and attached as exhibits to plaintiffs' opposition) from outside counsel for the respective national wholesalers "ratify the contents of the Declarations" and somehow "moot[]" the instant motion. (Pls.' Opp'n at 14.)  In these letters, counsel for the national wholesalers simply repeat the very same assertions (*i.e.*, legal conclusions) stated in each of the national wholesaler declarations. (*See* Pls.' Opp'n Ex. A ("Cardinal Health did not believe there was any conflict of interest between

---

[6] Because neither the declarants nor their counsel are competent to even opine regarding antagonistic interests or conflicts, they most certainly cannot waive any such conflicts or antagonistic interests, as they purport to do in their declarations.  The simple desire of plaintiffs to waive their class conflicts does not vest the declarants with the personal knowledge to attest to the existence or non-existence of conflicts in the first place; declarants cannot waive conflicts as to which they do not even have the knowledge or authority to testify. *See McElmurry v. US Bank Nat'l Ass'n.*, No. CV-04-642-HU, 2005 WL 2078302, at *18 (D. Ore. July 29, 2005) ("a purported waiver by defendant regarding the accuracy of the records does not vest Pinney with the personal knowledge to attest to their accuracy.  This statement is stricken."); *see also Johnson v. U.S. Capitol Police Bd.*, No. CIVA1:03CV00614 (HKK), 2005 WL 486743, at *2 (D.D.C. Mar. 2, 2005) (declaration based on witness' personal feelings about a matter as opposed to actual knowledge should be stricken).

Cardinal Health and the named plaintiffs"); Ex. B ("As stated in Mr. Factor's declaration, McKesson does not consider there to be a conflict of interest between McKesson and the named Plaintiffs and if any conflict did exist, McKesson would waive it."); Ex. C ("[T]here is no conflict of interest between ABC and the named Plaintiffs, and [], if any did exist, ABC would waive any such conflict."); *cf*. Flinn Decl. ¶ 10; Factor Decl. ¶ 9; Jones Decl. ¶ 10).)[7]

Plaintiffs apparently contend that outside counsel for the national wholesalers can transform unfounded and incompetent opinion testimony of each declarant into properly founded or colorable evidence simply by repeating that testimony in a letter brief submitted to the Court. Plaintiffs offer no support or authority for such a bizarre proposition; indeed, there is none.[8]

Equally misguided, plaintiffs apparently contend that the facts and so-called "business judgment[s]" underlying each declaration are "privileged" because an attorney was the source of those facts or judgments. (*See* Pls.' Opp'n at 6 (stating that the statements in Mr. Flinn's declaration were derived from "privileged discussions with Cardinal's counsel."); *id*. at 7 ("Mr. Jones's privileged discussions with ABC's in-house counsel, Jon Sturz" are the source of Mr. Jones's assertions); *id*. at 8 ("Mr. Factor's privileged conversations with McKesson's counsel" were the source of Mr. Factor's assertions.)) Thus, in plaintiffs' view, an absent class member is

---

[7] Submission of letter briefs to the Court was a violation of Local Rule 5.1(b). Moreover, according to the websites of the respective law firms of Messrs. Thomas L. Long (counsel for Cardinal Health), Peter K. Huston (counsel for McKesson), and Howard D. Scher (counsel for AmerisouceBergen), none of these gentlemen are even admitted to practice in the District of Columbia, let alone before this Court. Thus, their submissions to the Court of what are, in effect, supplemental briefs in support of plaintiffs' motion for class certification are wholly improper.

[8] The only support offered by plaintiffs for their extraordinary argument is a slew of cases purporting to show that attorneys have the authority to act on behalf of their clients. (*See* Pls.' Opp'n at 13.) However, whether outside counsel has "authority" to act on behalf of their client is irrelevant. The question is not whether attorneys generally have the authority to act on behalf of their clients, but whether outside counsel for absent putative class members can simply write opinion letters to the Court and claim that they constitute "evidence" which cannot be questioned by anyone, even the Court itself. Plaintiffs cite no authority to support the latter question because none exists.

permitted to render factual assertions, "business judgments," and legal opinions through a declarant with no personal knowledge, seek an attorney to adopt those assertions in writing on behalf of the absent class member, and then preclude a defendant from exploring the basis for their factual assertions, "business judgments," and opinion on the basis of the attorney-client privilege. Such an assertion is inconsistent with any reasoned understanding of the attorney-client privilege and the Federal Rules. *See* Fed. R. Civ. P. 26. Plainly, the Federal Rules do not permit plaintiffs to wield the attorney-client privilege as a sword in support of their motion for class certification (by claiming that "counsel are the source of the statements" and judgments in each declaration), yet deny Defendants the ability to explore or rebut those claims in opposing their motion.[9]

In sum, the admitted deficiencies of the Wholesaler Declarations cannot be cured by plaintiffs' resort to Rule 30(b)(6). Nor may counsel cure these deficiencies by simply repeating hollow legal conclusions, disguised as "business judgments," in letters to the Court.

## II. THE DECLARATIONS OF MR. FLINN AND MR. JONES SHOULD BE STRICKEN DUE TO COUNSEL'S IMPROPER INSTRUCTIONS NOT TO ANSWER.

Plaintiffs do not dispute that counsel for the *Meijer* plaintiffs, *i.e.*, not counsel for either Cardinal or AmerisourceBergen, joined in instructions not to answer questions on the grounds of relevance. Rather, plaintiffs now contend that counsel for the *Meijer* plaintiffs only "intended"

---

[9] Plaintiffs, alternatively, argue that "there is simply no room to question the position of the National Wholesalers concerning whether this case should be certified" and contend that "[t]heir legal and business judgment," Pls.' Opp'n at 15 — as represented in letters signed by their outside counsel — should "not be second guessed" by the Court or by Defendants. (*Id.* at 12.) Plaintiffs, however, fail to explain how statements of outside counsel or the purported "position of the National Wholesalers concerning whether this case should be certified" is relevant to any issue before the Court, including the instant motion or class certification. Moreover, the cases on which plaintiffs rely for support, such as *In re Armored Car Antitrust Litig.*, 645 F.2d 488 (11th Cir. 1981), are inapposite. In *Armored Car*, the court merely found that the Attorney General of Maryland had statutory

(Continued…)

to join in the relevance objections of counsel for Cardinal and AmerisourceBergen "and not the instruction[s]" not to answer questions on the basis of such objections. (Pls.' Opp'n at 7 n5.)

Notwithstanding plaintiffs' after-the-fact rationalization, there is no dispute that Defendants were intentionally denied the opportunity to explore Mr. Flinn's and Mr. Jones' purported opinions and assertions during their sworn depositions — assertions the *Meijer* plaintiffs affirmatively offer in support of their pending motion for class certification. In particular, there is no dispute that Mr. Flinn and Mr. Jones were not allowed to answer questions directly relevant to the assertions made in their respective declarations based upon the instructions of counsel — which counsel for the *Meijer* plaintiffs admittedly, but "unintentionally," joined. (*Id.*) Therefore, as discussed above, the *Meijer* plaintiffs should not be allowed to wield the Wholesaler Declarations as a sword in support of their motion for class certification but deny Defendants the ability to explore or rebut those claims in opposing their motion. Such gamesmanship is inappropriate and independent grounds for striking the declarations. *See CSY Liquidating Corp. v. Harris Trust & Savings Bank*, No. 96 C 1216, 1998 WL 157065, at *3 n15 (N.D. Ill. Mar. 31, 1998) (granting in part motion to strike affidavit because the declarant "refused to answer questions regarding intercompany transfers during his deposition on instruction of counsel and, thus, he should not be permitted to testify via affidavit on the very same issue that he refused to testify on at his deposition.") Accordingly, the testimony and declarations of Messrs. Flinn and Jones should be stricken.[10]

---

authority to opt out on behalf of the state's political subdivisions. *Id.* at 492-93. Simply put, *Armored Car*, like many of plaintiffs' cited cases, has absolutely no bearing on the present situation.

[10] In their opposition, plaintiffs go on to re-hash and re-argue their motion for class certification, Pls.' Opp'n at 16-19, and they contend, for example, that *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003), is "inapposite out-of-Circuit authority." (Pls.' Opp'n at 16.) Plaintiffs thus ignore the well-settled authority, including binding authority within this Circuit, precluding certification of a proposed class where, as
(Continued…)

## **CONCLUSION**

For the foregoing reasons and for the reasons stated in Defendants' Motion to Strike, Defendants respectfully request that this Court enter an Order striking the May 21, 2007 declarations of John Jay Flinn, Saul D. Factor, and Brian Jones.

Dated: July 26, 2007                                          Respectfully submitted,

                                                                                             */s/ Karen N. Walker*
                                                                     Karen N. Walker (D.C. Bar # 412137)
                                                                     Mark L. Kovner (D.C. Bar # 430431)
                                                                     Patrick M. Bryan (D.C. Bar # 490177)
                                                                     KIRKLAND & ELLIS LLP
                                                                    655 Fifteenth Street, N.W., Suite 1200
                                                                    Washington, DC 20005
                                                                    (202) 879-5000
                                                                    (202) 879-5200 (fax)

                                                                    *Counsel for Barr Pharmaceuticals, Inc.*

---

here, some class members (*e.g.*, the national wholesalers) benefit from the conduct alleged to be wrongful, *i.e.*, in which fundamental intra-class conflicts exist.  See *Phillips v. Klassen*, 502 F.2d 362 (D.C. Cir. 1974) (refusing class certification where some class members were pleased by the defendants' actions which were challenged by the named representatives), *cert. denied*, 419 U.S. 996 (1974); *Pigford v. Glickman*, 182 F.R.D. 341, 350 (D.D.C. 1998) (stating that Rule 23(a)(4) "necessitates an inquiry into . . . any disparity of interest between class representatives and members of the class") (citing *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997)); *see also Bieneman v. City of Chicago*, 864 F.2d 463, 465 (7th Cir. 1988) (affirming district court's denial of class certification because "[s]ome of these [class members] undoubtedly derive great benefit" from the alleged wrongful conduct); *Morris v. McCaddin*, 553 F.2d 866, 870-71 (4th Cir. 1977) (affirming district court's denial of class certification where "the interests of the named plaintiffs would have been antagonistic to the interests of many of the unnamed members of the class"); *Valley Drug*, 350 F.3d at 1191 ("To our knowledge, ***no circuit*** has approved of class certification where some class members derive a net economic benefit from the very same conduct alleged to be wrongful by the named representatives of the class.") (emphasis added).  In any event, plaintiffs' (incorrect) view of the law, including plaintiffs' facially flawed reading of *Valley Drug* (*see* Pls.' Opp'n at 17), is wholly irrelevant to the instant motion.

    */s/ Peter C. Thomas*
Peter C. Thomas (D.C. Bar # 495928)
SIMPSON THACHER & BARTLETT LLP
601 Pennsylvania Avenue, N.W.
North Building
Washington, DC 20004
(202) 220-7700
(202) 220-7702 (fax)

Charles E. Koob (D.C. Bar # 502969)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd.*