# EXHIBIT 2

**SIMPSON THACHER & BARTLETT LLP**

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3527

E-MAIL ADDRESS
arizzi@stblaw.com

VIA EMAIL

July 6, 2007

Re: *Walgreen Co., et al., v. Warner Chilcott Holdings Co., III,*
*Ltd., et. al.,* Civ. Action No. 1:06-CV-00494-CKK

Scott E. Perwin, Esq.
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

Dear Scott:

        In contravention of the established discovery cutoff, Plaintiffs untimely served their First Set of Interrogatories ("First Set of Interrogatories" or "Discovery Request") on Warner Chilcott via email on June 6, 2007.

        Plaintiffs were mandated by paragraph 8 of the Case Management Order to serve all discovery requests "such that the time for compliance with the same would occur on or before the [July 6, 2007] discovery cutoff."[1] As Warner Chilcott's response to Plaintiffs' Discovery Requests is not due until *after* the close of fact discovery, Warner Chilcott need not, and will not, respond to Plaintiffs' Request.

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, parties are generally granted thirty (30) days to respond to discovery requests. Rule 6(e) of the

---

[1]    To allow the parties to focus on settlement negotiations, the Court agreed to an extension of the discovery cutoff in this action from March 2, 2007 to July 6, 2007. *See* Feb. 15, 2007 Order.

LOS ANGELES    PALO ALTO    WASHINGTON, D.C.    BEIJING    HONG KONG    LONDON    TOKYO

SIMPSON THACHER & BARTLETT LLP

Scott E. Perwin, Esq.                    -2-                    July 6, 2007

Federal Rules of Civil Procedure, however, provides parties served by electronic means
(pursuant to Federal Rule of Civil Procedure 5(b)(2)(D)) with *three additional days* to
respond to any such requests. Plaintiffs chose to serve their First Set of Interrogatories via
email on June 6, 2007. Accordingly, the date for any response is now outside of the period
allotted for fact discovery.

Plaintiffs could have – but did not – choose to serve Warner Chilcott with
this last minute discovery request within the allotted discovery period. Alternatively, they
could have – but did not – seek an extension of the discovery cutoff in order to serve
discovery (though this is not surprising, as Plaintiffs argued to the Court a mere two days
before serving its most recent requests that "[f]act discovery is now essentially complete").
*See* Direct Purchaser Pls.' Mot. for Partial Summ. J. 2, fn 5. Plaintiffs chose neither of these
options. Rather, Plaintiffs improperly moved for summary judgment without seeking the
Court's permission to do so. In fact, it was only after the Court denied Plaintiffs' motion
*sua sponte* to allow discovery to be completed that Plaintiffs served this untimely request.
As a result, Warner Chilcott is not under any obligation to respond to Plaintiffs' Discovery
Request.

Very truly yours,

/s/

Annette C. Rizzi

cc: Contact Attorneys (via Deal Room)