IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS CO.<br>    III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No.: 1:05-CV-02195-CKK |
| WALGREEN CO., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS CO.<br>    III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No.: 1:06-CV-00494-CKK |
| CVS PHARMACY, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS CO.<br>    III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No.: 1:06-CV-00795-CKK |

**BARR PHARMACEUTICALS, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs would do well to review the Federal Rules of Civil Procedure ("Federal Rules") and the Rules of this Court ("Local Rules") to ensure that the motions they file have at least some basis in law. Plaintiffs filed their separate oppositions to Barr's June 28, 2007 motions to compel by electronic means on July 12, 2007. The Federal Rules and the Local Rules permitted Barr eight days to file its replies, not including intermediate Saturdays and Sundays. *See* L. Civ. R. 7(d); Fed. R. Civ. P. 6(e). A review of any calendar shows that Barr's replies were filed and served the day they were due—July 24, 2007.

Plaintiffs' motion to strike should be denied for at least three reasons:

*First*, the Local Rules are clear: "Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel. . . ." L. Civ. R. 7(m). This Rule is mandatory. But plaintiffs never contacted counsel for Barr regarding their motion to strike. For this reason alone, plaintiffs' motion is defective and should be denied. *See, e.g., Alexander v. FBI*, 186 F.R.D. 197 (D.D.C. 1999) (noting that failure to meet and confer may result in a denial of the motion at issue or sanctions).

*Second*, Local Civil Rule 5.4(a) is equally clear; it requires that "all documents to be filed with the Court must be filed by electronic means. . . ." L. Civ. R. 5.4(a). According to Local Civil Rule 5.4(d)(1), "[e]lectronic filing of any document operates to effect service of the document on counsel or pro se parties who have obtained CM/ECF passwords." L. Civ. R. 5(d)(1); *see also* Fed. R. Civ. P. 5(b)(2)(D) ("Service by electronic means is complete on transmission. . . .").

Plaintiffs' opposition briefs were electronically served on Barr when plaintiffs filed them on July 12, 2007.[1] By the clear language of the Federal Rules, Barr was thereby entitled to three additional days to file its replies. *See* Fed. R. Civ. P. 6(e) ("Whenever a party must or may act within a prescribed period after service and service is made [by electronic means], 3 days are added after the prescribed period would otherwise expire. . . ."). Barr's replies were thus filed and served on the day they were due—July 24, 2007.[2]

*Finally*, plaintiffs' arguments regarding Barr's refusal to respond to their untimely discovery requests are not relevant here. The Case Management Order ("CMO"), entered by this Court on June 30, 2006, requires that "all discovery requests should be made *such that the time for compliance* with the same would occur on or before the [July 6, 2007] discovery cutoff."[3] (CMO at ¶ 8 (emphasis added).) Plaintiffs served their discovery requests on Barr by electronic means on June 6, 2007, making Barr's responses to these requests due on July 9, 2007, three days after the close of discovery. *See* Fed. R. Civ. P. 6(e). Plaintiffs admit this. (Pls' Mot. at 2 ("Defendants' responses were due on July 9, 2007, three days after the fact discovery

---

[1] According to Local Civil Rule 5.4(d)(2), "[t]he requirement of a certificate or other proof of service is satisfied by the automatic notice of filing sent by the CM/ECF software to counsel or pro se parties who have obtained CM/ECF passwords." L. Civ. R. 5.4(d)(2). Counsel for Barr received the CM/ECF notices of filing for plaintiffs' opposition briefs on the morning of July 12, 2007. *See* CM/ECF Notice for Rite Aid's Memorandum in Opposition to Barr's Motion to Compel (attached as Exhibit A); CM/ECF Notice for Direct Purchaser Plaintiffs' Statement in Opposition to Barr's Motion to Compel (attached as Exhibit B).

[2] Plaintiffs have suggested that, because they subsequently hand delivered their opposition briefs to counsel for Barr, Rule 6(e)'s effect here was rendered a nullity. But those few courts that have considered this issue have concluded that subsequent service by hand delivery is superfluous of electronic service and has no impact on the application of Rule 6(e). *See, e.g., Cherry Line, S.A. v. Muma Servs.*, No. 03-199, 2007 WL 778179, at *1 (D. Del. Mar. 13, 2007) ("When a party chooses [service by] electronic means or mail delivery, separate hand delivery is gratuitous and has no effect on response times."); *cf. Maupin v. Dep't of Energy*, No. 03-1156, 2005 WL 3211883 (D.D.C. Nov. 18, 2005) (where party served motion by electronic means and then later by mail, deadline for reply was assessed based on date of electronic service).

[3] To allow the parties to focus on settlement negotiations, the Court agreed to an extension of the fact discovery cutoff, moving the deadline from March 2, 2007 to July 6, 2007. (*See* Feb. 15, 2007 Order.)

deadline.").) Under the clear terms of the CMO (which plaintiffs also do not dispute), plaintiffs' discovery requests were untimely. In any event, plaintiffs' untimely discovery requests have no bearing on any issue before the Court.

    For all of the foregoing reasons, plaintiffs' motion to strike should be denied.


Date:  July 30, 2007                                                      Respectfully submitted,


                                                                                                       /s/ Karen N. Walker
                                          Karen N. Walker (D.C. Bar # 412137)
                                          Mark L. Kovner (D.C. Bar # 430431)
                                          Chong S. Park (D.C. Bar # 463050)
                                          Patrick M. Bryan (D.C. Bar # 490177)
                                          KIRKLAND & ELLIS LLP
                                          655 Fifteenth Street, N.W.
                                          Washington, District of Columbia  20005
                                          Telephone: (202) 879-5000
                                          Facsimile: (202) 979-5200

                                          *Counsel for Barr Pharmaceuticals, Inc.*