# EX D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., et al. | No. 1:05-cv-02195-CKK |
| v. | Judge Colleen Kollar-Kotelly |
| WARNER CHILCOTT HOLDINGS COMPANY, et al. | |

## DECLARATION OF SAUL D. FACTOR

I, Saul D. Factor, under penalty of perjury, declare as follows:

1. I am Senior Vice President, Product Management, for McKesson Corporation ("McKesson"). I have authority to execute this Declaration on behalf of McKesson.

2. McKesson is involved in a variety of businesses in the health care industry including the distribution of brand name and generic prescription drugs to customers that include hospitals, clinics, institutional care facilities and retail outlets. As part of its distribution business, McKesson purchases drugs from manufacturers for resale to McKesson's customers.

3. McKesson purchased the brand-name prescription pharmaceutical Ovcon 35, directly from Warner Chilcott during the period April 22, 2004 through the present. McKesson also has purchased generic versions of Ovcon 35 after they became available and continues to purchase those products today.

4. McKesson has had no contracts under which its customers are obligated to purchase from McKesson fixed quantities of prescription pharmaceuticals at pre-determined prices. Prevailing market conditions cause the quantities of pharmaceutical products McKesson's customers purchase from McKesson to fluctuate. Prevailing market conditions also influence the prices that McKesson charges for prescription pharmaceutical products.

5. McKesson is aware that:

* Stephen L. LaFrance Holdings, Inc., SAJ Distributors, Inc., Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., and American Sales Company, Inc. (collectively, the "Named Plaintiffs") have filed an action on behalf of direct purchasers of Ovcon 35 (the "Class"), a group that includes McKesson;

* the Named Plaintiffs allege that the defendants, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US), Inc., Galen (Chemicals), Ltd., and Barr Pharmaceuticals, Inc. (collectively "Warner Chilcott and Barr") conspired to delay generic versions of Ovcon 35 from entering the market;

* the Named Plaintiffs seek to recover damages in the form of overcharges on behalf of the Class as a whole in the aggregate, with such aggregate damages (if recovered) to be allocated proportionately to Class members based on each Class member's proportionate share of the aggregate damages;

* the Named Plaintiffs have requested that the Court certify this action as a class action and that the direct purchasers of Ovcon 35 be certified as a class;

* if this case is certified as a class action, a judgment or settlement will bind all Class members; and

2

    \*    some of the Named Plaintiffs are proceeding as assignees or partial assignees of direct purchasers of Ovcon 35, and, in particular, Stephen L. LaFrance Holdings, Inc. and SAJ Distributors, Inc. are proceeding under a partial assignment from McKesson.

6. McKesson has determined, in its considered business judgment, that its interests would best be served by the Court certifying the proposed class of direct purchasers, represented by the Named Plaintiffs and their counsel, and allowing this action to proceed as a class action with McKesson remaining a member of the class.

7. Based on past experience, McKesson is confident that the Named Plaintiffs and their counsel are fully capable of representing McKesson's interests for purposes of this action.

8. In recent years, McKesson has been a class member in other antitrust cases in which pharmaceutical companies were alleged to have delayed the entry of generic pharmaceutical products to the detriment of a class of direct purchasers, including McKesson. In those cases, as here, McKesson decided that its economic and other interests were best served by participating as a class member in those cases. As here, overcharge damages were sought.

9. McKesson does not believe that there is antagonism or conflict between the interests of the Named Plaintiffs in pursuing overcharge damages in this case and McKesson's overall economic and legal interests.

10. Even if a court were to determine, contrary to McKesson's considered business judgment, that the interests of the Named Plaintiffs in challenging conduct which allegedly delayed entry of a generic version of Ovcon 35 were contrary or antagonistic to McKesson's interests, McKesson hereby waives any such alleged conflict of interest, and affirmatively states

that the Named Plaintiffs, whether proceeding by assignment or otherwise, can adequately represent the interests of McKesson in prosecuting this case as a class action.

The above statements are true and correct to the best of my knowledge, information, and belief.

Date: 5/21/2007

SAUL D. FACTOR

4