# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MEIJER, INC., et al.                     :        No. 1:05-cv-02195-CKK
                                         :        Judge Colleen Kollar-Kotelly
                v.                       :
                                         :
WARNER CHILCOTT HOLDINGS                 :
COMPANY, et al.                          :
                                         :

## DECLARATION OF BRIAN JONES

I, Brian Jones, under penalty of perjury, declare as follows:

1.      I am employed by AmerisourceBergen Corporation ("ABC") as Vice President,
Generic Pharmaceuticals Product Development. I have authority to execute this Declaration on
behalf of ABC.

2.      ABC is involved in a variety of businesses in the health care industry including the
distribution of brand name and generic prescription drugs to customers that include hospitals,
clinics, institutional care facilities and retail outlets. As part of its distribution business, ABC does
not manufacture prescription drugs, but rather purchases them from manufacturers for resale to
ABC's customers.

3.      ABC purchased the brand-name prescription pharmaceutical Ovcon 35, directly
from Warner Chilcott during the period April 22, 2004 through the present. ABC also has
purchased generic versions of Ovcon 35 after they became available and continues to purchase
those products today.

4.      ABC has had no contracts under which its customers are obligated to purchase
from ABC fixed quantities of prescription pharmaceuticals at pre-determined prices. Prevailing
market conditions cause the quantities of pharmaceutical products ABC's customers purchase

from ABC to fluctuate. Prevailing market conditions also influence the prices that ABC charges for prescription pharmaceutical products.

    5.    ABC is aware that:

        a.    Stephen L. LaFrance Holdings, Inc., SAJ Distributors, Inc., Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., and American Sales Company, Inc. (collectively, the "Named Plaintiffs") have filed an action on behalf of direct purchasers of Ovcon 35 (the "Class"), a group that includes ABC;

        b.    the Named Plaintiffs allege that the defendants, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US), Inc., Galen (Chemicals), Ltd., and Barr Pharmaceuticals, Inc. (collectively "Warner Chilcott and Barr") conspired to delay generic versions of Ovcon 35 from entering the market;

        c.    the Named Plaintiffs seek to recover damages in the form of overcharges on behalf of the Class as a whole in the aggregate, with such aggregate damages (if recovered) to be allocated proportionately to Class members based on each Class member's proportionate share of the aggregate damages;

        d.    the Named Plaintiffs have requested that the Court certify this action as a class action and that the direct purchasers of Ovcon 35 be certified as a class;

2

    e.  if this case is certified as a class action, a judgment or settlement will bind

       all Class members; and

    f.  some of the Named Plaintiffs are proceeding as assignees or partial

       assignees of direct purchasers of Ovcon 35.

  6.  ABC has determined, in its considered business judgment, that its interests would best be served by the Court certifying the proposed class of direct purchasers, represented by the Named Plaintiffs and their counsel, and allowing this action to proceed as a class action with ABC remaining a member of the class.

  7.  Based on past experience, ABC is confident that the Named Plaintiffs and their counsel are fully capable of representing ABC's interests for purposes of this action.

  8.  In recent years, ABC has been a class member in other antitrust cases in which pharmaceutical companies were alleged to have delayed the entry of generic pharmaceutical products to the detriment of a class of direct purchasers, including ABC. In those cases, as here, ABC decided that its economic and other interests were best served by participating as a class member in those cases. As here, overcharge damages were sought.

  9.  For instance, ABC has previously chosen to pursue its overcharge claims as part of a class represented by one or more of these same Named Plaintiffs, such as regional wholesalers Louisiana Wholesale Drug Co., Inc. and Rochester Drug Co-Operative, Inc., including in *In re Cardizem Antitrust Litig.*, MDL No. 1278 (E.D. Mich.); *In re Buspirone Patent and Antitrust Litig.*, MDL No. 1413 (S.D.N.Y.); *In re Remeron Direct Purchaser Antitrust Litig.*, 03-0085 (D.N.J.), and *In re Relafen Antitrust Litig.*, Master File 01-12239-WGY (D. Mass.), among others. ABC also has affirmatively expressed its support of other, similar pending

3

class actions, including *In re TriCor Direct Purchaser Antitrust Litig.*, 05-340 (D. Del.), and *In re K-Dur Antitrust Litig.*, MDL No. 1419 (D.N.J.).

10.    There is no antagonism or conflict between the interests of the Named Plaintiffs in pursuing overcharge damages in this case and ABC's overall economic and legal interests.

11.    Even if a court were to determine, contrary to ABC's considered business judgment, that the interests of the Named Plaintiffs in challenging conduct which allegedly delayed entry of a generic version of Ovcon 35 were contrary or antagonistic to ABC's interests, ABC hereby waives any such alleged conflict of interest, and affirmatively states that the Named Plaintiffs, whether proceeding by assignment or otherwise, can adequately represent the interests of ABC in prosecuting this case as a class action.

The above statements are true and correct to the best of my knowledge, information, and belief.

BRIAN JONES

Date: 5-14-07

4