# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., et al. : | No. 1:05-cv-02195-CKK |
| : | Judge Colleen Kollar-Kotelly |
| v. : | |
| : | |
| WARNER CHILCOTT HOLDINGS : | |
| COMPANY, et al. : | |
| : | |

## DECLARATION OF JOHN JAY FLINN

I, John Jay Flinn, under penalty of perjury, declare as follows:

1. I am employed by Cardinal Health, Inc. ("Cardinal") as its Senior Vice President Healthcare Supply Chain Services-Pharmaceutical. I have authority to execute this Declaration on behalf of Cardinal.

2. Cardinal is involved in a variety of businesses in the health care industry including the distribution of brand name and generic prescription drugs to customers that include hospitals, clinics, institutional care facilities and retail outlets. As part of its distribution business, Cardinal does not manufacture prescription drugs, but rather purchases them from manufacturers for resale to Cardinal's customers.

3. Cardinal purchased the brand-name prescription pharmaceutical Ovcon 35, directly from Warner Chilcott during the period April 22, 2004 through the present. Cardinal also has purchased generic versions of Ovcon 35 after they became available and continues to purchase those products today.

4. Cardinal has had no contracts under which its customers are obligated to purchase from Cardinal fixed quantities of prescription pharmaceuticals at pre-determined prices.

Prevailing market conditions cause the quantities of pharmaceutical products Cardinal=s customers purchase from Cardinal to fluctuate. Prevailing market conditions also influence the prices that Cardinal charges for prescription pharmaceutical products.

5. Cardinal is aware that:

   A. Stephen L. LaFrance Holdings, Inc., SAJ Distributors, Inc., Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., and American Sales Company, Inc. (collectively, the ANamed Plaintiffs@) have filed an action on behalf of direct purchasers of Ovcon 35 (the AClass@), a group that includes Cardinal;

   B. the Named Plaintiffs allege that the defendants, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US), Inc., Galen (Chemicals), Ltd., and Barr Pharmaceuticals, Inc. (collectively AWarner Chilcott and Barr@) conspired to delay generic versions of Ovcon 35 from entering the market;

   C. the Named Plaintiffs seek to recover damages in the form of overcharges on behalf of the Class as a whole in the aggregate, with such aggregate damages (if recovered) to be allocated proportionately to Class members based on each Class member=s proportionate share of the aggregate damages;

2

  D. the Named Plaintiffs have requested that the Court certify this action as a class action and that the direct purchasers of Ovcon 35 be certified as a class;

  E. if this case is certified as a class action, a judgment or settlement will bind all Class members; and

  F. some of the Named Plaintiffs are proceeding as assignees or partial assignees of direct purchasers of Ovcon 35.

6. Cardinal has determined, in its considered business judgment, that its interests would best be served by the Court certifying the proposed class of direct purchasers, represented by the Named Plaintiffs and their counsel, and allowing this action to proceed as a class action with Cardinal remaining a member of the class.

7. Based on past experience, Cardinal is confident that the Named Plaintiffs and their counsel are fully capable of representing Cardinal's interests for purposes of this action.

8. In recent years, Cardinal has been a class member in other antitrust cases in which pharmaceutical companies were alleged to have delayed the entry of generic pharmaceutical products to the detriment of a class of direct purchasers, including Cardinal. In those cases, as here, Cardinal decided that its economic and other interests were best served by participating as a class member in those cases. As here, overcharge damages were sought.

9. For instance, Cardinal has previously chosen to pursue its overcharge claims as part of a class represented by one or more of these same Named Plaintiffs, such as regional wholesalers Louisiana Wholesale Drug Co., Inc. and Rochester Drug Co-Operative, Inc.,

including in *In re Cardizem Antitrust Litig.*, MDL No. 1278 (E.D. Mich.); *In re Buspirone Patent and Antitrust Litig.*, MDL No. 1413 (S.D.N.Y.); *In re Remeron Direct Purchaser Antitrust Litig.*, 03-0085 (D.N.J.), and *In re Relafen Antitrust Litig.*, Master File 01-12239-WGY (D. Mass.), among others. Cardinal also has affirmatively expressed its support of other, similar pending class actions, including *In re TriCor Direct Purchaser Antitrust Litig.*, 05-340 (D. Del.), and *In re K-Dur Antitrust Litig.*, MDL No. 1419 (D.N.J.).

10. There is no antagonism or conflict between the interests of the Named Plaintiffs in pursuing overcharge damages in this case and Cardinal's overall economic and legal interests.

11. Even if a court were to determine, contrary to Cardinal's considered business judgment, that the interests of the Named Plaintiffs in challenging conduct which allegedly delayed entry of a generic version of Ovcon 35 were contrary or antagonistic to Cardinal's interests, Cardinal hereby waives any such alleged conflict of interest, and affirmatively states that the Named Plaintiffs, whether proceeding by assignment or otherwise, can adequately represent the interests of Cardinal in prosecuting this case as a class action.

The above statements are true and correct to the best of my knowledge, information, and belief.

Date: 5/18/07

JOHN JAY FLINN

DIANE CENNAME
Notary Public, State of Ohio
My Commission Expires 08/19/2009

4