IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., MEIJER DISTRIBUTION, INC., LOUISIANA WHOLESALE DRUG CO., INC., ROCHESTER DRUG CO-OPERATIVE, INC., VALLEY WHOLESALE DRUG COMPANY, INC., AMERICAN SALES COMPANY, INC., SAJ DISTRIBUTORS, INC., and STEPHEN L. LaFRANCE HOLDINGS, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER CHILCOTT COMPANY, INC., GALEN (CHEMICALS), LTD., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | No. 05 Civ. 2195 (CKK) |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT, dated November 28, 2007 (the "Settlement Agreement"), is made and entered into by and among defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd. (together "Warner Chilcott," or the "Warner Chilcott Defendants"), and plaintiffs Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co. Inc., Rochester Drug Co-Operative, Inc., American Sales Company, Inc., SAJ Distributors, Inc. and Stephen L. LaFrance Holdings, Inc. ("Plaintiffs") and the Direct Purchaser Class (or the "Class") (as defined below) in the class action Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al., D.D.C., 05-2195 (the "Class Action").

WHEREAS, Plaintiffs have alleged, among other things, that Warner Chilcott's agreement with defendant Barr Pharmaceuticals, Inc. ("Barr") dated March 24, 2004 was illegal under Section 1 of the Sherman Act, 15 U.S.C. § 1, causing Plaintiffs and other members of the Class to incur significant overcharge damages;

WHEREAS, the Warner Chilcott Defendants deny each and every one of Plaintiffs' allegations of unlawful conduct, deny that they have engaged in any wrongdoing whatsoever, and have asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs and the Warner Chilcott Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Warner Chilcott Defendants or of the truth of any of the claims or allegations alleged in the Class Action;

WHEREAS, counsel for Plaintiffs and the Warner Chilcott Defendants have engaged in arm's-length settlement negotiations, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between the Warner Chilcott Defendants and Plaintiffs (the "Settlement"), both individually and on behalf of the Direct Purchaser Class, has been reached, subject to the final approval of the Court;

WHEREAS, the Court appointed Class counsel have concluded, after extensive discovery and investigation of the facts, and after carefully considering the circumstances of the Class Action, including the claims asserted in the Amended Class Action Complaint filed on April 14, 2006 by Plaintiffs this Action (the "Complaint"), and the possible legal and factual defenses thereto, that it would be in the best interests of the Direct Purchaser Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the Direct Purchaser Class (including the

promised cooperation of the Warner Chilcott Defendants with Plaintiffs and the Class in pursuing their claims against the remaining defendant, Barr, as detailed below), and further, that Class counsel consider the Settlement set forth herein to be fair, reasonable, adequate and in the best interests of the Direct Purchaser Class; and,

WHEREAS, the Warner Chilcott Defendants have concluded, despite their belief that they are not liable for the claims asserted and that they have good defenses thereto, that it would be in their best interests to enter into this Settlement Agreement to avoid the uncertainties of litigation, and thereby avoid the risks inherent in complex litigation;

NOW THEREFORE, it is agreed by the undersigned, on behalf of the Warner Chilcott Defendants, the Plaintiffs, and the Direct Purchaser Class, that the Class Action and all claims of Plaintiffs and the Class be settled, compromised and dismissed on the merits and with prejudice as to the Warner Chilcott Defendants only and, except as hereinafter provided, without costs as to Plaintiffs, the Class or the Warner Chilcott Defendants, subject to the approval of the Court, on the following terms and conditions:

1. **Class Certification**. The Court, in its Opinion and Order dated October 22, 2007, granted Plaintiffs' motion for certification of a Class defined as follows:

> All persons or entities in the United States who purchased Ovcon 35 directly from Warner Chilcott at any time during the period April 22, 2004 through December 31, 2006. Excluded from the Class are Defendants and their officers, directors, management, and employees, subsidiaries or affiliates, and all governmental entities. Also excluded are hospitals, universities and clinics.

The parties further agree that, for purposes of this Settlement Agreement and application to the Court for approval thereof, the definition of the Class shall be amended to explicitly exclude any claims of the following entities: Walgreen Co., Eckerd Corporation, Maxi Drug, Inc. d/b/a Brooks Pharmacy, Albertson's Inc., The Kroger Co., Safeway, Inc., Hy-Vee, Inc.,

3

CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp. The definition of the Class shall also be amended to explicitly exclude any claims assigned by Class members to the foregoing entities.

2.  **Reasonable Best Efforts to Effectuate This Settlement**. Counsel for the undersigned agree to recommend approval of this Settlement by the Court and to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement Agreement.

3.  **Motion for Preliminary Approval.** Plaintiffs shall file with the Court a motion for preliminary approval of the Settlement and amendment to the definition of the Class as provided in paragraph 1 on or before November 30, 2007. The Warner Chilcott Defendants shall have the right to review prior to Plaintiffs' filing, and Plaintiffs shall provide to the Warner Chilcott Defendants at least two business days in advance of filing, their motion for preliminary approval of the Settlement. In the event that the Court preliminarily approves the Settlement, Plaintiffs shall, in accord with the order of preliminary approval, provide Class members with notice of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs' counsel will recommend notice of the Class by means of direct U.S. first class mail.

4.  **Motion for Final Approval and Entry of Final Judgment**. If the Court preliminarily approves the Settlement, Plaintiffs shall submit a motion for final approval of this Settlement by the Court, after appropriate notice to the Class, and shall seek entry of an order and Final Judgment, the text of which Plaintiffs and the Warner Chilcott Defendants shall agree upon. Plaintiffs shall afford the Warner Chilcott Defendants no fewer than five business days to review and comment on draft motions and supporting papers relating to final approval of this

Settlement. The text of the final judgment proposed order presented to the Court shall, among other things:

    a.    find this Settlement Agreement and its terms as being fair, reasonable and adequate as to Plaintiffs and the Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing consummation of the Settlement pursuant to its terms;

    b.    direct that the action pending against only the Warner Chilcott Defendants be dismissed with prejudice, and, except as provided herein, without costs;

    c.    retain exclusive jurisdiction over this Settlement Agreement, including the administration and consummation of this Settlement;

    d.    direct that the judgment of dismissal of the action pending against only the Warner Chilcott Defendants shall be final and appealable;

    e.    direct that, for a period of five years, the Clerk of the Court shall maintain the record of those members of the Class, if any, who have timely excluded themselves from the Class and that a certified copy of such records be provided to the Warner Chilcott Defendants;

    f.    incorporate the release language contained in paragraph 11 herein;

    g.    bar and enjoin all members of the Class who have not timely excluded themselves from the Class Action from filing or continuing to prosecute any lawsuit, action, or arbitration against the Warner Chilcott Defendants in any jurisdiction based on or relating to the facts and circumstances underlying the claims released in paragraph 11; and

    h.    at the option of Class counsel who may decide to defer the following requests until the conclusion of this class action against Barr, award from the Settlement Fund (defined below) up to $50,000 per representative Plaintiff as an incentive award, and awarding attorneys' fees and costs to counsel for Plaintiffs and the Class.

5.    **Finality of Settlement**. This Settlement Agreement shall become final upon the occurrence of all of the following:

    (i)    the Warner Chilcott Defendants have not availed themselves of any right to withdraw from the Settlement pursuant to paragraphs 15 or 16 hereof;

5

(ii) it is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

(iii) entry, as provided for in paragraph 4 herein, is made of the final judgment of dismissal with prejudice against Plaintiffs and the members of the Class who have not timely excluded themselves from the Class Action; and

(iv) the time for appeal from the Court's approval of this Settlement Agreement as described in (ii) hereof and entry of a final judgment as described in (iii) hereof has expired or, if appealed, either such appeal shall have been dismissed prior to resolution by the Court, or approval of this Settlement Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

6. **Settlement Consideration: Cash**. Subject to the provisions hereof, and in full, complete and final settlement of the Plaintiffs' and Direct Purchaser Class's claims in the Class Action against the Warner Chilcott Defendants only (but not the claims against Barr or any other person, firm, or corporation), the Warner Chilcott Defendants shall pay nine million dollars ($9,000,000) in cash (the "Settlement Amount") into an escrow account (the "Settlement Fund"), held and administered by an escrow agent to be selected by the Direct Purchaser Plaintiffs' Executive Committee in the Class Action litigation. Promptly following execution of this Agreement, the Direct Purchaser Class shall provide the Warner Chilcott Defendants with instructions for depositing the Settlement Amount into the Settlement Fund, and the Warner Chilcott Defendants shall deposit the Settlement Amount into the Settlement Fund within five business days after the date the Court grants preliminary approval to the Settlement. The escrow account shall be established and administered pursuant to an escrow agreement in a form satisfactory to the parties. It is intended that the escrow account be treated as a "qualified settlement fund" for federal income taxes purposes pursuant to Treas. Reg. § 1.468B-1 and that any taxes due as a result of income earned by the Settlement Fund will be paid from the

Settlement Fund. The Settlement Fund and any interest earned by the Settlement Fund shall be for the benefit of the Class, less (a) reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), (b) any Court-approved Plaintiff incentive awards for acting as Class representatives, and (c) payment of applicable taxes and any and all administrative and notice expenses associated with this litigation or Settlement.

7. **Full Satisfaction: Limitations of Interest and Liability**. Members of the Class who have not timely excluded themselves from the Class Action shall look solely to the Settlement Fund for settlement and satisfaction, against the Warner Chilcott Defendants only, of all claims that are released hereunder. Except as provided by order of the Court, no Class member shall have any interest in the Settlement Fund or any portion thereof.

8. **Reimbursement of Costs, Fees and Expenses**. Named Plaintiffs and their counsel will be reimbursed and indemnified solely out of the Settlement Fund for all costs, fees and expenses including, but not limited to, the costs of notice of this Settlement to Class members and administration of the Settlement Fund. The Warner Chilcott Defendants shall not be liable for any costs, fees or expenses (other than their share of the Secure Dealroom electronic notification system as previously ordered by the Court through the date of the Court's final approval of this Settlement Agreement) of any of the Plaintiffs' respective attorneys, experts, advisors, agents and/or representatives, but rather all costs, fees and expenses as approved by the Court shall be paid solely out of the Settlement Fund.

9. **Disbursement of the Settlement Fund**. If this Settlement Agreement becomes final pursuant to the provisions of paragraph 5 herein, the Settlement Fund shall be distributed to Class members as ordered by the Court. Prior to the Settlement becoming final pursuant to the provisions of paragraph 5 and upon the Court granting preliminary approval to the Settlement,

the escrow agent may make disbursements from the Settlement Fund for the costs and expenses of Class notice and for administration of the Settlement Fund. Disbursements for attorneys' fees and reasonable expenses awarded by the Court, and any incentive awards for the named Plaintiffs, may be made from the Settlement Fund on the later of: (1) five (5) business days after the date when no appeal or reargument can be taken from the final judgment described in paragraph 4 herein; or (ii) if an appeal is taken or a review is sought from the final judgment, five (5) business days after the date when no subsequent appeal, motion for reargument, or petition for certiorari can be taken from an order determining that the final judgment is final. If no objections to the Settlement are asserted, then disbursements for attorneys' fees and reasonable expenses awarded by the Court, and any incentive awards for the named Plaintiffs, may be made from the Settlement Fund five (5) business days after final judgment, as described in paragraph 4 herein, is entered by the Court. The Warner Chilcott Defendants shall have no liability or responsibility with respect to disbursements from or administration of the Settlement Fund. To the extent that there is any ambiguity or inconsistency concerning disbursements when this Settlement Agreement and the Escrow Agreement, also to be signed by Plaintiffs and the Warner Chilcott Defendants, are read together, the terms of this Settlement Agreement shall control.

10.  **Attorneys' Fees, Expenses and Costs**. Class counsel intend to seek, solely from the Settlement Fund, reimbursement of reasonable costs and expenses incurred in the prosecution of this action and attorneys' fees in an amount not to exceed 33 1/3 % of the gross Settlement Fund (plus interest thereon). The Warner Chilcott Defendants agree to take no position with respect to the application by Class counsel for the attorneys' fees, named plaintiff incentive awards, and expense payments as set forth above.

11.  **Releases.**

8

(a) Upon this Settlement Agreement's becoming final in accordance with paragraph 5 hereof, the Warner Chilcott Defendants and their present and former parents, subsidiaries, divisions, affiliates, stockholders, officers, directors (including, without limitation, Roger Boissoneault), employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) only (the "Released Parties"), but not Barr or any other person, firm, or corporation, shall be released and fully and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiffs or any member or members of the Class who have not timely excluded themselves from the Class Action (including any of their past, present or future officers, directors, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors or successors), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of any conduct alleged in the Class Action or otherwise relating to the facts, occurrences, transactions, or other matters alleged in the Class Action and any damages or other harm allegedly resulting therefrom (the "Released Claims"). The Released Claims do not include any claims relating to any product defect, breach of contract, or similar claim relating to Ovcon 35 or Femcon not directly related to the facts, occurrences, transactions, or other matters alleged in the Class Action. (The reference to Femcon is not intended to limit the scope of the Released Claims for any acts, occurrences, transactions or other matters alleged in, or otherwise relating

9

to, the Class Action.) Each member of the Class hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any Released Party based, in whole or in part, on any of the Released Claims.

(b) In addition, as to the Warner Chilcott Defendants, each Class member hereby expressly waives and releases, upon the Settlement Agreement's becoming final, any and all provisions, rights, benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. **General Release: extent**. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 11, but each Class member hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of this paragraph 11 whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Class member also hereby expressly waives and fully, finally and forever settles and releases any and all claims it may have against the Warner Chilcott Defendants under § 17200, *et seq.*, of the California Business and Professions Code, which claims are expressly incorporated into this paragraph 11.

12. **Reservation of Claims.** The Class members intend by this Settlement Agreement

to settle with and release only the Released Parties that such Class members have released pursuant to paragraph 11 hereof, and the parties do not intend this Settlement Agreement, any part hereof or any other aspect of the proposed settlement or release, to release or otherwise affect in any way any rights a Class member has or may have against Barr or any other party or entity whatsoever other than the Released Parties with respect to the Released Claims pursuant to paragraph 11 hereof.

13. **Most Favored Nations Provision.** If, prior to the Expiration Date specified in the second sentence of this paragraph, the Class settles or compromises the claims it is prosecuting against Barr in the Class Action by accepting less than nine million dollars ($9,000,000) in monetary compensation from Barr, then the Class shall reimburse the Warner Chilcott Defendants for the difference between the amount paid to the Class by the Warner Chilcott Defendants and the amount paid to the Class by Barr. The obligation contained in this paragraph shall expire and be of no further force or effect upon the earlier of: (i) sixty (60) days following the Court's determination of any motions for summary judgment; (ii) July 31, 2008; or (iii) sixty (60) days prior to the opening trial date as contained in a Court order (the "Expiration Date").

14. **Cooperation Provision**. The Warner Chilcott Defendants also agree to negotiate in good faith and then produce to Plaintiffs a reasonable and limited production of documents sufficient to evidence (a) the launch of the authorized generic of Estrostep FE, and (b) Warner Chilcott's internal analysis, if any, of the economics of that launch. In addition, should the Plaintiffs' claims come to trial, the Warner Chilcott Defendants also agree (a) to supply Plaintiffs with certifications pursuant to Rule 902(11) of the Federal Rules of Evidence, for a reasonable number of the documents that the Warner Chilcott Defendants produced in discovery during the

11

Class Action and/or pursuant to this paragraph, (b) to produce current or former Warner Chilcott employees at trial only pursuant to a subpoena valid and unobjectionable in all respects under Fed. R. Civ. P. 45, or an order of a court of appropriate jurisdiction, and (c) that Professors Henry Grabowski and John Hauser, experts retained in this Class Action by the Warner Chilcott Defendants only, will not testify on behalf of any party, and that their reports and testimony are hereby withdrawn from the Class Action.

15. **Withdrawal From or Modification of the Settlement Fund**. If, after notice of the Settlement is sent to the Class, (a) any of Class members AmerisourceBergen Corp., Cardinal Health, Inc., or McKesson Corp. exclude themselves from the Class, or (b) seven (7) or more of the Class members exclude themselves from the Class, then the Warner Chilcott Defendants may withdraw from or seek to modify the Settlement, provided however, that any such election must be made by the Warner Chilcott Defendants in writing within ten (10) business days following the later of (i) the deadline for Class members to exclude themselves from the Class, or (ii) the last date on which Plaintiffs provide Warner Chilcott with notice of an exclusion. Plaintiffs agree to provide the Warner Chilcott Defendants with all exclusions within three (3) business days of receipt. If the Warner Chilcott Defendants withdraw from the Settlement under these circumstances, the Settlement Agreement shall be cancelled and terminated.

16. **Effect of Disapproval**. If the Court declines to finally approve this Settlement Agreement, or if such approval is set aside on appeal or materially modified, or if the Court does not enter the Final Judgment in substantially the form provided for in paragraph 4, or if the Court enters the Final Judgment and appellate review is sought, and on such review, the Final Judgment is not affirmed or is affirmed with material modification, then this Settlement

Agreement shall be terminated upon the election of the Warner Chilcott Defendants or the Plaintiffs, acting through their counsel. A modification or reversal on appeal of any amount of Class counsel's fees and expenses awarded by the Court from the Settlement Fund, or the amount of an incentive award to the named representative Plaintiffs, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such Final Judgment and shall not give rise to any right of termination.

17. **Termination**. In the event that the Settlement Agreement is terminated pursuant to paragraph 15 or 16, or for any reason does not become final in accordance with the terms of paragraph 5 hereof, then (a) this Settlement Agreement shall be of no force or effect, except for payment of notice and administrative fees and costs from the Settlement Fund, (b) the Settlement Fund, including any and all interest earned thereon, shall be returned to the Warner Chilcott Defendants less only the costs incurred in giving notice to the Class and administering the Settlement, and (c) any release pursuant to paragraph 11 above shall be of no force or effect.

18. **Preservation of Rights**. The parties hereto agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by the Warner Chilcott Defendants, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Class Action or in any other action or proceeding. The parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

19. **Stay and Resumption of Proceedings**. The parties agree, subject to the approval

of the Court, that proceedings in the Class Action against the Warner Chilcott Defendants only (and not against Barr) shall be stayed. In the event that the Settlement Agreement is not approved by the Court or the Settlement does not become final pursuant to paragraph 5, proceedings involving the Warner Chilcott Defendants will resume in the Class Action, in a reasonable manner to be approved by the Court.

20. **Binding Effect**. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors of the parties hereto and to the Released Parties. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and their counsel shall be binding upon all members of the Class.

21. **Modifications to Agreement**. This Settlement Agreement shall not be modified in any respect except by a writing executed by all parties hereto.

22. **Independent Settlement**. This Settlement of the claims against the Warner Chilcott Defendants in this Class Action is entirely independent of all other cases and is not conditioned on approval by any other Plaintiffs or settlement of any other case.

23. **Headings**. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

24. **No Party is the Drafter**. None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

25. **Choice of Law**. All terms of this Settlement Agreement shall be governed by and

interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflicts of laws principles.

26. **Consent to Jurisdiction**. The Warner Chilcott Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the District of Columbia, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein.

27. **No Admission**. Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by the Plaintiffs, the Class or the Warner Chilcott Defendants including, without limitation, that the Warner Chilcott Defendants have engaged in any conduct or practices that violate any antitrust statue or other law.

28. **Execution in Counterparts**. This agreement may be executed in counterparts. Facsimile or electronic signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this agreement and filed with the Court.

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement of the date first herein above written.

*[signature: Peter C. Thomas]*

Peter C. Thomas
**Simpson Thacher & Bartlett, LLP**
601 Pennsylvania Avenue, N.W.
North Building
Washington, DC 20004
Phone:   (202) 220-7735
Fax:       (202) 220-7702

*On Behalf of Defendants, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd.*

*[signature]*

Daniel Berger
Eric L. Cramer
Ellen T. Noteware
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA  19103
Phone:  (215) 875-3000
Fax:      (215) 875-4604

*[signature: Linda Nussbaum /ELC]*

Linda P. Nussbaum
**Kaplan Fox & Kilsheimer LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022
Phone:  (212) 687-1980
Fax:      (212) 687-7714

*On Behalf of the Executive Committee for the Direct Purchaser Class*

16