IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>                    Defendants. | No. 05 Civ. 2195 (CKK) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED
SETTLEMENT WITH THE WARNER CHILCOTT DEFENDANTS,
CLARIFYING THE CLASS DEFINITION, AUTHORIZING NOTICE
TO THE CLASS AND SETTING A HEARING DATE**

Upon consideration of the Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd. Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc. and Galen (Chemicals), Ltd. (collectively "Warner Chilcott" or the "Warner Chilcott Defendants"), the attachments thereto and the submissions of the parties, it is hereby ORDERED as follows:

1.     The Court finds that the proposed settlement with Warner Chilcott, as set forth in the Settlement Agreement dated November 28, 2007 (the "Settlement Agreement"), subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the class which the Court has previously certified as:

> All persons or entities in the United States who purchased Ovcon 35 directly from Warner Chilcott at any time during the period April 22, 2004 through December 31, 2006. Excluded from the Class are Defendants and their officers, directors, management, and employees, subsidiaries or affiliates, and all governmental entities. Also excluded are hospitals, universities and clinics.

The Class definition shall be amended in conformance with the Settlement Agreement to exclude any claims asserted, whether by assignment or otherwise, by the following additional entities: Walgreen Co., Eckerd Corporation, Maxi Drug, Inc. d/b/a Brooks Pharmacy, Albertson's Inc., The Kroger Co., Safeway, Inc., Hy-Vee, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp.

2.  Upon review of the record, the Court finds that the proposed Settlement between the Direct Purchaser Class Plaintiffs and the Warner Chilcott Defendants, which was arrived at by arm's-length negotiations by experienced counsel with the assistance of Magistrate Judge Kay as mediator, falls within the range of possible approval, and is hereby preliminarily approved.

3.  The Court likewise approves the form of notice attached to Plaintiffs' Motion for Preliminary Approval as Exhibit 1 (the "Notice") for dissemination to the Class.

4.  The Court finds that the mailing of the Notice to Class members identified in Warner Chilcott's business records constitutes the best notice practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23, and the due process requirements of the Constitution of the United States.

Within 30 days from the date of entry of this Order, the Notice shall be mailed by first class mail, postage prepaid, to all members of the Class identified in Warner Chilcott's business records ("Notice Date").

5. Class Counsel are hereby directed to identify and maintain an address to receive requests from persons and entities seeking to exclude themselves from the Settlement Class. Class Counsel must identify the address in the Notice prior to mailing, providing or distributing any Notice pursuant to Paragraph 5 hereof.

6. All requests for exclusion from the Class must be postmarked no later than forty-five (45) days after the Notice Date and must otherwise comply with the requirements set forth in the Notice.

7. Any member of the Class who objects to the terms of the settlement with the Warner Chilcott Defendants must do so in writing. The objection must include the caption of this case, be signed, and be postmarked no later than twenty (20) days prior to the date scheduled for the Fairness Hearing and shall otherwise comply with the requirements set forth in the Notice.

8. Class Counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement thirty (30) days prior to the Fairness Hearing.

9. Ten (10) days before the date fixed by this Court for the Fairness Hearing, Class Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for Warner Chilcott, affidavits or declarations of the person under whose general direction the mailing of the Notice, showing that mailing was made in accordance with this Order.

10. The Court will hold a Fairness Hearing before the undersigned Judge on _____ at _____, at \_\_\_\_\_ (after the time periods referenced in 28 U.S.C. § 1715 have lapsed, and its provisions complied with) to determine the fairness, reasonableness, and adequacy of the proposed partial settlement with the Warner Chilcott Defendants. Any Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. The Fairness Hearing may be conducted without further notice to the Settlement Class.

11. The Court approves the establishment of an escrow account, as a "qualified settlement fund" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Class Counsel, in accordance with the Settlement Agreement, are authorized to expend funds from the escrow account to pay Taxes, Tax Expenses and notice and administration costs.

12. EPIQ Systems is approved to serve as Claims Administrator for the settlement with the Warner Chilcott Defendants.

13. The litigation by the Direct Purchaser Class Plaintiffs against the Warner Chilcott Defendants in this action is hereby stayed, pending further order of the Court.

This_____ day of _____, 2007

_____
COLLEEN KOLLAR-KOTELLY, U.S.D.J.