<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA</u>

# If you bought Ovcon 35 directly from Warner Chilcott, you could get a payment from a class action settlement.

*A federal court authorized this notice.  It is not a solicitation from a lawyer.*

- Direct Purchasers of Ovcon 35 have sued Warner Chilcott and Barr Pharmaceuticals, saying that Warner Chilcott and Barr violated antitrust laws relating to the sale of Ovcon 35.

- This Court has allowed the lawsuit to be brought as a class action on behalf of certain entities that purchased Ovcon 35 directly from Warner Chilcott at any time between April 22, 2004 and December 31, 2006.

- A partial settlement will provide $9 million to resolve the Direct Purchasers' claims against Warner Chilcott only.  It will not resolve the claims against Barr.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT AND SETTLEMENT | |
|---|---|
| **DO NOTHING** | Keep the right to get a share of the settlement with Warner Chilcott and of any recovery that may come from a trial or a settlement with Barr.  Give up any rights to sue Warner Chilcott or Barr separately about the same legal claims in this lawsuit. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Warner Chilcott or Barr relating to the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement with Warner Chilcott. |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the settlement with Warner Chilcott. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement with Warner Chilcott, and if it does not, the lawyers must prove the claims against Warner Chilcott at trial.  The lawyers also must prove the claims against Barr at trial.  A trial date has not been set.

- If a recovery is obtained for the Class after the claims against Warner Chilcott and Barr and any appeals are resolved, you will be notified about how to ask for a share.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ……………………………………………………….. **PAGE 3**
  1. Why did I get this notice?
  2. What is this lawsuit about?
  3. What is a class action?
  4. Why is this lawsuit a class action?
  5. Why is there a settlement with Warner Chilcott?

**WHO IS IN THE CLASS AND SETTLEMENT**………………………….……… **PAGE 4**
  6. Am I part of the Class and the settlement with Warner Chilcott?

**THE SETTLEMENT BENEFITS—WHAT YOU GET**………………….……… **PAGE 4**
  7. What does the settlement with Warner Chilcott provide?
  8. How much will my payment be?
  9. When would I get a payment?
  10. How can I get a payment?

**IF YOU DO NOTHING**……………………………………………………….. **PAGE 5**
  11. What happens if I do nothing at all?

**EXCLUDING YOURSELF FROM THE CLASS AND SETTLEMENT**………..… **PAGE 5**
  12. Why would I ask to be excluded?
  13. How do I get out of the Class and the settlement with Warner Chilcott?
  14. If I don't exclude myself, can I sue Warner Chilcott or Barr for the same thing later?
  15. If I exclude myself, can I get money from the settlement?

**OBJECTING TO THE SETTLEMENT**….. ……………………………………….. **PAGE 6**
  16. How do I tell the Court that I don't like the settlement with Warner Chilcott?
  17. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**….. …………………….…………….. **PAGE 7**
  18. When and where will the Court decide whether to approve the settlement?
  19. Do I have to come to the hearing?
  20. May I speak at the hearing?

**THE TRIAL** …………………………………………………………………… **PAGE 7**
  21. How and when will the Court decide who is right?
  22. Do I have to come to the trial?

**THE LAWYERS REPRESENTING YOU** ……………………………………….. **PAGE 8**
  23. Do I have a lawyer in this case?
  24. Should I get my own lawyer?
  25. How will the lawyers be paid?

**GETTING MORE INFORMATION** ……………………………………………… **PAGE 8**
  26. How do I get more information?

# BASIC INFORMATION

## 1. Why did I get this notice?

You received this notice because you may have purchased Ovcon 35 directly from Warner Chilcott between April 22, 2004 and December 31, 2006.

This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. This notice explains the lawsuit, the partial settlement, and the legal rights and options that you may exercise before the Court decides whether to approve the settlement and holds a trial.

## 2. What is this lawsuit about?

The lawsuit claims that Warner Chilcott and Barr violated federal antitrust laws by illegally delaying the entry of generic Ovcon 35. The lawsuit claims that in exchange for payment, Barr agreed not to market its generic Ovcon 35 in competition with Warner Chilcott's Ovcon 35. The lawsuit claims that these actions denied direct purchasers of Ovcon 35 the benefits of competition and caused them to pay higher prices for Ovcon 35.

Warner Chilcott and Barr deny that they did anything wrong and say that any conduct they engaged in was reasonable and based upon independent, legitimate business and economic justifications, without the purpose or effect of injuring competition. They also say that their actions have had pro-competitive effects that benefitted competition and consumers.

The lawsuit asks the Court to declare that Warner Chilcott's and Barr's actions were an unlawful restraint of trade and award damages representing three times the amount that was overpaid as a result of the delayed entry of generic Ovcon 35, plus interest, attorneys' fees and costs.

The Court has not yet decided whether Warner Chilcott or Barr violated any laws. The settlement with Warner Chilcott is not an admission of wrongdoing or an indication that any law was violated.

The class action is known as *Meijer, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.,* Civil Action No. 05-2195 (CKK). Judge Colleen Kollar-Kotelly of the United States District Court for the District of Columbia is overseeing this class action.

## 3. What is a class action?

In a class action, one or more entities called "Class Representatives" sue on behalf of other entities with similar claims. In this case, there are seven Class Representatives: Meijer, Inc.; Meijer Distribution, Inc.; Louisiana Wholesale Drug Co., Inc.; Rochester Drug Co-operative, Inc.; American Sales Company, Inc.; SAJ Distributors, Inc.; and Stephen L. LaFrance Holdings, Inc.

The Class Representatives and the entities on whose behalf they have sued are together a "Class" or "Class Members." They are also called the Plaintiffs.

The companies that have been sued are called the Defendants. In this case, there are six Defendants: Warner Chilcott Holdings Company III, Ltd.; Warner Chilcott Corporation; Warner Chilcott (US), Inc.; Warner Chilcott Company, Inc.; Galen (Chemicals), Ltd. (together "Warner Chilcott"); and Barr Pharmaceuticals, Inc. ("Barr").

In a class action lawsuit, one court resolves the issues for everyone in the Class – except for those who exclude themselves from the Class, as described on pages five and six.

### 4. Why is this lawsuit a class action?

The Court has decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

Specifically, the Court has found that:

- There are likely thirty members of the Class with common legal or factual issues relating to the claims in this case.
- The claims of the Class Representatives are typical of the claims of the rest of the Class.
- The Class Representatives and the lawyers representing the Class will fairly and adequately protect the Class's interests.
- The common legal questions and facts are more important than questions affecting only individual members of the Class, and this class action will be more efficient than individual lawsuits.

### 5. Why is there a settlement with Warner Chilcott?

The Court did not decide in favor of Plaintiffs or Warner Chilcott. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial against each other, and the entities affected will get compensation. The Class Representatives and the attorneys think that the settlement with Warner Chilcott is best for all Class Members.

## WHO IS IN THE CLASS AND SETTLEMENT

To see if you are in the Class, and if you will get money from the settlement with Warner Chilcott, you first have to decide if you are a Class Member.

### 6. Am I part of the Class and the settlement with Warner Chilcott?

Judge Kollar-Kotelly has decided that all entities in the United States that purchased Ovcon 35 directly from Warner Chilcott at any time between April 22, 2004 and December 31, 2006 are Class Members. She excluded from the class hospitals, universities and clinics, as well as the Defendants and their officers, directors, management, employees, subsidiaries and affiliates. Also excluded are certain retail pharmacy chains that have excluded themselves from the Class and have brought claims in their own right or by assignment from Class Members. Those excluded retail pharmacy chains are Walgreen Co.; Eckerd Corporation; Maxi Drug, Inc. d/b/a Brooks Pharmacy; Albertson's Inc.; The Kroger Co.; Safeway, Inc.; Hy-Vee, Inc.; CVS Pharmacy, Inc.; Rite Aid Corporation; and Rite Aid Hdqtrs. Corp. If you are not sure whether you are included, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in question 24 below.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 7. What does the settlement with Warner Chilcott provide?

Warner Chilcott has agreed to contribute $9 million into a settlement fund to be divided among Class Members after the claims against all Defendants and any appeals are resolved. Class

Counsel will apply to the Court for an award of attorneys' fees and expenses, incentive awards to the Class Representatives, and payment for costs of administering the settlement from the fund.

The $9 million contribution may be reduced if the Direct Purchasers choose to accept less than $9 million to settle their claims against Barr before a certain agreed-upon time period expires. In addition, Warner Chilcott may terminate the settlement if certain class members with relatively large claims or a certain number of Class Members exclude themselves from the Class.

### 8. How much will my payment be?

Your share of the settlement fund will depend on the amount of Ovcon 35 you directly purchased from Warner Chilcott between April 22, 2004 and December 31, 2006 and the amount of generic Ovcon 35 you purchased when it became available. Those who purchased more brand Ovcon 35 during that period and more generic Ovcon 35 after it came to market will get more money.

Your share of the settlement fund will also depend on the number of valid claim forms that Class Members send in after the claims against both Warner Chilcott and Barr are resolved. If less than 100% of the Class sends in a claim form, you could get a larger pro rata share of the settlement fund.

The benefits available under the settlement with Warner Chilcott will become available only if the Court grants final approval to the settlement.

### 9. When would I get payment?

Payments will not be made until all claims against Warner Chilcott and Barr, and any appeals, are resolved. This could take more than a year.

### 10. How can I get a payment?

If you remain in the Class, you will be notified about how to ask for a share of the settlement with Warner Chilcott after the claims against Barr are also resolved through a settlement or a trial.

## IF YOU DO NOTHING

### 11. What happens if I do nothing at all?

If you do nothing, you remain in the Class. You will keep the right to get a share of the settlement with Warner Chilcott and of any recovery that may come from a trial or settlement with Barr. You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Warner Chilcott or Barr about the legal issues in this case. All of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE CLASS AND SETTLEMENT

### 12. Why would I ask to be excluded?

If you do not want a payment from this settlement or from any recovery that may come from a trial or settlement or Barr, and you instead want to keep the right to sue or continue to sue Warner Chilcott or Barr, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Class and the Settlement.

If you start your own lawsuit against Warner Chilcott or Barr after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Warner Chilcott or Barr, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

### 13. How do I get out of the Class and the settlement with Warner Chilcott?

To exclude yourself from the Class and the settlement, you must send a letter by first class U.S. mail saying that you want to be excluded from *Meijer v. Warner Chilcott*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked on or before **Month 00, 2008,** to: Ovcon 35 Exclusions, FIRM, STREET ADDRESS, CITY, STATE, ZIP.

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any payment from the settlement with Warner Chilcott or from any recovery that may come from a trial or settlement or Barr, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Warner Chilcott or Barr in the future about the legal issues in this case.

### 14. If I don't exclude myself, can I sue Warner Chilcott or Barr for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Warner Chilcott or Barr for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately, because you must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **Month 00, 2008.**

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not get a share of the settlement with Warner Chilcott. You also will not get a share of any recovery that may come from a trial or settlement with Barr.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement with Warner Chilcott or some part of it.

### 16. How do I tell the Court that I don't like the settlement with Warner Chilcott?

If you're a Class Member, and you do not exclude yourself, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via first class U.S. mail saying that you object to *Meijer v. Warner Chilcott*. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection no later than **Month 00, 2008,** to: Ovcon 35 Objections, FIRM, STREET ADDRESS, CITY, STATE, ZIP.

### 17. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to

be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement with Warner Chilcott. You may attend and you may ask to speak, but you don't have to.

### 18. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 00:00 on DAY, MONTH 00, 2008, at the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, DC 20001. At this hearing, the Court will consider whether the settlement with Warner Chilcott is fair, reasonable and adequate. If there are objections, the Court will consider them. Judge Kollar-Kotelly will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer questions that Judge Kollar-Kotelly may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter via first class U.S. mail saying that it is your "Notice of Intention to Appear in *Meijer v. Warner Chilcott*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **Month 00, 2008,** and must be sent to: Ovcon 35 Appearances, FIRM, STREET ADDRESS, CITY, STATE, ZIP. You cannot speak at the hearing if you exclude yourself.

## THE TRIAL

### 21. How and when will the Court decide who is right?

If the claims against Barr are not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims against Barr at a trial. If the Court does not approve the settlement with Warner Chilcott, Class Counsel also will have to prove the Plaintiffs' claims against Warner Chilcott at trial. The Court has not set a trial date. During the trial, a judge or jury will hear all of the evidence to help them reach a decision about whether the Plaintiffs' claims or the Defendants' defenses are valid. There is no guarantee that the Plaintiffs will win, or that they will get a recovery for the Class.

### 22. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and the Defendants will present their defenses. You or your own lawyer are welcome to attend the trial at your own expense.

Case 1:05-cv-02195-CKK    Document 158-5    Filed 12/07/2007    Page 8 of 8

## THE LAWYERS REPRESENTING YOU

### 24. Do I have a lawyer in this case?

Judge Kollar-Kotelly has decided that the lawyers listed below are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies. The lawyers are:

Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
www.bergermontague.com

Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.,
Suite 800
Washington, D.C. 20015
www.bsfllp.com

Garwin Gerstein & Fisher, LLP
1501 Broadway, Suite 1416
New York, NY 10011
(212) 398-0055
www.garwingerstein.com

Hagens Berman Sobol & Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
(617) 482-3700
www.hagens-berman.com

Kaplan Fox & Kilsheimer LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
(212) 687-1980
www.kaplanfox.com

RodaNast, P.C.
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000
www.rodanast.com

### 25. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense.

### 26. How will the lawyers be paid?

If the Court approves the settlement with Warner Chilcott, or if Class Counsel otherwise gets a recovery for the Class from Warner Chilcott or Barr, the Court will be asked to approve a fee to the lawyers and reimbursement for the expenses they have paid. You will not have to pay these fees and expenses. If the Court grants Class Counsels' requests, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by Warner Chilcott and Barr.

## GETTING MORE INFORMATION

### 27. How do I get more information?

If you have questions about this case or want to get additional information, you may call or write to, or visit the websites of, any of the lawyers listed in question 24.

## PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.

DATE: MONTH XX, 2008                                    BY THE COURT

                                                        Honorable Colleen Kollar-Kotelly
                                                        United States District Judge