**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MEIJER, INC., *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WARNER CHILCOTT HOLDINGS )<br>COMPANY III, LTD., *et al.*, )<br>)<br>Defendants. ) | Civ. Action No. 1:05-CV-02195-CKK<br><br>Judge Colleen Kollar-Kotelly |
| WALGREEN CO., *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WARNER CHILCOTT HOLDINGS )<br>COMPANY III, LTD., *et al.*, )<br>)<br>Defendants. ) | Civ. Action No. 1:06-CV-00494-CKK<br><br>Judge Colleen Kollar-Kotelly |
| CVS PHARMACY, INC., *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WARNER CHILCOTT HOLDINGS )<br>COMPANY III, LTD., *et al.*, )<br>)<br>Defendants. ) | Civ. Action No. 1:06-CV-00795-CKK<br><br>Judge Colleen Kollar-Kotelly |
| STATE OF COLORADO, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WARNER CHILCOTT HOLDINGS )<br>COMPANY III, LTD., *et al.*, )<br>)<br>Defendants. ) | Civ. Action No. 1:05-CV-02182-CKK<br><br>Judge Colleen Kollar-Kotelly |

**BARR'S MOTION TO STRIKE, OR, IN THE ALTERNATIVE,
FOR LEAVE TO FILE ADDITIONAL PAGES AND FOR EXTENSION OF TIME
TO FILE REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Barr Pharmaceuticals, Inc. ("Barr") hereby moves to strike State Plaintiffs' Opposition to Barr's Motion for Summary Judgment and Direct Purchaser Plaintiffs' Opposition to Barr's Motion for Summary Judgment. Should the Court deny Barr's Motion to Strike, Barr moves, in the alternative, for leave to file a 35-page Reply in Support of Its Motion for Summary Judgment ("Reply Brief") in the above-captioned litigations, and for an extension of time to file its Reply Brief to February 1, 2008. In support of its motion, Barr states:

1. On October 1, 2007, this Court set the briefing schedule for Motions for Summary Judgment in the above-captioned litigations. (*See*, *e.g.*, *State of Colorado, et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, 1:05-CV-02182-CKK-AK, D.E. # 130.) In a Minute Order, this Court stated that "[t]o the extent that the parties' motions for summary judgment involve common issues of law and fact, the parties are required to file a single set of briefs addressing such issues. The parties shall supplement that common briefing with any additional issues of law and facts specific to their individual actions; however, the Court shall not consider four sets of duplicative briefs." (*Id.*)

2. On November 14, 2007, the parties filed their Motions for Summary Judgment. Pursuant to the Court's Order, Barr filed a single brief moving for summary judgment against all four above-captioned actions, and State Plaintiffs and Direct Purchaser Plaintiffs (*i.e.*, plaintiffs in the *Meijer*, *Walgreen*, and *Rite-Aid* litigations) (collectively, "Plaintiffs") filed a single brief moving for summary judgment against Barr.

3. On December 19, 2007, Barr filed a single brief in opposition to State Plaintiffs' Motion for Summary Judgment and Direct Purchaser Plaintiffs' Motion for Partial Summary Judgment. State Plaintiffs and Direct Purchaser Plaintiffs, however, in direct

2

contravention of this Court's October 1, 2007 Order, filed two separate, and duplicative, briefs in opposition to Barr's Motion for Summary Judgment.

        4.    State Plaintiffs' and Direct Purchaser Plaintiffs' briefs address the same issues of law, and, in many cases, use virtually identical language to do so.[1] (*Compare*, *e.g.*, Direct Purchaser Pls.' Memo. in Opp'n to Barr's Mot. for Summary J. ("DPPs' Opp'n"), at 1-4; *with* State Pls.' Memo. in Opp'n to Barr's Mot. for Summary J. ("State Pls.' Opp'n"), at 1-2 (in which Plaintiffs, in their respective briefs, summarize their (identical) arguments in opposition to Barr's Motion for Summary Judgment: (1) characterizing Defendants' Agreement as a horizontal market allocation agreement, stating that Plaintiffs are not "asking the Court to create a new *per se* rule," and arguing that the fact that Defendants "agreed to *other* terms does not save [their agreement] from illegality"; (2) stating that "even if the Court declines to apply the *per se* rule, and instead applies a rule of reason analysis, Barr would not be entitled to summary judgment"; (3) alleging that generic Ovcon is the only oral contraceptive that "threatened Warner Chilcott with the loss of substantial sales" due to price competition; and (4) claiming that Barr's procompetitive effects are legally insufficient or factually disputed.).) Moreover, Plaintiffs make no effort to state in their respective briefs their justification for filing separate briefs in opposition to Barr's single motion, *i.e.*, what issues of law are specific to their individual actions.[2]

---

[1]    It is apparent, even from a brief look at the Tables of Contents in each of Plaintiffs' briefs, that State Plaintiffs and Direct Purchaser Plaintiffs are making the same arguments but in separate briefs. (*See*, Tables of Contents for DPPs' Opp'n and State Pls.' Opp'n (where many of Plaintiffs' headings and subheadings are worded identically: "The Agreement Is A *Per Se* Violation Of The Sherman Act," "Horizontal Market-Allocation Agreements Are Illegal *Per Se*," "Barr's Output And Sampling Arguments Are Legally Flawed And Ignore Contrary Evidence," and "Whether The Agreement's Alleged Procompetitive Benefits Outweigh Its Substantial Harm Is A Jury Question.").)

[2]    The single issue that is specific to Direct Purchaser Plaintiffs' brief is their standing argument. To the extent that Plaintiffs felt that this argument needed to be addressed in a separate brief, however, Plaintiffs should have

5. State Plaintiffs' and Direct Purchaser Plaintiffs' opposition briefs address common issues of law and fact and are duplicative.[3] These duplicative briefs total over 70 pages.

6. In light of the fact that Plaintiffs submitted two duplicative briefs addressing the same issues of law and fact and in response to the same Motion for Summary Judgment in direct contravention of this Court's Order, Barr respectfully requests that Plaintiffs' duplicative motions be stricken and that they be required to file a single brief addressing common issues of law and fact (along with supplemental brief(s) addressing any additional issues of law specific to their respective actions).

7. Should the Court deny Barr's Motion to Strike, Barr respectfully requests, in the alternative, that it be granted leave to file a single 35-page Reply In Support of Its Motion for Summary Judgment, and in response to Plaintiffs' respective opposition briefs. Barr further requests that it be granted a two-week extension of time to file its Reply to Plaintiffs' respective briefs to February 1, 2008.

8. Barr has conferred with Plaintiffs' counsel pursuant to LCvR 7(m), and states that while Plaintiffs oppose Barr's Motion to Strike, they do not oppose Barr's Motion for Leave to File Additional Pages and For an Extension of Time.

---

jointly briefed their common issues of law in a single brief, with Direct Purchaser Plaintiffs filing a supplemental brief addressing their standing argument. (*See* Oct. 1, 2007 Order ("The parties shall supplement that common briefing with any additional issues of law and facts specific to their individual actions; however, the Court shall not consider four sets of duplicative briefs.").)

[3] It cannot be disputed that Plaintiffs' briefs address common issues of fact. Plaintiffs filed a "Joint Opposition to Barr's L. Civ. R. 56.1 Statement of Facts and Counterstatement of Material Facts," as well as five-volume Joint Appendix filed in support of their "Respective Memoranda of Points and Authorities in Opposition to Barr's Motion for Summary Judgment."

Dated: December 21, 2007                              Respectfully submitted,

                                                */s/ Karen N. Walker*

                                    Karen N. Walker (D.C. Bar # 412137)
                                    Mark L. Kovner (D.C. Bar # 430431)
                                    Patrick M. Bryan (D.C. Bar # 490177)
                                    Eunnice H. Eun (D.C. Bar # 500203)
                                    KIRKLAND & ELLIS LLP
                                    655 Fifteenth Street, N.W., Suite 1200
                                    Washington, DC 20005
                                    Tel.  (202) 879-5000
                                    Fax  (202) 879-5200

                                    *Counsel for Barr Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of December 2007, I caused a copy of Barr's Motion for Leave to Exceed Reply Brief Page Limitations and for Extension of Time to File Reply in Support of Motion for Summary Judgment, to be served by ECF and e-mail upon the contact attorneys listed below.

                                                            _____
                                                            Eunnice H. Eun

| | |
|---|---|
| Devin M. Laiho<br>STATE OF COLORADO<br>1525 Sherman Street, 5th Floor<br>Denver, CO 80203<br>(303) 866-5079 | Linda P. Nussbaum<br>KAPLAN FOX & KILSHEIMER LLP<br>805 Third Avenue, 22nd Floor<br>New York, NY 10022<br>(212) 687-1980 |
| Scott E. Perwin, Esq.<br>KENNY NACHWALTER, P.A.<br>110 Miami Center<br>201 South Biscayne Blvd.<br>Miami, FL 33131<br>(305) 373-1000 | Monica Rebuck<br>HANGLEY ARONCHICK SEGAL<br>    & PUDLIN, P.C.<br>30 North Third Street<br>Harrisburg, PA 17101-1701<br>(717) 364-1030 |