UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>　　　　　　　　Defendants | Civil Action No. 05-2195 (CKK) |

**[PROPOSED] ORDER APPROVING SETTLEMENT BETWEEN THE
DIRECT PURCHASER PLAINTIFFS AND THE WARNER CHILCOTT
DEFENDANTS ONLY AND FINAL JUDGMENT AS TO THE WARNER
CHILCOTT DEFENDANTS**

After a final fairness hearing before this Court on June 27, 2008, as to the settlement between Plaintiffs Meijer, Inc., Meijer Distribution, Inc., Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., American Sales Company, Inc., SAJ Distributors, Inc., and Stephen L. LaFrance Holdings, Inc. (collectively, the "Direct Purchaser Class Plaintiffs" or the "Plaintiffs") and Defendants Warner Chilcott Public Limited Company, Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Galen (Chemicals), Ltd. (collectively "the Warner Chilcott Defendants"), it is hereby ORDERED that:

1

1. This Court has jurisdiction over the claims of the Plaintiffs, the Class,[1] and the Warner Chilcott Defendants.

2. As required by this Court in its January 2, 2008 Order Preliminarily Approving the Proposed Settlement, notice of the Settlement[2] was sent, via first class mail, to all entities that were identified as potential Class members in the Warner Chilcott Defendants' business records. Such notice to the Class fully complied with Rule 23(e) of the Federal Rules of Civil Procedure and due process of law, and was the best notice under the circumstances.

3. The Settlement Agreement (attached as Exhibit A to this Order) was the result of bona fide and arm's length negotiations conducted in good faith between Class Counsel and counsel for the Warner Chilcott Defendants.

4. The Court held a hearing on June 27, 2008, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement and has been advised that there are no opt-outs from or objections to the Settlement.

5. The Court finds that the Settlement Agreement and its terms are fair, reasonable, and adequate as to Plaintiffs and the Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and this Court directs consummation of the Settlement pursuant to its terms.

---

[1] All persons and entities in the United States who purchased Ovcon 35 directly from Defendants at any time during the period April 22, 2004 through December 31, 2006. Excluded from the Class are Defendants and their officers, directors, subsidiaries or affiliates, all governmental entities, hospitals, universities and clinics. Also excluded are Walgreens Co., Eckerd Corporation, Maxi Drug, Inc. dba Brooks Pharmacy, Albertson's Inc., The Kroger Co., Safeway, Inc., Hy-Vee, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp.

[2] Unless otherwise noted, capitalized terms are used herein as defined in the Direct Purchaser Plaintiffs' Memorandum of Points and Authorities In Support of their Motion for Final Approval of Partial Settlement With Warner Chilcott Defendants Only or in the Settlement Agreement between Direct Purchaser Plaintiffs and the Warner Chilcott Defendants, dated November 28, 2007.

6. This Action shall be dismissed with prejudice, and, except as provided for in the Settlement Agreement, without costs, against the Warner Chilcott Defendants only.

7. The Plaintiffs, the Class, and the Warner Chilcott Defendants are bound by all the terms and conditions of the Settlement Agreement, which are hereby incorporated into this Order and Final Judgment. The language in paragraph 11 of the Settlement Agreement regarding Releases is hereby incorporated by reference.

8. Since adequate notice of the proceedings was provided to the Class, and all members of the Class had an opportunity to participate in the fairness hearing, this Final Order and Judgment is binding on all members of the Class and preclusive upon all pending and future lawsuits or other proceedings by members of the Class based on or relating to the facts and circumstances underlying the Released Claims.

9. For a period of five years, the Clerk of the Court shall maintain the record of those members of the Class, if any, who have timely excluded themselves from the Class and a certified copy of such records will be provided to the Warner Chilcott Defendants.

10. All members of the Class who have not timely excluded themselves from the Class Action are barred and enjoined from filing or continuing to prosecute any lawsuit, action, or arbitration against the Warner Chilcott Defendants in any jurisdiction based on or relating to the facts and circumstances underlying the Released Claims.

11. The judgment of dismissal of the action pending only against the Warner Chilcott Defendants shall be final and immediately appealable.

12. Without affecting the finality of this Order and Final Judgment, this Court shall retain exclusive jurisdiction over the settlement and the Settlement Agreement, including, but not limited to, the administration and consummation of this Settlement.

13. At the end of the litigation, Class counsel may seek an award from the Settlement Fund of up to $50,000 per representative plaintiff as an incentive award and award attorneys' fees and costs to counsel for Plaintiffs and the Class.

SO ORDERED this ____ day of _____, 2008

_____
Colleen Kollar-Kotelly
United States District Judge